# EXHIBIT A

AO 93C (08/18) SDNY Rev. Warrant by Telephone or Other Reliable Electronic Means   ☐ Original   ☐ Duplicate Original

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>████████████<br>████ and Any Closed Containers and Electronic<br>Devices Contained Therein | Case No. **21 MAG 9110** |

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:   Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the   **Southern**   District of   **New York**
*(identify the person or describe the property to be searched and give its location):*

See Attachment A.

The search and seizure are related to violation(s) of *(insert statutory citations)*:

18 U.S.C. § 1343 (wire fraud); 7 U.S.C. § 9(1) & 17 C.F.R. § 180.1(a) (insider trading in commodities); 15 U.S.C. §§ 78j(b) & 78ff, 17 C.F.R. § 240.10b-5 (insider trading in securities); 18 U.S.C. § 1348 (securities fraud); and 18 U.S.C. §§ 1956 and 1957 (money laundering and money spending)

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment A.

**YOU ARE COMMANDED** to execute this warrant on or before   **October 4, 2021**   *(not to exceed 14 days)*
☒ in the daytime 6:00 a.m. to 10:00 p.m.   ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to _____.
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for ____ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____.

Date and time issued:   **September 20, 2021 03:02 pm**            *[signed]* James L. Cott, United States Magistrate Judge
                                                                    *Judge's signature*

City and state:   **New York, NY**                                  Hon. James L. Cott
                                                                    *Printed name and title*

USAO_SDNY_0000000188

AO 93C  (08/18) Warrant by Telephone or Other Reliable Electronic Means (Page 2)

| **Return** | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name(s) of any person(s) seized: | | |

| **Certification** |
|---|
| I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.<br><br>Date: _____<br><br>_____<br>*Executing officer's signature*<br><br>_____<br>*Printed name and title* |

USAO_SDNY_0000000189

# ATTACHMENT A

## I. Premises to be Searched—Subject Premises

The premises to be searched (the "Subject Premises") are described as follows, and include all locked and closed containers found therein:



[REDACTED] which is located [REDACTED] and may be identified by [REDACTED]

This warrant authorizes the search of the person of Nate Chastain in the event he is located in the Subject Premises at the time the warrant is executed.

The items to be seized from the Subject Premises also include any computer devices, cellphones and storage media that may contain any electronically stored information falling within the categories set forth in Section II.A of this Attachment, including, but not limited to, desktop and laptop computers, cellphones, thumb drives, portable hard drives, discs, and personal digital assistants. In lieu of seizing any such computer devices or storage media, this warrant also authorizes the copying of such devices or media for later review.

## II. Items to Be Seized and Review of Electronically Stored Information

### A. Evidence, Fruits, and Instrumentalities of the Subject Offenses

The items to be seized from the Subject Premises consist of the following evidence, fruits, and instrumentalities of violations of 18 U.S.C. § 1343 (wire fraud); 7 U.S.C. § 9(1) & 17 C.F.R. § 180.1(a) (insider trading in commodities); 15 U.S.C. §§ 78j(b) & 78ff, 17 C.F.R. § 240.10b-5 (insider trading in securities); 18 U.S.C. § 1348 (securities fraud); and 18 U.S.C. §§ 1956 and 1957 (money laundering and money spending) (the "Subject Offenses") described as follows:

1. Evidence relating to Nate Chastain purchasing non-fungible tokens ("NFTs") or other digital items on OpenSea.

2. Evidence relating to which NFTs or other digital items would be featured or displayed on OpenSea's website.

3. Evidence relating to Nate Chastain purchasing, selling, or trading NFTs or other digital items.

4. Evidence relating to Nate Chastain's use of digital wallets, including evidence identifying digital wallets used by or associated with Chastain.

5. Evidence relating to Nate Chastain transferring Ethereum.

6. Evidence relating to Nate Chastain's use of proceeds from the sale of NFTs.

2019.11.19

7. Evidence relating to OpenSea's code of conduct, employee handbook, policies, terms, or agreements concerning the use of company information or property, employees transacting in NFTs, manipulative or deceptive trading, front running, or insider trading.

8. The location of other evidence relating to the commission of the Subject Offenses including emails reflecting registration of online accounts potentially containing evidence of the scheme.

To the extent materials are dated, this warrant authorizes the seizure of materials created, sent, received, or modified between January 1, 2021, and the present.

**B. Unlocking Devices with Biometric Features**

During the execution of the warrant, law enforcement personnel are authorized to obtain from Nate Chastain the display of any physical biometric characteristics (such as fingerprint/thumbprint or facial characteristics) necessary to unlock any electronic device(s), including to (1) press or swipe the fingers (including thumbs) of the aforementioned person(s) to the fingerprint scanner of the device(s); (2) hold the device(s) in front of the face of the aforementioned person(s) to activate the facial recognition feature; and/or (3) hold the device(s) in front of the face of the aforementioned person(s) to activate the iris recognition feature, for the purpose of attempting to unlock the device(s) in order to search the contents as authorized by this warrant.

**C. Review of ESI**

Following seizure of any computer devices and storage media and/or the creation of forensic image copies, law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the ESI contained therein for information responsive to the warrant.

In conducting this review, law enforcement personnel may use various techniques to locate information responsive to the warrant, including, for example:

2019.11.19

USAO_SDNY_0000000191

- surveying various file "directories" and the individual files they contain (analogous to looking at the outside of a file cabinet for the markings it contains and opening a drawer believed to contain pertinent files);

- opening or cursorily reading the first few "pages" of such files in order to determine their precise contents;

- scanning storage areas to discover and possibly recover recently deleted files or deliberately hidden files;

- performing key word searches through all electronic storage areas to determine whether occurrences of language contained in such storage areas exist that are intimately related to the subject matter of the investigation; and

- reviewing metadata, system information, configuration files, registry data, and any other information reflecting how, when, and by whom the computer was used.

Law enforcement personnel will make reasonable efforts to search only for files, documents, or other electronically stored information within the categories identified in Sections II.A of this Attachment. However, law enforcement personnel are authorized to conduct a complete review of all the ESI from seized devices or storage media if necessary to evaluate its contents and to locate all data responsive to the warrant.