```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
                                                                     :
UNITED STATES OF AMERICA,                                            :
                                                                     :
                                                                     :    22-CR-305 (JMF)
            -v-                                                      :
                                                                     :    MEMORANDUM OPINION
NATHANIEL CHASTAIN,                                                  :        AND ORDER
                                                                     :
                        Defendant.                                   :
                                                                     :
-------------------------------------------------------------------- X
```

JESSE M. FURMAN, United States District Judge:

  Defendant Nathaniel Chastain is charged with wire fraud and money laundering relating to his purchase and sale of Non-Fungible Tokens or "NFTs" on OpenSea, an online NFT marketplace. ECF No. 1 ("Indictment"), ¶¶ 1, 3. According to the Indictment, Chastain was a product manager for OpenSea and, in that role, had responsibility for selecting certain NFTs to be featured on OpenSea's homepage. *Id.* ¶¶ 4, 8. In general, the Government alleges, when an NFT is featured on OpenSea's homepage, the values of that NFT and NFTs made by the same creator increase. *Id.* ¶¶ 7-8. The Government further alleges that, between approximately June and September 2021, Chastain purchased dozens of NFTs shortly before they (or other NFTs made by the same creator) were featured on OpenSea's homepage and, shortly after they were featured, sold them for profit. *Id.* ¶¶ 10, 12, 13. In making these purchases and sales, the Government alleges, Chastain "misappropriated OpenSea's confidential business information," namely knowledge of which NFTs were going to be featured when on OpenSea's homepage and, in so doing, committed wire fraud in violation of 18 U.S.C. § 1343. Indictment ¶ 13. The Government further alleges that, to conceal his involvement in buying and selling the featured NFTs, Chastain transferred funds through anonymous Ethereum blockchain accounts and new

Ethereum accounts without any prior history and, in so doing, committed money laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(i).  Indictment ¶ 15.

Chastain now moves, pursuant to Rule 12(b) of the Federal Rules of Criminal Procedure, to dismiss the Indictment on the ground that it "fails to allege the essential elements of the crimes charged."  ECF No. 19 ("Def.'s Mem."), at 6 (cleaned up).[1]  More specifically, Chastain makes three different arguments.  First, he contends, with the support of the New York Council of Defense Lawyers ("NYCDL"), as *amicus curiae*, that Count I, the wire fraud count, must be dismissed because the information that he allegedly misappropriated is not "property" within the meaning of the statute.  Def.'s Mem. 11-19; *see also* ECF No. 20 ("Amicus Mem."), at 3-14.  Second, Chastain argues that Count II, the money laundering count, must be dismissed because the Government fails to allege sufficiently two elements of the crime (namely, the concealment and financial transaction elements) and seeks impermissibly to criminalize the mere movement of money.  Def.'s Mem. 20-25.[2]  Finally, Chastain asserts that Count I, the wire fraud count, must be dismissed because an "'insider trading' wire fraud charge" requires "the existence of trading in securities or commodities."  *Id.* at 6-11 (capitalization altered).

It is well established that "[a] defendant faces a high standard in seeking to dismiss an indictment."  *United States v. White*, No. 17-CR-611 (RWS), 2018 WL 4103490, at *2 (S.D.N.Y. Aug. 28, 2018) (internal quotation marks omitted).  That is because "an indictment is sufficient when it charges a crime with sufficient precision to inform the defendant of the charges he must

---

[1]     In the alternative, he seeks an order, pursuant to Rule 6(e)(3)(E)(ii) of the Federal Rules of Criminal Procedure, requiring the Government to disclose its instructions to the grand jury. *See* Def.'s Mem. 25.

[2]     Chastain also argues that the money laundering count "cannot stand in the absence of the wire fraud count" because the Government must prove that the property at issue represented proceeds of "specified unlawful activity."  *See* Def.'s Mem. 20.

meet and with enough detail that he may plead double jeopardy in a future prosecution based on the same set of events." *United States v. Yannotti*, 541 F.3d 112, 127 (2d Cir. 2008) (cleaned up). Indeed, "an indictment need do little more than to track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime." *United States v. Wedd*, 993 F.3d 104, 120 (2d Cir. 2021) (cleaned up). Thus, except in the rare case in which "the government has made what can fairly be described as a full proffer of the evidence it intends to present at trial . . . , the sufficiency of the evidence is not appropriately addressed on a pretrial motion to dismiss an indictment." *United States v. Alfonso*, 143 F.3d 772, 776-77 (2d Cir. 1998). To that end, at the Rule 12(b) stage, a court "do[es] not evaluate the adequacy of the facts to satisfy the elements of the charged offense." *United States v. Dawkins*, 999 F.3d 767, 780 (2d Cir. 2021) (internal quotation marks omitted). At most, "[t]hat is something [courts] do *after* trial" on a complete record. *Id.* (emphasis added).

Measured against this standard, Chastain's motion to dismiss the Indictment must be rejected. Chastain's first two arguments have some force. For example, the Government may not be able to prove beyond a reasonable doubt that the information at issue with respect to Count I — namely, what NFTs would be featured and when on the OpenSea website — constituted "confidential business information" and, thus, "property" within the meaning of the statute. *See Carpenter v. United States*, 484 U.S. 19, 26 (1987) ("Confidential information *acquired or compiled* by a corporation in the course and conduct of its business is a species of property." (emphasis added) (internal quotation marks omitted)); *United States v. Mahaffy*, 693 F.3d 113, 127 (2d Cir. 2012) (noting that the viability of the Government's wire fraud theory required proof that the victim businesses "had exclusive use of the . . . information, considered that information to be confidential, and . . . treated it as such"). Additionally, given that the
3

Ethereum blockchain is public, the Government may have trouble proving beyond a reasonable doubt that the transactions at issue were "designed in whole or in part . . . to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds." 18 U.S.C. § 1956(a)(1)(B)(i); *see, e.g.*, *Regaldo Cuellar v. United States*, 553 U.S. 550, 567-68 (2008) (reversing a money laundering conviction on the ground that there was insufficient evidence of the defendant's intent to conceal). At bottom, however, these arguments are arguments about the sufficiency of the evidence, not the adequacy of the Indictment, which properly tracks the relevant statutory language and provides Chastain with the basics of each charge. Thus, they are arguments that Chastain must make to a jury in the first instance and, if convicted, to the Court on a full record; they are not arguments the Court may entertain now.[3]

      Chastain makes only one argument that is ripe for decision now (an argument that *amicus* NYCDL conspicuously does not join): that the Government's "misappropriation theory" of wire fraud requires trading in securities or commodities transactions. Def.'s Mem. 6-11. That argument, however, is wholly without merit. Chastain seizes on two references in the Indictment and statements made by the Government (in a press release and at the initial conference in this case) to assert that he is charged with "insider trading." *Id.* at 1 & n.1, 11 n.9. But he is not charged with insider trading, at least in the classic sense of the term, which is a means of engaging in securities fraud in violation of Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Securities and Exchange Commission Rule 10b-5, 17 C.F.R, § 240.10b-5. Instead, he is charged with wire fraud in violation of Section 1343. *See* Indictment ¶ 13. And in contrast to Section 10(b), which is limited to fraud "in connection with the purchase or sale of

---

[3]     Chastain's argument to the contrary is belied by the fact that the vast majority of cases — and every wire fraud and money laundering case — on which he relies was decided following conviction — after trials or, in a couple cases, after guilty pleas.

4

any security," Section 1343 makes no reference to securities or commodities. To accept Chastain's argument would be to read an additional element into the wire fraud statute, which the Court may not do. *See Bates v. United States*, 522 U.S. 23, 29 (1997) ("[The Court] ordinarily resist[s] reading words or elements into a statute that do not appear on its face."); *Liparota v. United States*, 471 U.S. 419, 423 (1985) ("The definition of the elements of a criminal offense is entrusted to the legislature, particularly in the case of federal crimes, which are solely creatures of statute."); *see also, e.g.*, *Jingrong v. Chinese Anti-Cult World All. Inc.*, 16 F.4th 47, 57 (2d Cir. 2021) ("When interpreting a statute, [a court must] begin with the text. . . . Where the plain meaning of the text is clear, [the] inquiry generally ends there." (cleaned up)).

Contrary to Chastain's assertions, *see* Def.'s Mem. 5, the fact that the Government's theory rests on the Supreme Court's decision in *Carpenter* is of no moment. Indeed, if anything, *Carpenter* actually dooms Chastain's argument. In *Carpenter*, a columnist for the *Wall Street Journal* entered into a scheme in which he shared information "as to the timing and contents" of the column with traders so that they could trade on the information and share the profits. *See* 484 U.S. at 23. The columnist and traders were charged with, and convicted of, both securities fraud and mail and wire fraud. On appeal, they argued for reversal of the securities fraud convictions on the ground that the fraud was not "in connection with" the purchase or sale of a security and for reversal of the wire and mail fraud convictions on the ground that the information at issue was not "property." *See id.* at 24. The Supreme Court evenly divided on the first issue, *see id.*, yet *unanimously* affirmed the defendant's wire fraud convictions, holding that "the publication schedule and contents" of the newspaper column constituted property within the meaning of the wire fraud statute, *id.* at 25. In the wake of Carpenter, many courts have upheld convictions for wire fraud based on a misappropriation theory. *See, e.g.*, *United States v. Hager*,

5

879 F.3d 550, 554 (5th Cir. 2018) (affirming the wire fraud conviction of a defendant who misappropriated his employer's confidential information regarding its clients and pricing calculations); *Belt v. United States*, 868 F.2d 1208, 1213 (11th Cir. 1989) (affirming the wire fraud conviction of a defendant who released employer's confidential information regarding subcontractor bids for a construction project); *see also, e.g.*, *United States v. Regensberg*, 604 F. Supp. 2d 625, 634 (S.D.N.Y. 2009) (rejecting an argument that securities fraud charges and wire fraud charges were multiplicitous, noting that "[s]ecurities fraud requires a showing of fraud in connection with the purchase or sale of any security — an element not required to prove wire fraud" (citing cases)).  No court has suggested, let alone held, that conviction in such a case requires trading in securities or commodities.[4]

In short, to the extent that Chastain's arguments have potential merit, they are premature; to the extent that they are not premature, they are without merit.[5]  Accordingly, and for the reasons discussed above, Chastain's motion to dismiss the Indictment is DENIED.

The Clerk of Court is directed to terminate ECF No. 17.

SO ORDERED.

Dated: October 21, 2022
       New York, New York

_____
JESSE M. FURMAN
United States District Judge

---

[4]    At most, Chastain's argument suggests that the phrase "insider trading" may be misleading.  If so, however, the appropriate remedy would presumably be to strike that phrase from the Indictment (and preclude the Government from using it at trial), not dismissal of the Indictment.  Chastain has separately moved for that relief, *see* ECF No. 30, but the motion is not yet fully submitted so the Court reserves judgment on the issue here.

[5]    As noted, Chastain moves, in the alternative, for an order requiring the Government to disclose its instructions to the grand jury.  Def.'s Mem. 25.  Because, for the reasons discussed above, Chastain makes no "concrete allegations of Government misconduct" to justify his request, *United States v. Leung*, 40 F.3d 577, 582 (2d Cir. 1994), that request is denied.