UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

                                     :

UNITED STATES OF AMERICA

                                     :

          - v. -                                    No. 22 Cr. 305 (JMF)

                                     :

NATHANIEL CHASTAIN,

                                     :

          Defendant.

                                     :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**GOVERNMENT'S SUR-REPLY IN OPPOSITION TO
DEFENDANT'S MOTION FOR EARLY RETURN OF A RULE 17(c) SUBPOENA**

 

                                         DAMIAN WILLIAMS
                                         United States Attorney
                                         Southern District of New York
                                         One St. Andrew's Plaza
                                         New York, New York 10007

Thomas Burnett
Nicolas Roos
Assistant United States Attorneys
- Of Counsel -

## PRELIMINARY STATEMENT

The Government submits this sur-reply in further opposition to the defendant's motion for the issuance of a Rule 17(c) subpoena to OpenSea.  While the defendant has revised his proposed subpoena, it still suffers from the same specificity, relevance, and admissibility flaws that make it improper under *United States v. Nixon*, 418 U.S. 683 (1974).  In particular, Requests 1 and 2, as revised, call exclusively for materials that were created *after* the defendant was terminated from OpenSea, and therefore are both irrelevant and inadmissible hearsay.  For the reasons set forth in the Government's Opposition and herein, the motion should be denied.

## ARGUMENT

First, the defendant argues, in passing, that the Government lacks standing to oppose the motion. (Dkt. No. 42 at 2.)  But the cases cited by the defendant are all instances in which a subpoena had already been issued and the government was the movant.  Here, by the contrast, the subpoena has not yet been issued and the Court is free to consider the Government's arguments as to the impropriety of the proposed subpoena.  Moreover, even if the Government were required to establish standing to move to quash, OpenSea has indicated, through counsel, that it objects to the original and revised subpoena on the grounds set forth in the Government's submission, among other grounds.  And, as the defendant's reply recognizes, OpenSea's objection is sufficient to confer standing.  (*Id.* at 2 n.1.)

Second, Requests 1(a), 1(c), and 1(d) of the revised proposed subpoena still lack the required specificity to be permissible under *Nixon* and call for irrelevant and inadmissible hearsay evidence.  These requests call for documents and/or communications, from the period *after* the defendant left OpenSea, in which (a) the company's co-founders discuss the defendant, (c) any person references the defendant and the "featured work" homepage, and (d) board materials

reference the defendant and the "featured work" homepage.  The defendant argues that these requests are relevant to whether OpenSea considered the information at issue to be "property." (*Id.* at 3.)   But the defendant's requests are not specifically tailored to potential witnesses' understanding of whether the information at issue is property—the requests are for communications about the defendant.  The notion that communications about the defendant made after he was terminated from the company will relate to whether information is property is at best speculation, and in fact a transparent attempt to seek other records to which the defendant is not entitled, including inadmissible and irrelevant commentary on the defendant or the Government's case that the defendant plainly hopes might exist. The new limitation placed on Requests 1(c) and 1(d), which now call for materials about the defendant and concerning OpenSea's "featured work" homepage, does not address the specificity problem with these requests because the requests are still insufficiently tailored to the relevant issue: whether the information at issue was property.

The quotes attributed to OpenSea's co-founders in the defendant's reply—which notably come from notes of proffers made by OpenSea's outside counsel to the Government, and not from the reports of actual interviews—do not cure the impermissibly broad nature of these requests. Even if OpenSea's co-founders did make the statements exactly as they are written in the Government's notes, that does not cure the impermissible broad nature of the subpoena.  The defendant has not cited the attorney proffer notes to, for instance, establish the relevance of documents related to issues other than whether the information at issue was property.[1]   Thus, because there is no specific nexus between the broad swath of documents sought by the subpoena

---

[1] To the extent the defendant is seeking materials prepared by OpenSea's attorneys as part of their investigation and interviews, as referenced in footnote 10 of the reply brief, those materials would plainly be privileged and would not be admissible at a trial, and therefore are not a valid basis for the proposed subpoena.

and the notes of oral statements that may have been made by company employees, these notes do not demonstrate that Requests 1(a), 1(c), and 1(d) are anything more than a fishing expedition.

Requests 1(a), 1(c), and 1(d) would also fail to yield relevant, admissible evidence. As the Government explained in its opposition, if materials exist responsive to Requests 1(a), 1(c), and 1(d), they would not be relevant to the defendant's intent—a point conceded by the defendant—or to whether the confidential information at issue was "property" at the time the defendant is alleged to have committed his crimes. The reason is because the materials sought by these requests all post-date the defendant's time at OpenSea and the period charged in the Indictment. Even if these requests yield documents about whether OpenSea viewed the information at issue as "property," such documents would concern that viewpoint after the defendant left OpenSea and after the defendant's commission of the charged offenses. A host of factors could come into play—again, all after the defendant's departure—that might affect employees' views of whether the information was property in late 2021 or in 2022. But those facts would have little relevance to the period in which the defendant committed the charged offenses. To the extent the defendant is hoping that OpenSea employees communicated after the defendant's departure about his conduct while he was at OpenSea, those communications would be statements about past events offered for their truth, and plainly inadmissible hearsay. The defendant argues that the statements would be admissible not for their truth but for employees' mental state. (Dkt. No. 42 at 8.) But the mental states of employees after the defendant left OpenSea are not relevant to the charged offenses. The business record exception likewise does not render backward-looking communications admissible. As the Government's opposition makes clear, not every email is a business record, and after-the-fact communications about the defendant certainly are not the type of regular communication that is admissible under the exception to the hearsay rule.

3

In sum, while the defendant makes no mention of impeachment in his reply brief, this is plainly the intended and impermissible purpose of Request 1: to fish for communications about the defendant with the hope that some portray the defendant in a positive way or in some way diminish the Government's criminal investigation or prosecution. That is not a permissible basis for a Rule 17(c) subpoena, and therefore the motion should be denied.

Third, Request 2, as revised, seeks records referencing changes to OpenSea's confidentiality policies, employee information use policies, and policies regarding trading of NFTs. The principal revision to this Request is that it now seeks materials concerning "changes" to policies. This revision raises several new problems under *Nixon*. While the subpoena does not identify the specific policies and changes on which the defendant is focused, in a footnote the defendant's reply identifies a blog post on September 15, 2021, and policy changes on November 5, 2021, and September 27, 2022—both post-dating the defendant's time at the company, with the latter change coming months after the defendant's indictment. (Dkt. No. 42 at 5 n.8.) The defendant has failed to establish that there are specific, non-privileged documents that would be responsive to this request. Indeed, if the defendant is now seeking documents concerning changes to OpenSea's policies, many of those documents are likely to be drafted by attorneys, revised by attorneys, or discussed with attorneys, and will therefore likely be privileged. Additionally, while OpenSea has made changes to some of its policies since the defendant was terminated from the company, those subsequent changes themselves are not relevant to whether the information at issue was property at the time of the defendant's conduct. Moreover, communications about those subsequent changes are hearsay and cannot be relevant to any individual's state of mind because the changes occurred after the period charged in the Indictment.

4

Fourth, Request 3, even with the defendant's revisions, remains impermissible. The Government has already provided all document productions, cover letters, and presentations by OpenSea to the defendant as part of Rule 16 discovery. The Government is not aware of any additional documents or presentations provided to or shared with the Government. To the extent the defendant is seeking emails between OpenSea's outside counsel and the Government, such communications are not admissible evidence and cannot be collected through a Rule 17(c) subpoena. To the extent the defendant is seeking notes by OpenSea's counsel of communications or presentations made to the Government, those materials would be privileged. To the extent the defendant is seeking statements of witnesses in the form of counsel's notes of interviews with those individuals, such as "documents memorializing OpenSea's attorney proffers," *id.* at 6 n.10, the requested relief is precluded by Rule 17(h), which prohibits a party from subpoenaing a statement of a witness or a prospective witness under Rule 17.

Accordingly, for the reasons set forth in the Government's opposition and as stated herein, the Government respectfully requests that the Court deny the defendant's motion to issue a Rule 17(c) subpoena to OpenSea.

Dated: New York, New York
      October 26, 2022

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By: _____/s_____
Thomas Burnett
Nicolas Roos
Assistant United States Attorneys

5