UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>NATHANIEL CHASTAIN,<br><br>Defendant. | No. 22-cr-305 (JMF) |

### MEMORANDUM OF LAW IN SUPPORT OF NATHANIEL CHASTAIN'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE AND ARGUMENT REGARDING MR. CHASTAIN'S COMPENSATION

Defendant Nathaniel Chastain respectfully submits this memorandum of law in support of his motion *in limine* to preclude the government from offering any evidence at trial relating to his compensation at OpenSea, pursuant to FED. R. EVID. 401, 402, and 403. Such evidence is irrelevant to the allegedly unlawful conduct described in the Indictment and its introduction is highly likely to cause, among other things, undue and unfair prejudice.

### BACKGROUND

The Indictment charges Mr. Chastain with: (i) wire fraud, in violation of 18 U.S.C. § 1343, for allegedly misappropriating information regarding soon-to-be-featured NFTs by "purchasing NFTs that he knew were going to be featured on OpenSea's homepage, and then profit[ing] by reselling the NFTs after they had been featured and appreciated in value," Indictment ¶ 13; and (ii) money laundering, in violation 18 U.S.C. § 1956(a)(1)(B)(i), see id. ¶ 15.

On April 10, 2023, the government provided the defense with exhibits that it will ostensibly seek to introduce at trial. Based on a review of the documents provided, we anticipate the government will improperly seek to introduce at trial evidence of Mr. Chastain's compensation while he worked at OpenSea. For example, proposed Government Exhibit 932 is a chart that is

titled, and purports to show, "Monthly Income from OpenSea and Trading Featured NFTs." Similarly, proposed Government Exhibit 610 includes handwritten notes that say, among other things, "[w]hat do I want to do? … 10 million (minimum) from OpenSea," and proposed Government Exhibits 611 and 612 are charts that purport to show cell phone extraction data, including internet searches on "living on 160k in nyc."

## LEGAL STANDARD

"Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." FED. R. EVID. 401.  Even relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of … unfair prejudice, confusing the issues, [or] misleading the jury.  Fed. R. Evid. 403.  "Unfair prejudice" in the context of Rule 403 arises from evidence that may "lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged." *United States v. Nachamie*, 101 F. Supp. 2d 134, 141 (S.D.N.Y. 2000) (quoting *Old Chief v. United States*, 519 U.S. 172, 180 (1997)).

## ARGUMENT

I.  **THE GOVERNMENT SHOULD BE PRECLUDED FROM OFFERING EVIDENCE RELATING TO MR. CHASTAIN'S COMPENSATION**

In light of the issues that the jury will be tasked with deciding in this trial, the compensation information that the government seeks to admit clearly serves no legitimate purpose.  It is a textbook example of evidence that is both irrelevant and highly prejudicial, tantamount to a nod and a wink, "lur[ing] the factfinder[s] into declaring guilt," *Nachamie*, 101 F. Supp. 2d at 141, based on their own perceptions of wealth.

Guided by relevant Circuit law, this evidence is plainly inadmissible.  Indeed, courts in this Circuit, and elsewhere, regularly reject attempts to introduce evidence of a defendant's

compensation. *See, e.g., United States v. Stahl*, 616 F.2d 30, 31-33 (2d Cir. 1980) (finding prosecutor had "impermissibly equate[d] success, affluence and a single minded occupation with one's business affairs with greed and corruption," and made "a persistent appeal to class prejudice" warranting reversal of defendant's conviction of conspiring and aiding and abetting the bribery of a government official, as "such appeals are improper and have no place in the court room"); *United States v. Cassese*, 290 F. Supp. 2d 443, 457 (S.D.N.Y. 2003), aff'd, 428 F.3d 92 (2d Cir. 2005) (overturning conviction for insider trading where the government, among other things, introduced "highly prejudicial and inflammatory evidence and arguments in front of the jury regarding [the defendant's] wealth, salary, and stock holdings"); *see also Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Ams.*, No. 04-cv-10014 (PKL), 2009 WL 3111766, at *6-7 (S.D.N.Y. Sept. 28, 2009) (granting defendant's motion *in limine* to exclude information relating to defendants' compensation, other than the method of compensation, because even if relevant, "any limited probative value of [the] information [was] outweighed by its potential to bias the jury under Rule 403); *L-3 Commc'ns Corp. v. OSA Sys., Inc.*, No. 02 Civ. 9144 (PAC), 2006 WL 988143, at *6 (S.D.N.Y. Apr. 13, 2006) (granting defendant's motion *in limine* to exclude evidence of its wealth and lifestyle because the information was "clearly irrelevant" and its inclusion would be unfairly prejudicial under Rule 403); *Loussier v. Universal Music Group, Inc.*, No. 02 Civ. 2447 (KMW), 2005 WL 5644421, at *2 (S.D.N.Y. July 14, 2005) (evidence of defendant's wealth and financial condition excluded from liability phase of trial because of "unfair prejudice that might result from jurors basing their conclusions on relative wealth of parties").

Here, evidence purporting to show Mr. Chastain's compensation at OpenSea—including, but not limited to, the above-noted chart, handwritten notes, and internet search history—is completely irrelevant to the wire fraud and money laundering issues that the jury will be tasked

with deciding in this case. Indeed, this case stands in stark contrast to those involving typical Wall Street executives, who are often alleged to have committed accounting fraud or some other work-related malfeasance *in order to continue earning* their exorbitant compensations and bonuses, which are typically tied to measurable performance.

Further, any such evidence is insufficient to establish or demonstrate a specific financial motive, particularly where, as here, the alleged transactions involved Ethereum, a form of digital currency, which in and of itself is volatile, and there is no evidence to suggest that the purported Ethereum earned was converted to U.S. dollars. Nonetheless, as shown in Government Exhibit 932, the government intends to suggest that, despite such volatility, the purported "[m]onthly [i]ncome" earned from allegedly trading featured NFTs was a fixed U.S. dollar amount.

Much like the cases cited above, allowing the jury to hear evidence about Mr. Chastain's compensation will only serve to improperly inflame emotion and create confusion and unfair prejudice. Accordingly, where any evidence of Mr. Chastain's compensation is not relevant or probative, but instead simply operates to prejudice the jurors' sensibilities, it should be precluded in full.

## **CONCLUSION**

For all of these reasons, the Court should grant Mr. Chastain's motion to exclude any and all evidence and argument regarding Mr. Chastain's compensation at OpenSea.

Dated:   New York, New York
         April 13, 2023

Respectfully submitted,

GREENBERG TRAURIG, LLP

By: */s/ Nicholas T. Barnes*           .
Nicholas T. Barnes
David I. Miller
Daniel P. Filor
Charles J. Berk
One Vanderbilt Avenue
New York, NY 10017
Telephone: (212) 801-9200
Facsimile: (212) 801-6400

*Attorneys for Nathaniel Chastain*

5