```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
    UNITED STATES OF AMERICA           :
                                       :
        - v. -                         :
                                       :   22 CR. 305 (JMF)
    NATHANIEL CHASTAIN,                :
                                       :
                    Defendant.         :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
```

# GOVERNMENT'S PROPOSED
# EXAMINATION OF PROSPECTIVE JURORS

DAMIAN WILLIAMS
United States Attorney
Southern District of New York
One St. Andrew's Plaza
New York, New York 10007

Thomas Burnett
Allison Nichols
Nicolas Roos
Assistant United States Attorneys
- Of Counsel -

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
|    - v. - | : |
| | :   22 CR. 305 (JMF) |
| NATHANIEL CHASTAIN, | : |
| | : |
|         Defendant. | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## GOVERNMENT'S PROPOSED EXAMINATION
## OF PROSPECTIVE JURORS

The Government respectfully requests, pursuant to Rule 24(a) of the Federal Rules of Criminal Procedure, that the Court include the following questions in its examination of prospective jurors.

The Court is requested to pursue more detailed questioning if a particular juror's answer reveals that further inquiry is appropriate and, in such an instance, to conclude with an inquiry whether the particular fact or circumstance would influence the juror in favor of or against either the Government or the defendant, or otherwise affect the juror's ability to serve as a fair and impartial juror in this case.

### Introduction

We are about to select from among you the jurors who will sit in this case. Both sides are entitled to know something about the people who sit as jurors. The law provides this procedure to ensure that both the Government and the defendant receive the fairest possible trial. For this

reason, I am going to ask you certain questions. They are not meant to pry unnecessarily into your personal life, but only to elicit the basic information necessary to permit the parties and the Court to make an informed choice of jurors for the case. If your answer to one of my questions concerns private information, please let me know and we can discuss it out of the hearing of the other potential jurors.

**The Charges**

1. Before I begin, let me tell you a little bit about the case. This is a criminal case. The defendant has been charged with violating certain provisions of the criminal laws of the United States. The charges against the defendant are contained in an Indictment that was voted by a Grand Jury. The Indictment is not evidence itself; instead, it is merely a document that contains certain charges that the Government is required to prove beyond a reasonable doubt.

2. The defendant in this case is NATHANIEL CHASTAIN. The Indictment charges NATHANIEL CHASTAIN with committing wire fraud through insider trading by misappropriating confidential business information belonging to his employer, OpenSea, about which non-fungible tokens, or NFTs, were going to be featured on OpenSea's homepage and using that information to secretly purchase dozens of such NFTs shortly before they were publicly featured, and selling them at a profit shortly after they were featured. The Indictment also charges that to conceal this fraud, CHASTAIN committed money laundering by conducting these purchases and sales using anonymous digital currency wallets and anonymous accounts on OpenSea.

3. The defendant denies the charges and has entered a plea of not guilty.

4. Do any of you believe you have personal knowledge of the charges contained in the Indictment as I have described it? Have you heard anything about this case, in

the newspaper, on the radio, on the internet, on television, in podcasts, or from others? [*If answer is "Yes," the Court is respectfully asked to inquire, at the bench or in the robing room, about the extent and basis of knowledge, and whether that knowledge would affect impartiality.*]

### General Questions

5. The trial is expected to last approximately two weeks. Do you have any commitments that would interfere with your serving as a juror at a trial that is expected to last that long?

6. Do you have a problem with your hearing or vision that would prevent you from giving attention to all of the evidence at this trial?

7. Do you have any difficulty in understanding or reading English?

8. Do you have any other special medical problems that might interfere with your service as a juror in this case?

### The Parties

9. As I noted before, the defendant in this case is NATHANIEL CHASTAIN. [*Please ask the defendant to rise when each is identified.*] Does any juror know, or has any juror had any dealings, directly, or indirectly, with this defendant?

10. To your knowledge, do any of your relatives, friends or associates know the defendant?

11. The defendant is represented today by David Miller, Esq., Daniel Filor, Esq., Charles Berk, Esq., and Nick Barnes, Esq. of Greenberg Traurig LLP. Do any of you know or have you had any dealings with Mr. Miller, Mr. Filor, Mr. Berk, Mr. Barnes or any individuals in their office?

12. The United States is represented in this case, as in all cases, by the United

States Attorney for this District, who is Damian Williams. Appearing on his behalf in this case will be Assistant United States Attorneys Thomas Burnett, Allison Nichols, and Nicolas Roos, and Paralegal Specialist Grant Bianco. Does any juror know, or has any juror had any dealings, directly or indirectly, with Mr. Williams, Mr. Burnett, Ms. Nichols, Mr. Roos, Mr. Bianco, or with any other member of the staff of the United States Attorney's Office for the Southern District of New York?

13. The Assistant United States Attorneys will also be assisted in this case by Marc Troiano, a Special Agent with the Federal Bureau of Investigation. Have you or your family members or close friends had any dealings, either directly or indirectly, with Special Agent Troiano? The FBI?

## Other Persons and Entities

14. During the trial, the Government will present evidence in the form of witness testimony. The Government expects that the following people may be witnesses or may be mentioned in testimony or exhibits. *[The Government will provide the Court with a list of relevant names/witnesses shortly before trial.]*

15. Do any of you know any of the people I have just named?

## Relationship with Government

16. Do any of you know, or have any association - professional, business, or social, direct or indirect - with any member of the staff of the United States Attorney's Office for the Southern District of New York? The Federal Bureau of Investigation?

17. Have you, any member of your family, or any close friend ever been employed by any law enforcement agency – federal, state, or local? Would your dealings with this person prevent you from rendering a fair and impartial verdict here?

18. Has any juror, either through any experience he or she has had or anything he or she has seen or read, developed any bias, prejudice, or other feelings for or against the United States Attorney's Office?  For or against the FBI? For or against any other law enforcement agency?

19. Have you, or has any member of your family, either as an individual, or in the course of business, ever been a party to any legal action or dispute with the United States, or with any of the officers, departments, agencies, or employees of the United States?  Have any of you had any legal, financial, or other interest in any such legal action or dispute, or its outcome?

### Prior Jury Service

20. Have you ever at any time served as a member of a grand jury, whether in the federal, state, or county courts? [*If answer is "Yes," the Court is respectfully asked to explain that the burden of proof in the grand jury – probable cause – is different from the burden of proof at trial – beyond a reasonable doubt*]

21. Have you ever served as a juror in either the state or federal courts?

    (a) If so, when and in what court did you serve?  What type of case?

    (b) Without revealing the verdict, did the jury reach a verdict?

    (c) Was there anything about that experience that would impact your ability to sit as a fair and impartial juror in this case?

### Experience as a Witness, Defendant, or Crime Victim

22. Have any of you, or any of your relatives or close friends, ever been involved or appeared as a witness in any investigation by a federal or state grand jury, or by a Congressional or state legislative committee, licensing authority, or governmental agency?  Have you, or any of those close to you, ever been questioned in any matter by a federal, state, or local

law enforcement agency?

23. Have you ever been a witness or a complainant in any federal or state prosecution?

24. Are you, or is any member of your family, now under subpoena or, to your knowledge, about to be subpoenaed in any criminal case?

25. Have you, has any member of your family, any associate, or close friend, ever been charged with a crime? If so, do you believe that those charges were fairly brought?

26. Have you, or have any of your relatives, associates, or close friends, ever been the subject of any investigation or accusation by any federal or state grand jury, or by any Congressional committee?

27. Have you, or any of your close friends or relatives, ever been a victim of a crime? [*As to any prospective juror who answers affirmatively, the Court is respectfully requested to inquire, at the bench or in the robing room, into the circumstances of each crime.*]

28. Have you, or any of your close friends or relatives, ever been stopped or questioned by any member of Federal Bureau of Investigation or other law enforcement agency? [*As to any prospective juror who answers affirmatively, the Court is respectfully requested to inquire, at the bench or in the robing room, into the circumstances of each incident and that prospective juror's reaction to how he or she was treated by law enforcement.*]

<u>Case-Specific Questions</u>

29. As I mentioned, during the trial, you will hear evidence concerning a fraud through insider trading involving the misappropriation of OpenSea's confidential business information through the purchase of NFTs before they were featured on the OpenSea website homepage, followed by a resale of the same NFTs after they had been featured and appreciated in

6

value. You will also hear evidence that the transactions at issue in this case were designed to conceal and disguise the fact that they were related to that fraud, which is known as concealment money laundering. Does the fact that the charges involve fraud and concealment money laundering affect your ability to render a fair verdict?

30. You will hear evidence in this case about OpenSea, an online marketplace for selling, purchasing, and trading digital goods or assets known as non-fungible tokens, or NFTs. Do you have any familiarity with OpenSea? Do any of you own NFTs?

31. You will hear evidence in this case about cryptocurrency and about transactions that occurred on what is known as a blockchain, or a networked database of transactions. Have you invested in cryptocurrency? Do you have any familiarity with cryptocurrency?

32. Do you have any beliefs or experiences about cryptocurrency or blockchains that would interfere with your ability to fairly evaluate this evidence in this trial or follow my instructions on the law?

33. Do you have opinions about the regulation of cryptocurrency that might affect your judgment in this case?

34. You will hear evidence in this case about venture capital firms. Do you have any experience of familiarity with venture capital firms?

35. Have you formed an opinion that the actions charged in the Indictment, as I have described them to you, should not be crimes or should not be prosecuted federally?

36. Have you been involved - as a defendant, victim, witness, or in any other way – involving fraud, insider trading, or money laundering?

**Law Enforcement Witnesses**

37.     The Government witnesses in this case will include agents and analysts from the Federal Bureau of Investigation. Would any of you be more likely to believe a witness merely because he or she is a law enforcement officer? Would any of you be less likely to believe a witness merely because he or she is a law enforcement officer?

**Evidence**

38.     Some of the evidence in this case was obtained through searches conducted by law enforcement officers. This evidence was obtained lawfully. Do you have any beliefs or experiences that would interfere with your ability to fairly evaluate this evidence along with all of the other evidence that will be introduced at this trial?

39.     Would any of you be unable to follow the Court's instructions that the Government is not required to use any particular technique in order to investigate evidence of a crime?

**<u>Function of the Court and Jury</u>**

40. The function of the jury is to decide questions of fact. You are the sole judge of the facts and nothing that the Court or the lawyers say or do may encroach in any way on your role as the exclusive fact-finder. When it comes to the law, however, you are to take your instructions from the Court, and you are bound by those instructions. You may not substitute your own notions of what the law is, or what you think it should be. In other words, when I give you instructions about the law at the close of this trial, you are required to accept the law as stated and apply it to determine whether or not the defendant is guilty as charged in the Indictment. With this in mind, is there any juror who feels that for any reason he or she is not either willing or able to apply the law as stated by the Court?

41. Under the law, a defendant is presumed to be innocent and cannot be found guilty of the crime charged in a particular count of the Indictment unless a jury, after having heard all of the evidence in the case, unanimously decides that the evidence proves the defendant's guilt beyond a reasonable doubt with respect to that particular count. Would you have difficulty accepting and applying this rule of law?

42. Will each of you accept the proposition that the question of punishment is for the Court alone to decide, and that the possible punishment must not enter into your deliberations as to whether the defendant is guilty or innocent?

43. Will each of you accept the proposition of law that sympathy or empathy must not enter into the deliberations of the jurors as to guilt or innocence of either defendant, and that only the evidence produced here in Court may be used by you to determine the guilt or innocence of either defendant?

44. It is not a particularly pleasant duty to find another individual guilty of

committing a crime. Is there any juror who feels that even if the evidence established a defendant's guilt beyond a reasonable doubt, he or she might not be able to render a guilty verdict for reasons unrelated to the law and the evidence?

       45.     Do any of you have any religious, philosophical, or other beliefs that would make you unable to render a guilty verdict for reasons unrelated to the law and the evidence?

### Other Biases

       46.     In these questions, I have tried to direct your attention to possible reasons why you might not be able to sit as a fair and impartial juror. Apart from any prior question, does any juror have the slightest doubt in his or her mind, for any reason whatsoever, that he or she will be able to serve conscientiously, fairly and impartially in this case, and to render a true and just verdict without fear, favor, sympathy, bias, or prejudice — and according to the law as it will be explained to you?

### Juror's Background & Affiliations

       47.     Please provide the following background information:

          (a)     How old are you?

          (b)     What is the county and general section or community of your residence?

          (c)     What is the highest level of schooling you have completed?

          (d)     Who else lives in your home with you, if anyone?

          (e)     Do you have any children? If so, what are their ages and what do they do?

          (f)     How long have you lived at your present address? [*If less than five years, please inquire as to prior residence.*]

  (g)  What is your occupation?

  (h)  What is your current employment status?  [*If retired, please inquire as to former occupation.*]

  (i)  [*If employed*]: What is the name of your employer?

  (j)  What are your position and responsibilities at your job?

  (k)  How long have you been employed in your current job?  [*If present employment is for less than five years, please inquire as to prior employment.*]

  (l)  [*If married or has domestic partner*]: What is your spouse's or partner's profession, business or occupation?  [*If spouse is retired, please inquire as to occupation before retirement.*]

  (m)  What newspapers, magazines or websites do you read and how often?

  (n)  What television programs do you regularly watch?

### Requested Instructions Following Impaneling of the Jury

  48.  From this point until the time when you retire to deliberate your verdict, it is your duty not to discuss this case, and not to remain in the presence of other persons who may be discussing this case.  The rule about not discussing the case with others includes discussions even with members of your own family and your friends.  If your friends or family ask you about the trial, you may simply tell them that you are a juror in a criminal case and that the judge has instructed you not to discuss it.

  49.  If at any time during the course of this trial, any person attempts to talk to you or to communicate with you about this case, either in or out of the courthouse, you should tell that person that you cannot discuss the case and immediately report such an attempt to me

through my deputy clerk.  In this regard, let me explain to you that the attorneys and the defendant in a case are not supposed to talk to jurors, not even to offer a friendly greeting.  So if you happen to see any of them outside this courtroom, they will, and should, ignore you.  Please do not take offense.  They will be acting properly by doing so.

50.     Please do not read or watch anything in newspapers, television, or on the Internet that relates to the case or any of its participants in any way.  This means no Google searches, or looking anything up on the Internet regarding the case or anyone involved in it.  My instruction that you cannot discuss the case also applies to instant messages, chats, texts, emails, and social media, including Facebook, Twitter, Instagram, Snapchat, blogs, etc.  Do not discuss the case at all, and do not write or post anything about the case at all.

Dated:  New York, New York
        April 13, 2023

                                        Respectfully submitted,

                                        DAMIAN WILLIAMS
                                        United States Attorney

                                By:     /s/_____
                                        Thomas Burnett
                                        Allison Nichols
                                        Nicolas Roos
                                        Assistant United States Attorneys
                                        (212) 637-1064 / 2366 / 2421