

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

April 18, 2023

**BY ECF**

Hon. Jesse M. Furman
United States District Court
40 Foley Square
New York, New York 10007

Re: <u>United States</u> v. <u>Nathaniel Chastain</u>, 22 Cr. 305 (JMF)

Dear Judge Furman:

The Government respectfully submits this additional motion *in limine* to address an issue that was not previously ripe. In an interview with the Government on April 17, 2023, OpenSea's CEO, Devin Finzer, opined that what has happened to defendant Nathaniel Chastain is "unfair" and has affected Chastain's mental health. The defendant should be precluded from asking Finzer or any witness their opinion about whether the prosecution is unfair or has negatively impacted the defendant's mental health.

As previously discussed in the Government's primary motions *in limine*, witnesses' opinions about the charges at issue here are improper and irrelevant lay witness opinion testimony that is inadmissible under Federal Rule of Evidence 701. Additionally, such opinion testimony would be confusing to the jury and has no probative value, and for that reason it is inadmissible under Rule 403. A witness's opinion about the fairness of the prosecution or potential consequences of that prosecution is of no probative value and runs a significant risk of creating unfair prejudice, confusing the issues, and misleading the jury.

Likewise, testimony about how the prosecution may have affected the defendant's mental health would serve no proper purpose and must be excluded under Rule 403. Such testimony "would serve merely to distract the jury's attention from considering the evidence as it applies to the elements of the crimes charged" and would instead "suggest that the jurors should have sympathy for" the defendant and "would implicitly encourage them to nullify by acquitting him based on something other than the question of whether the Government has proved each element of the crimes charged beyond a reasonable doubt." *United States v. Sabir*, No. S4 05 CR. 673 (LAP), 2007 WL 1373184, at *9 (S.D.N.Y. May 10, 2007); *see also United States v. Harry*, 548 F. App'x 690, 692 (2d Cir. 2013) (district court's determination that the limited probative value of voicemails discussing the defendant's mental health programs was substantially outweighed by the risk of misleading or confusing the jury as to the issue of the defendant's mental health was not an abuse of discretion).

Accordingly, the defense should be precluded from asking witnesses their view on whether the prosecution is fair and whether it has taken a toll on Chastain's mental health.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

by: __/s_____
Thomas Burnett
Allison Nichols
Nicolas Roos
Assistant United States Attorneys

cc: All counsel (*by ECF*)