```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
UNITED STATES OF AMERICA                                               :
                                                                       :
           -v-                                                         :   22-CR-305 (JMF)
                                                                       :
NATHANIEL CHASTAIN,                                                    :   MEMORANDUM OPINION
                                                                       :        AND ORDER
                       Defendant.                                      :
                                                                       :
-----------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

Defendant Nathaniel Chastain is charged with wire fraud and money laundering relating to his purchase and sale of Non-Fungible Tokens or "NFTs" on OpenSea, an online NFT marketplace. *See* ECF No. 1 ("Indictment"). Trial is scheduled to begin April 24, 2023. On April 13, 2023, each party filed multiple motions *in limine*. *See* ECF Nos. 64, 67, 69, 70, 73, 75, 80.[1] The parties should be prepared to address Chastain's motion to exclude evidence relating to the Larva Labs project (ECF No. 64) at the final pretrial conference on April 20, 2023. The Court rules on the other motions as follows:

- **Chastain's Motion to Exclude Evidence and Argument Regarding Compensation (ECF No. 67):** The motion is denied substantially for the reasons stated by the Government in its opposition to the motion. *See* ECF No. 85 ("Gov't Opp'n"), at 9-11. The limited evidence is plainly relevant to Chastain's motivation, and "[e]vidence of financial motivation is frequently admitted in fraud cases and is further considered more probative than prejudicial." *United States v. Moses*, 565 F. Supp. 3d 394, 398 (W.D.N.Y. 2021) (citing cases); *see also United States v. Avenatti*, 19-CR-374, ECF No. 288, at 46-47 (S.D.N.Y. Jan. 13, 2022).

- **Chastain's Motion Regarding Summary Charts (ECF No. 69):** The motion is denied substantially for the reasons set forth in the Government's opposition. *See* Gov't Opp'n 19-26. First, the Court agrees with the Government that the use of the term "anonymous" (and wallet icons with silhouettes) is consistent with the evidence (including Chastain's own use of the term) and that there is no need or basis under Rule 403 to use a different term. *See id.* at 20-21. Second, to the extent there is a distinction between a "wallet" and

---

[1] Earlier today, the Government filed an additional motion *in limine*. See ECF No. 89. Chastain shall file any opposition by tomorrow.

"wallet address," and Chastain's motion has not been mooted by the Government's revisions, *see id.* at 23, it is not meaningful enough to exclude (or require modifications to) any of the summary charts. Third, Chastain's arguments about use of the term "insider trading" are moot. *See id.* Fourth, assuming the Government lays a proper foundation at trial, there is nothing improper about the conversion of Ethereum to U.S. dollars given the evidence (and the need to make the evidence intelligible to the jury). Chastain's reliance on U.S.S.G. § 2B1.4 and suggestion that he never realized any gain because he never converted his Ethereum to U.S. dollars are frivolous and, in any event, not a basis to exclude (or require modifications to) the summary charts. Finally, in light of the Court's ruling above, there is no basis to exclude the summary charts referencing Chastain's compensation.

- **Chastain's Motion to Exclude Terms Such as "Level Playing Field" (ECF No. 73):** The motion is denied substantially for the reasons set forth in the Government's opposition. *See* Gov't Opp'n 6-9. Yes, the gravamen of the crime charged is that Chastain schemed to deprive *OpenSea* of its property, not that he cheated the *purchasers* of the NFTs at issue. But the Government is plainly entitled to argue that Chastain committed the crime in order to obtain an advantage over purchasers who were not privy to the allegedly confidential business information. Any risk of prejudice or confusion can and will be addressed through the Court's instructions to the jury.

- **Chastain's Motion to Exclude Evidence and Argument Concerning the Value of Information to Third-Party Purchasers (ECF No. 75):** The motion is denied substantially for the reasons set forth in the Government's opposition. *See* Gov't Opp'n 15-19. Evidence regarding the value of the information at issue to prospective purchasers of NFTs is plainly necessary for the jury to understand the context and basic issues of the case. It is also probative of Chastain's motive, OpenSea's business decisions, and the value of the information. *See United States v. Chastain*, No. 22-CR-305 (JMF), 2023 WL 2966643, at *10 (S.D.N.Y. Apr. 17, 2023) (ECF No. 88) ("[E]vidence regarding the value of the information (or lack thereof) is relevant and admissible, as it may bear on whether the information qualifies as 'confidential business information' and on Chastain's motive to misappropriate it . . . ."). Again, any risk of prejudice or confusion can and will be addressed through the Court's instructions to the jury.

- **Chastain's Motion to Exclude Terms Such as "Insider Trading" (ECF No. 80):** The motion is denied substantially for the reasons set forth in the Government's opposition. *See* Gov't Opp'n 3-6. As the Court observed at the October 27, 2021 pretrial conference, "[i]ts classic meaning notwithstanding," the term "insider trading" is "not an inapt description of the facts of this case." ECF No. 46 ("Oct. 27, 2022 Tr."), at 3. After all, "Chastain is accused of improperly using confidential, non-public (or 'inside') information about an asset to buy and then sell (or 'trade') that asset on a public market." Gov't Opp'n 4. Jurors are unlikely to be familiar with the technical legal meaning of the term. And regardless, "any concerns about either negative pretrial publicity or potential confusion at trial can and [will] be addressed through a combination of appropriate voir dire and jury instructions." Oct. 27, 2022 Tr. 3.

- **The Government's Motion to Exclude Evidence of OpenSea's Policy Changes on and After September 15, 2021 (ECF No. 70 ("Gov't Mem."), at 2-9):** The motion is

denied substantially for the reasons stated in Chastain's opposition.  *See* ECF No. 87 ("Def.'s Opp'n"), at 3-10.  The Government is certainly free to introduce evidence and argue that OpenSea considered and treated the information at issue as "confidential" even before it changed its policies on September 15, 2021, and November 5, 2021.  But consistent with the Court's observations during the October 27, 2022 pretrial conference, Chastain is entitled to argue that the changes "shed light on the content and meaning of the policies that were in place at the time of his conduct," which is "relevant," in turn, "to whether the information constituted property."  Oct. 27, 2022 Tr. 9; *cf. Foley v. City of Lowell*, 948 F.2d 10, 14 (1st Cir. 1991) (holding, in a civil case, that "actions taken subsequent to an event are admissible if, and to the extent that, they provide reliable insight into the policy in force at the time of the incident").  Moreover, there is no merit to the Government's argument under Rule 407 of the Federal Rule of Evidence.  First, it is not clear that the Rule even applies to the conduct of a third party.  *See, e.g.*, *Lion Oil Trading & Transp., Inc. v. Statoil Mktg. & Trading (US) Inc.*, No. 08-CV11315 (WHP), 2011 WL 855876, at *7 (S.D.N.Y. Feb. 28, 2011) ("[C]ourts have unanimously held that Rule 407 does not bar evidence of subsequent remedial measures by non-defendants." (citing cases)).  Second, even if it does, the evidence at issue here is not offered for one of the purposes prohibited by the Rule, but for "another purpose[]." Fed. R. Evid. 407.

- **The Government's Motion to Preclude Witnesses' Opinions About Whether Chastain's Conduct Constituted "Insider Trading" (Gov't Mem. at 9-12):** The motion is granted substantially for the reasons stated in the Government's memorandum of law.  *See* Gov't Mem. 9-11.  Whether OpenSea's CEO (or any other witness) believed that Chastain's conduct constituted "insider trading" is irrelevant and improper opinion testimony under Rules 701 and 702 of the Federal Rules of Evidence.  Moreover, any probative value of such evidence is substantially outweighed by the risk of confusion, as the opinions appear to be rooted in an understanding of the classic or traditional meaning of "insider trading," which, as discussed, is not relevant here.  For similar reasons, the fact that the Government may use the term "insider trading" at trial does not "open the door" to the evidence at issue.  *See also, e.g.*, *United States v. Rosa*, 11 F.3d 315, 335 (2d Cir. 1993) ("To be admissible under [the 'opening-the-door'] doctrine, the evidence that allegedly 'opened the door' must in fact have been inadmissible.  Properly admitted evidence does not open the door to inadmissible evidence.").

- **The Government's Motion to Preclude Questioning of OpenSea Employees Regarding Their Beliefs About the Company's Rules (Gov't Mem. at 12-14):** To the extent that the Government asks "one or both of OpenSea's co-founders what they intended the confidentiality agreement to cover and whether the information Chastain utilized in conducting his [alleged] frontrunning was confidential," Gov't Mem. 13, Chastain may be entitled to cross-examine these witnesses about the clarity of the agreement (or lack thereof); the Court can and will rule on specific objections to any such questions at trial.  Beyond that, the motion is granted to the extent it seeks to preclude Chastain from questioning other OpenSea employees, including Jessica Phan, about their opinions on whether OpenSea's confidentiality rules were adequate or clear, substantially for the reasons stated in the Government's memorandum of law.  *See* Gov't Mem. 12-14.  Chastain's reliance on the Second Circuit's footnote in *United States v. Mahaffy*, 693 F.3d 113, 138 n.14 (2d Cir. 2012), *see* Def.'s Opp'n 15-17, is misplaced.  Chastain is free to question OpenSea employees, including Phan, about the existence (or non-existence)

3

of relevant policies and trainings. In addition, Chastain is free to make arguments at trial based on the language of such policies and trainings or to testify about *his* interpretations and understanding of these matters. But how *other* employees interpreted or understood the rules is irrelevant and improper opinion testimony.

- **The Government's Motion to Preclude Questioning Regarding Privileged Communications (Gov't Mem. at 14-17):** The motion is denied as moot in light of Chastain's representation that he has "no intention" to question OpenSea witnesses about privileged communications. Def.'s Opp'n 18. Chastain shall promptly advise the Court and the Government at trial if he believes that the Government has "open[ed] the door" to such questioning or if he wishes to question Dan Viau about the in-person conversation on September 15, 2021. *See id.* Relatedly, the parties should be prepared to address at the final pretrial conference how to address any privilege issues at trial insofar as OpenSea is not a party to the case.

- **The Government's Motion to Preclude Evidence and Argument that OpenSea Did Not Suffer Actual Harm (Gov't Mem. at 17):** With two caveats, the motion is granted substantially for the reasons stated in the Government's memorandum of law. *See* Gov't Mem. 17. First, as discussed in the Court's Opinion and Order entered April 17, 2023, testimony from the Government's expert may open the door to evidence about the effects (or lack thereof) of Chastain's conduct on OpenSea. *See Chastain*, 2023 WL 2966643, at *7-8 & nn.3-4. Second, if Chastain elects to testify, he may be allowed to testify about his beliefs regarding the effects of his conduct on OpenSea on the theory that such testimony would be probative of willfulness and intent.

- **The Government's Motion to Preclude Argument that this Case is Novel or Unprecedented (Gov't Mem. at 17-18):** The motion is granted substantially for the reasons stated in the Government's memorandum of law. *See* Gov't Mem. 17-18. Put simply, the sole question before the jury is whether Chastain committed the crimes with which he is charged; the motivations of the prosecutors, and whether or to what extent the charges are novel, are irrelevant and unduly prejudicial. Moreover, the novel context of NFTs aside, it is debatable whether this case is even "novel" or "unprecedented," as the Government's theory of prosecution is identical to that in *Carpenter v. United States*, 484 U.S. 19 (1987). If Chastain were permitted to argue that this case is novel or unprecedented, therefore, the Court would have to allow the Government to argue the contrary or explain the facts and holding of *Carpenter* to the jury. That would obviously run afoul of Rule 403.

The Clerk of Court is directed to terminate ECF Nos. 64, 67, 69, 70, 73, 75, and 80.

    SO ORDERED.

Dated: April 18, 2023
       New York, New York

                                              JESSE M. FURMAN
                                              United States District Judge