

David Miller
Tel 212.801.9205
Fax 212.801.6400
david.miller@gtlaw.com

April 18, 2023

**VIA ECF**

Honorable Jesse M. Furman
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

    Re:    *United States v. Nathaniel Chastain,* No. 22-cr-305 (JMF)

Dear Judge Furman:

    We write in response to the government's supplemental motion *in limine* filed earlier this afternoon (the "Motion"), and also move pursuant to Federal Rules of Evidence 401, 402, and 403 to preclude the testimony of three newly-identified government witnesses: Joe Bradley and two additional witnesses (whom the government has requested not be publicly named at this time).

    As an initial matter, although the deadline for submitting motions *in limine* was April 13, 2023, the government did not identify the two witnesses referenced above until earlier today when they produced certain 18 U.S.C. § 3500 material pertaining to those individuals. Further, regarding Joe Bradley, when the government identified this unknown person on their April 10, 2023 witness list, we asked the government on April 11, 2023 who Mr. Bradley worked for and to produce any 3500 material pertaining to him. On April 12, 2023, we followed up with the government again regarding Mr. Bradley, having not received a response. Later that day, the government informed the defense that Mr. Bradley "is an OpenSea customer living in Arizona." But Mr. Chastain did not receive 3500 material relating to Mr. Bradley until April 14, 2023.

    We begin by addressing the government's request that the Court preclude the defense from soliciting testimony from Devin Finzer—the co-founder and CEO of OpenSea—regarding his April 17, 2023 statement to the government that "What's happened to Chastain is unfair…"[1] While the 3500 material does not indicate what Mr. Finzer meant by this statement, the government's Motion suggests he may mean he believes "the prosecution is unfair." Motion at 1. Whether Mr. Finzer's statement pertains to the unfair prosecution, forced resignation, unfair treatment by Twitter users, or something else, the defense has a right to inquire of this critical government witness. Plainly, Mr. Finzer's statements are relevant to the issue at hand, *i.e.,* whether

---

[1] *See* 3503-005. As to the remainder of the government's motion, the defense does not intend to seek testimony from Mr. Finzer regarding the defendant's mental health.

Case 1:22-cr-00305-JMF   Document 91   Filed 04/18/23   Page 2 of 3

Honorable Jesse M. Furman
April 18, 2023
Page 2

Mr. Chastain committed wire fraud *against OpenSea* by misappropriating its property. Mr. Finzer's words, as co-founder and CEO of OpenSea—the one and only supposed victim in this case—go directly to the question of whether he (and, thus, OpenSea itself) viewed Mr. Chastain's actions as a theft of their property. Such testimony would not be, as the government argues, a "distraction." Instead, it would be rationally based on Mr. Finzer's perception and would provide color as to his view of whether OpenSea treated the information at issue as "property." *See Thompson v. Spota*, No. 14-CV-02473 (NGG) (AYS), 2022 U.S. Dist. LEXIS 213649, *28-29 (E.D.N.Y. Nov. 23, 2022) (lay opinion testimony is proper if it is "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.") (quoting Fed. R. Evid. 701).

Furthermore, the government needs to make up its mind. In its prior motion practice, the government has been a proponent of its lay witnesses providing their opinions as to the merits of the government's case. ECF No. 85 at 16 (arguing that the Court should permit OpenSea lay witnesses to opine as to the positive effect of featuring artists on OpenSea's homepage). But now, when the co-founder and CEO of the purported victim-company offers what the government views as an unfavorable opinion, it labels such testimony "improper."[2] At bottom, Mr. Finzer's statement is absolutely relevant and it is critical for the jury to be able to hear it.

With respect to the government's intention to call at trial Joe Bradley and two additional witnesses named earlier today, their testimony is improper and should be precluded. All three of these individuals—Mr. Bradley and his co-witnesses—are NFT artists or users who are associated with artists that have had NFTs featured on OpenSea (and one had their own NFT featured). The testimony of these witnesses is irrelevant to the elements of the charged offenses under Rules 401 and 402, and unduly prejudicial under Rule 403. As to relevance, the government would elicit testimony from these individuals concerning their reactions to Mr. Chastain's alleged conduct. But their opinions as to Mr. Chastain's behavior have no bearing on the issue in this case, *i.e.,* whether there was a scheme to defraud *OpenSea*. *See* Order, dated April 18, 2023 at 2 ("[T]he gravamen of the crime charged is that Chastain schemed to deprive OpenSea of its property, not that he cheated the purchasers of the NFTs at issue."). Mr. Bradley and his proposed co-witnesses are not the victims here.

Even disregarding the issue of relevance, Mr. Bradley and his co-witnesses' testimony serve no purpose other than to unduly prejudice the defendant. The testimony sought by the government appears to be an attempt to fill an evidentiary gap left by the government's expert, Dan Taylor. Specifically, the government seeks to bandage Taylor's confessed inability to present any data indicating that OpenSea was harmed by Mr. Chastain's alleged conduct. So instead, the government has cherry-picked three users—in a community of over one million active users—who view the defendant in a disproportionately scornful light. According to the 3500 material, Mr. Bradley, for example, has stated to the government that "many of the artists who were featured

---

[2] We note that the only case law cited by the government in their supplemental motion concerns the potential mental health issue, which as discussed in n.1, we do not seek to introduce at trial. Accordingly, *United States v. Sabir* and *United States v. Harry* are inapposite to the contested issue.

GREENBERG TRAURIG, LLP ■ ATTORNEYS AT LAW ■ WWW.GTLAW.COM
One Vanderbilt Avenue ■ New York, New York 10017 ■ Tel 212-801-9200 ■ Fax 212-801-6400

Honorable Jesse M. Furman
April 18, 2023
Page 3

by OpenSea felt taken advantage of after the Chastain incident." Likewise, one of the other witnesses the government has designated has opined that "the Chastain incident left a bad taste in many artists' mouths." Such anecdotal opinions—from non-victim witnesses—cannot supplant OpenSea witness testimony or expert analytical testimony to show harm to OpenSea.

Should these individuals be permitted to speak for the masses, the jury is likely to associate their feelings with those of the entire OpenSea user base. This presents a high risk that the jury would impute guilt to Mr. Chastain even though the issue in this case is not whether Chastain defrauded these artists (or any artists) on the OpenSea platform.

Based on the foregoing, Mr. Chastain respectfully requests that this Court enter an order (i) denying the government's supplemental motion *in limine* and (ii) excluding the testimony and opinions of Joseph Bradley and the proposed co-witnesses.

Separately, in light of the Court's motion in *limine* ruling earlier today, the defense intends to submit a revised proposed *voir dire* to include certain questions regarding "insider trading," and, if acceptable to the Court, will do so on or before this Friday, April 21, 2023.

Thank you for the Court's consideration.

Respectfully submitted,

GREENBERG TRAURIG, LLP

By: */s/ David I. Miller*
David I. Miller
Daniel P. Filor
Charles J. Berk
Nicholas T. Barnes
One Vanderbilt Avenue
New York, NY 10017
Telephone: (212) 801-9200
Facsimile: (212) 801-6400
*Attorneys for Nathaniel Chastain*