**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) No. 22-cr-305 (JMF) |
| | ) |
| NATHANIEL CHASTAIN, | ) |
| | ) |
| Defendant. | ) |
| | ) |

DEFENDANT'S REQUESTS TO CHARGE

GREENBERG TRAURIG, LLP

David I. Miller
Daniel P. Filor
Charles J. Berk
Nicholas T. Barnes
One Vanderbilt Avenue
New York, New York 10017
Telephone: (212) 801-9200
Facsimile: (212) 801-6400
*Attorneys for Defendant Nathaniel Chastain*

Defendant Nathaniel Chastain, by and through his counsel, submits the following

Requests to Charge.  Defendant reserves the right to supplement his requests as evidence is

produced at the pre-trial stage and introduced at trial.

### LIST OF PROPOSED GENERAL INTRODUCTORY JURY INSTRUCTIONS

| Instruction | Source |
|---|---|
| Role of the Court and the Jury | *United States v. Avenatti*, 19-cr-374 (JMF) (S.D.N.Y. February 1, 2022), ECF No. 356 at 1 |
| Instructions to be Considered as a Whole | *United States v. Perrotti*, 14-cr-215 (JAM) (D. Conn. July 23, 2015), ECF No. 90, at 2 |
| The Parties | *Avenatti*, 19-cr-374 (JMF) (S.D.N.Y. February 1, 2022), ECF No. 356 at 2 |
| Conduct of Counsel and Mr. Chastain | *Avenatti*, 19-cr-374 (JMF) (S.D.N.Y. February 1, 2022), ECF No. 356 at 3 |
| Presumption of Innocence and Burden of Proof | *Avenatti*, 19-cr-374 (JMF) (S.D.N.Y. February 1, 2022), ECF No. 356 at 3 |
| Proof Beyond a Reasonable Doubt | *Avenatti*, 19-cr-374 (JMF) (S.D.N.Y. February 1, 2022), ECF No. 356 at 4 |
| Direct and Circumstantial Evidence | *Avenatti*, 19-cr-374 (JMF) (S.D.N.Y. February 1, 2022), ECF No. 356 at 4 |
| What Is and What Is Not Evidence | *Avenatti*, 19-cr-374 (JMF) (S.D.N.Y. February 1, 2022), ECF No. 356 at 6 |
| Credibility of Witnesses | *Avenatti*, 19-cr-374 (JMF) (S.D.N.Y. February 1, 2022), ECF No. 356 at 8 |
| Law Enforcement and Government Witnesses | *Avenatti*, 19-cr-374 (JMF) (S.D.N.Y. February 1, 2022), ECF No. 356 at 9 |
| Preparation and Representation of Witnesses | *Avenatti*, 19-cr-374 (JMF) (S.D.N.Y. February 1, 2022), ECF No. 356 at 10 |
| Uncalled Witnesses | *Avenatti*, 19-cr-374 (JMF) (S.D.N.Y. February 1, 2022), ECF No. 356 at 10 |
| Number of Witnesses and Uncontradicted Testimony | *Avenatti*, 19-cr-374 (JMF) (S.D.N.Y. February 1, 2022), ECF No. 356 at 11 |
| Evidence of Good Character | Leonard B. Sand et al., Modern Federal Jury Instructions – Criminal, Instr. 5-14 (2022) |
| Stipulations | *Avenatti*, 19-cr-374 (JMF) (S.D.N.Y. February 1, 2022), ECF No. 356 at 12 |
| Limited Purpose Evidence | *Avenatti*, 19-cr-374 (JMF) (S.D.N.Y. February 1, 2022), ECF No. 356 at 12 |
| Charts and Summaries | *Avenatti*, 19-cr-374 (JMF) (S.D.N.Y. February 1, 2022), ECF No. 356 at 12 |
| The Defendant's Testimony | *Avenatti*, 19-cr-374 (JMF) (S.D.N.Y. February 1, 2022), ECF No. 356 at 13 (if defendant does not testify)<br><br>*United States v. Mathieu*, 16-cr-763 (LGS) (S.D.N.Y. May 9, 2019), ECF No. 745-15 (if defendant does testify) |
| Venue | Leonard B. Sand et al., Modern Federal Jury Instructions – Criminal, Instr. 3.09 (2022) |

## **PROPOSED JURY INSTRUCTIONS (SUBSTANTIVE CHARGES)**

Crimes Defined by Statute Only

The Indictment

Count One: Elements

Count One — First Element: Existence of Scheme or Artifice

       First Element: Existence of Scheme or Artifice - Property

Count One — Second Element: Knowledge and Intent to Defraud

Count One — Third Element: Use of Wires

Count Two: Elements

Count Two — First Element: Financial Transaction

Count Two — Second Element: Involving Proceeds of Specified Unlawful Activity

Count Two — Third Element: Knowledge that the Proceeds Came from Some Form of Unlawful Activity

Count Two — Fourth Element: Knowledge that the Transaction was Designed to Conceal or Disguise

Defense Theory of the Case

Expert Witness

## PROPOSED JURY INSTRUCTION NO. 1

### Crimes Defined by Statute Only

The fact that you may think certain conduct is unethical or morally wrong is truly of no consequence in this case. Statutes enacted by Congress define our crimes, and I will talk to you about the relevant statutes here and how they break down into essential elements so that you can consider the elements that the government must prove beyond a reasonable doubt. Conduct is only a crime if it is defined as such by a statute. A feeling that something wrong has been done is insufficient to convict anyone of any charge whatsoever. Remember, not every instance of unfairness constitutes a crime.  Instead, you are required to break the wire fraud and money laundering counts charged here down to their elements, determine if the government has or has not met its burden of proving the guilt of the defendant beyond a reasonable doubt as to each one of those elements, and then, with that determination made, you can render a verdict.

---

Authority: Adapted from charges given in *United States v. Zemlyansky*, 12-cr-171 (JPO) (S.D.N.Y. Nov. 13, 2013), ECF No. 931, at 128-29; *see also United States v. Seitz*, 12-cr-921 (SHS) (S.D.N.Y. Mar. 11, 2014), ECF No. 95, at 103; *see also United States v. Weimert*, 819 F.3d 351, 357 (7th Cir. 2016) ("Not all conduct that strikes a court as sharp dealing or unethical conduct is a scheme or artifice to defraud.") (internal quotation marks omitted).

## PROPOSED JURY INSTRUCTION NO. 2

### The Indictment

The defendant is formally charged in an Indictment. As I instructed you at the outset of this case, the Indictment is a charge or accusation. It is not evidence.  The defendant pleaded not guilty and is presumed innocent.

He may not be found guilty by you unless all twelve of you unanimously find that the government has proved his guilt beyond a reasonable doubt.  The Indictment contains two charges, or "counts," against Nathaniel Chastain.

Each count accuses the defendant of committing a different crime. You must, as a matter of law, consider each count individually.  But as I will explain, if you find the defendant not guilty on the wire fraud count, you must find the defendant not guilty on the money laundering count.

Count One charges the defendant with wire fraud. Specifically, the Indictment charges that, "from at least in or about June 2021 to at least in or about September 2021, Nathaniel Chastain, the defendant, misappropriated OpenSea's confidential business information about which NFTs were going to be featured on its homepage and used that information to secretly purchase dozens of NFTs shortly before they were featured."

Count Two charges the defendant with money laundering. Specifically, the Indictment charges that, from at least in or about June 2021 to at least in or about September 2021, the defendant, knowing that the property involved in a financial transaction represented the proceeds of some form of unlawful activity—here, in relation to the wire fraud scheme charged in Count One—conducted a financial transaction which, in fact, involved the proceeds of unlawful activity as defined in 18 U.S.C. § 1956(c)(7), knowing that the transaction was designed to conceal and

4

disguise the nature, the location, the source, the ownership, and the control of the proceeds of unlawful activity.  I will explain each count in turn.

Before I proceed, I would like to reiterate what I explained earlier.  You have heard the government use the term "insider trading" at this trial.  You may have heard that term before. The defense disputes that the alleged conduct was "insider trading." Whatever understanding you may have about "insider trading," you should only follow my instructions concerning the crimes charged in this case, which are wire fraud and money laundering.  I will instruct you now on those counts with which Mr. Chastain is charged—and the elements that the government must prove beyond a reasonable doubt.

---

Authority: Adapted from charges given in *United States v. Avenatti*, 19-cr-374 (JMF) (S.D.N.Y. February 1, 2022), ECF No. 356 at 14-15; *see also* Leonard B. Sand et al., Modern Federal Jury Instructions – Criminal, Instr. 3.01 (2022).

**<u>PROPOSED JURY INSTRUCTION NO. 3</u>**

**<u>Wire Fraud: Elements of the Offense</u>**

In order to find the defendant guilty of Count One, the Government must prove the following three elements beyond a reasonable doubt:

*First*, that there was a scheme or artifice to defraud or to obtain money or property by materially false and fraudulent pretenses, representations or promises;

*Second*, that the defendant knowingly, willfully, and with the intent to defraud, devised or participated in the scheme or artifice; and

*Third*, that an interstate or international wire communication was used in furtherance of the scheme or artifice.

---

<u>Authority</u>: Charge given in *United States v. Avenatti*, 19-cr-374 (JMF) (S.D.N.Y. February 1, 2022), ECF No. 356 at 15; *see also* Leonard B. Sand et al., Modern Federal Jury Instructions – Criminal, Instr. 44-3 (2022).

## PROPOSED JURY INSTRUCTION NO. 4

### Wire Fraud: First Element – Existence of Scheme or Artifice

The first element that the Government must prove beyond a reasonable doubt for the purpose of Count One is that there was a scheme or artifice to defraud a victim of money or property by means of false or fraudulent pretenses, representations, or promises.

A "scheme or artifice" is merely a plan to accomplish an object. A "scheme or artifice to defraud" is any plan, device, or course of action to obtain money or property by means of false or fraudulent pretenses, representations, or promises.

A pretense, representation, or promise is false if it is untrue when made and was then known to be untrue by the person making it. A pretense, representation, or promise is fraudulent if it was falsely made with the intent to deceive.

Deceitful statements of half-truths, the concealment of material facts, and the expression of an opinion not honestly entertained may also constitute false or fraudulent statements under the statute.  The deception need not be premised upon spoken or written words alone. The arrangement of the words, or the circumstances in which they are used may convey the false and deceptive appearance. If there is deception, the manner in which it is accomplished is immaterial.

The false or fraudulent pretense, representation, or promise must relate to a material fact or matter. A material fact is one that reasonably would be expected to be of concern to a reasonable and prudent person in relying upon the pretense, representation, or promise in making a decision. This means that if you find a particular statement of fact to have been false, you must also determine whether that statement was one that a reasonable person would have considered important in making his or her decision. The Government is not required to prove that the scheme or artifice actually succeeded — that is, that an intended victim relied upon any false statement or suffered any loss or that a defendant realized any gain.

7

The failure to disclose information may also constitute a fraudulent representation if the defendant was under a legal, professional, or contractual duty to make such a disclosure; the defendant actually knew such disclosure was required to be made; and the defendant failed to make such disclosure with the intent to defraud.

In addition to proving that a statement was false or fraudulent and related to a material fact, in order to establish a scheme to defraud, the Government must prove that the alleged scheme contemplated wrongly depriving another of money or property.  The Government is not, however, required to prove that the defendant personally originated the scheme to defraud. Furthermore, it is not necessary that the Government prove that the defendant actually realized any gain from the scheme or that the intended victim actually suffered any loss.

It is enough that a false statement, or a statement omitting material facts that made what was said deliberately misleading, was made as part of a fraudulent scheme in the expectation that it would be relied on.

You must concentrate on whether there was such a scheme, not on the consequences of the scheme. Of course, proof concerning the accomplishment of the goals of the scheme may be the most persuasive evidence of the existence of the scheme itself.

A scheme to defraud need not be shown by direct evidence, but may be established by all of the circumstances and facts in the case.

It bears emphasizing here that the government has alleged the purported victim in this case to be OpenSea, Mr. Chastain's former employer.  Thus, in evaluating the evidence as to Count One, you must consider only whether he intended to wrongly deprive OpenSea of money or property.

Parties other than OpenSea, such as NFT collectors, artists, or members of OpenSea's user base are not purported victims in this case. There is no charge that Mr. Chastain engaged in a scheme to defraud any other victim, and you should not give such thoughts any consideration in your deliberations.

---

Authority: Adapted from charge given in *United States v. Avenatti*, 19-cr-374 (JMF) (S.D.N.Y. February 1, 2022), ECF No. 356 at 15-17.

## PROPOSED JURY INSTRUCTION NO. 5

### Wire Fraud: First Element – Existence of Scheme or Artifice (Cont'd) - Property

As I've explained, the first element that the Government must prove is that the defendant engaged in a "scheme or artifice to defraud."  But the federal fraud statutes do not criminalize all acts of dishonesty.  The wire fraud statute is limited in scope to the protection of "property" rights.  Thus, for the purpose of Count One, the government must prove beyond a reasonable doubt that the defendant engaged in a scheme or artifice to defraud a victim of money or "property."

Information is "property" only if it is confidential business information that was (1) acquired or compiled by the purported victim—here, OpenSea—in the course of its business, *and* (2) both considered *and* treated by OpenSea in a way that maintained its exclusive right to the information.  Under the wire fraud statute, whether confidential business information has "value" to an employer may be relevant in evaluating whether the information is "property."

In determining whether OpenSea treated information as confidential, pertinent factors to consider may include, among other things: written company policies, employee training, measures the employer has taken to guard the information's secrecy, the extent to which the information is known outside the employer's place of business, and the ways in which other employees may access and use the information.  If an employer considers information to be confidential but does not really take affirmative steps to treat it as such and maintain exclusivity, it cannot be "property."

If you find that the government has sustained its burden of proof that a scheme to defraud

OpenSea did exist, as charged, you next should consider the second element.

---

Authority:

As explained by the Second Circuit:

"*Carpenter* requires proof that the information was both considered and treated by an employer in a way that maintained the employer's exclusive right to the information. Should this issue arise in future proceedings, district courts would do well to provide additional guidance to the jury regarding how to evaluate whether employers treat information as confidential. The pertinent factors will, of course, vary from case to case, but may include written company policies, employee training, measures the employer has taken to guard the information's secrecy, the extent to which the information is known outside the employer's place of business, and the ways in which other employees may access and use the information. If employers 'consider' information to be confidential but do not really take affirmative steps to treat it as such and maintain exclusivity, *Carpenter* is not satisfied."

*United States v. Mahaffy*, 693 F.3d 113, 138 n.14 (2d Cir. 2012); *see also United States v. Chastain,* No. 22-cr-305 (JMF), 2022 U.S. Dist. LEXIS 192508, at *4-5 (S.D.N.Y. Oct. 21, 2022).

While the defense respectfully preserves its argument that for information to constitute "property" under the wire fraud statute it must have inherent economic value to the victim, in light of the Court's April 17, 2023 ruling, we respectfully submit that the presence or absence of inherent economic value should be included as a factor in evaluating whether information constitutes property for the purposes of wire fraud. *U.S. v. Chastain*, 22-cr-305, (S.D.N.Y. Apr. 17, 2023), ECF No. 88 at 9 ("The fact that information has 'value' to an employer may well be relevant in evaluating whether the information is property.")

**PROPOSED JURY INSTRUCTION NO. 6**

**Wire Fraud: Second Element – Knowledge and Intent to Defraud**

The second element that the Government must establish beyond a reasonable doubt for purposes of Count One is that the defendant devised or participated in the fraudulent scheme knowingly, willfully, and with specific intent to defraud.

To "devise" a scheme to defraud is to concoct or plan it. To "participate" in a scheme to defraud means to associate oneself with it, with the intent of making it succeed.

"Knowingly" means to act voluntarily and deliberately, rather than mistakenly or inadvertently.

An act is done "willfully" if it is done voluntarily and with knowledge that one's conduct is unlawful and with the intent to do something the law forbids, that is to say with the bad purpose and motive to disobey or to disregard the law. A defendant's conduct is not willful if it was due to carelessness or negligence, inadvertence, mistake, or was the result of a good faith misunderstanding of the requirements of the law.

"Intent to defraud" means to act knowingly and with the specific intent to deceive, for the purpose of causing some financial or property loss to another. Thus, the defendant acted with "intent to defraud," in the context of wire fraud, if he engaged or participated in the fraudulent scheme with awareness of its fraudulent or deceptive character, with an intention to be involved in the scheme to defraud and to help it succeed, and with a purpose of causing some financial or property loss to another. That is, the Government must prove beyond a reasonable doubt that the defendant contemplated some actual harm or injury to a victim with respect to the victim's money or property.

As I instructed before, the Government need not prove that any intended victim was actually harmed, only that such harm was intended by the defendant.

Because an essential element of wire fraud is the intent to defraud, it follows that good faith on the part of a defendant is a complete defense to the charge of wire fraud. That is, if the defendant in good faith believed that he was entitled to take the money or property from the victim, even if that belief was mistaken, then you must find him not guilty even if others were injured by the defendant's conduct. The defendant has no burden to establish good faith. The burden is on the Government to prove fraudulent intent and the consequent lack of good faith beyond a reasonable doubt.

Under the wire fraud statute, false representations or statements, or omissions of material facts, do not amount to a fraud unless done with fraudulent intent. Thus, however misleading or deceptive a plan may be, it is not fraudulent if it was devised or carried out in good faith. Additionally, it is not enough for the Government to prove that the defendant made false representations or statements or that he omitted material facts; it must prove beyond a reasonable doubt that he did so with the intent to deprive someone of money or property to which he knew he was not entitled.

Proof that the defendant violated one or more of his professional duties does not, without more, mean that he is guilty of any crime. That is, an employee can violate his ethical duties to his employer without having the intent required to commit a crime. Again, the question you must decide with respect to the first two elements of Count One is whether the defendant knowingly, willfully, and with the intent to defraud, devised or participated in a scheme or artifice to defraud or to obtain money or property by materially false and fraudulent pretenses, representations or promises as alleged in Count One of the Indictment — not whether he violated his ethical obligations.

Direct proof of knowledge and fraudulent intent is not always available. Thus, the ultimate facts of knowledge and intent may be established by circumstantial evidence, based upon a person's outward manifestations, his words, his conduct, his acts and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn therefrom.

To conclude on this element, if you find that the government failed to prove beyond a reasonable doubt that defendant was a knowing or willful participant in the scheme or that he lacked the specific intent to defraud, you must find the defendant not guilty. On the other hand, if you find that the Government has established beyond a reasonable doubt not only the first element, namely the existence of the scheme to defraud, but also this second element, you next should consider the third and final element of wire fraud.

---

Authority:  Adapted from charge given in *United States v. Avenatti*, 19-cr-374 (JMF) (S.D.N.Y. February 1, 2022), ECF No. 356 at 17-19 (wire fraud); *see also United States v. Bick*, 15-cr-00001 (JAM) (D. Conn. November 25, 2015), ECF No. 101 at 8 (wire fraud); *see also United States v. Drivas*, 10-cr-771 (NG) (E.D.N.Y. July 10, 2013), ECF No. 589, at 19, 25 ("'Willfully' means to act knowingly and with a bad purpose to disobey the law. 'Knowingly' means to act voluntarily and deliberately rather than mistakenly or inadvertently."); *United States v. Campos*, 16-cr-395 (S.D.N.Y. July 20, 2017), ECF No. 140, at 27 ("[T] to act knowingly means to act consciously and voluntarily rather than by mistake or accident. To act willfully means to act deliberately and with a purpose to do something the law forbids.")

**PROPOSED JURY INSTRUCTION NO. 7**

**Wire Fraud: Third Element – Use of Wires**

The third and final element that the Government must establish beyond a reasonable doubt for purposes of Count One is that interstate wires (for example, telephone calls, email communications, WhatsApp messages, text messages, or bank wire transfers) were used in furtherance of the scheme to defraud. The wired communication need not itself be fraudulent. Indeed, it may be completely innocent as long as it was made in furtherance of the fraudulent scheme.

To be in furtherance of the scheme, the wire communication must be incident to an essential part of the scheme to defraud and must have been caused, directly or indirectly, by the defendant. The wire communication requirement can be satisfied, however, even if the wire communication was done by the person being defrauded or some other innocent party.

When a person does an act with knowledge that the use of the wires will follow in the ordinary course or where such use can reasonably be foreseen by that person, even though he does not actually intend such use, then he nonetheless causes the wires to be used. Thus, there is no requirement that the defendant specifically authorize others to make a communication by wire.

The Government must prove beyond a reasonable doubt that the wire communication occurred within the period of the scheme listed in Count One. The Government must prove beyond a reasonable doubt that the wire communication was interstate or international.

To do so, the Government may prove that a wire communication whose origin and destination were within one state was routed through another state, or that the wire communication passed between two or more states or between the United States and a foreign

15

country. The Government is not required to prove that a defendant knew or could foresee the

interstate or international nature of the wire communication.

---

<u>Authority</u>: Charge given in *United States v. Avenatti*, 19-cr-374 (JMF) (S.D.N.Y. February 1, 2022), ECF No. 356 at 19-20; *see also United States v. Bick*, 15-cr-00001 (JAM) (D. Conn. November 25, 2015), ECF No. 101 at 10.

**PROPOSED JURY INSTRUCTION NO. 8**

**Money Laundering: Elements of the Offense**

The defendant is charged with concealment money laundering.  Section 1956 of Title 18, United States Code, deals with participation in a financial transaction that involves property constituting the proceeds of specified unlawful activity. As relevant here, section 1956(a)(1)(B) provides:

> Whoever, knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, conducts or attempts to conduct such a financial transaction which in fact involves the proceeds of specified unlawful activity—
>
> (B) knowing that the transaction is designed in whole or in part -
>
>> (i) to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity;
>
> [is guilty of a crime].

In other words, Section 1956 of Title 18 of the United States Code, makes it a federal crime knowingly to conduct financial transactions involving the proceeds of certain illegal activities with the knowledge that the transaction is designed to conceal or disguise the nature, location, source, ownership, or control of the proceeds.  In order to prove the crime of money laundering in this case, the government must establish each of the following four elements beyond a reasonable doubt:

*First*, that the defendant conducted a financial transaction;

*Second*, that the financial transaction involved the proceeds of specified unlawful activity;

*Third*, that defendant knew that the proceeds involved in the transaction came from some form of illegal activity;

*Fourth*, that defendant knew that the transaction is designed, in whole or in part, to conceal or disguise the nature, location, source, ownership, or control of the proceeds of the specified unlawful activity.

Authority: Adapted from Leonard B. Sand et al., Modern Federal Jury Instructions – Criminal, Instr. 50A.02 (2022); *see United States v. Zemlyansky*, 12-cr-171 (JPO) (S.D.N.Y. Nov. 13, 2013), ECF No. 931, at 152-156; *see also United States v. Pikus*, 16-cr-329 (AMD) (E.D.N.Y. Nov. 15, 2019) ECF No. 382 at 26.

**PROPOSED JURY INSTRUCTION NO. 9**

**Money Laundering: First Element – Financial Transaction**

The first element which the government must prove beyond a reasonable doubt is that the defendant conducted a financial transaction. A number of these terms require definition.

The term "conducts" includes initiating, concluding, or participating in initiating or concluding a transaction.

A "transaction" includes a purchase, sale, loan, pledge, gift, transfer, delivery, or other disposition of property.

The term "financial transaction" means a transaction involving a (A) financial institution which is engaged in, or the activities of which affect, interstate or foreign commerce in any way or degree, or (B) a transaction which in any way or degree affects interstate or foreign commerce and (i) involves the movement of funds by wire or other means, or (ii) involves one or more monetary instruments, or (iii) involves the transfer of title to any real property, vehicle, vessel or aircraft. A transaction that affects interstate or foreign commerce includes money that is transferred from one party to another or through a financial institution.

A "transaction involving a financial institution" includes a deposit, withdrawal, transfer between accounts, exchange of currency, loan, extension of credit, purchase of sale of any stock, bond, certificate of deposit, or other monetary instrument, use of a safe deposit box, or any other payment, transfer, or delivery by, through, or to a financial institution by whatever means.

The term "interstate or foreign commerce" means commerce between any combination of states, territories or possessions of the United States, or between the United States and a foreign country.

The term "monetary instrument" includes, among other thing, coin or currency of the United States or any other country, personal checks, traveler's checks, cashier's checks, bank checks, money orders, and investment securities or negotiable instruments in bearer form or otherwise in such form that title thereto passes upon delivery.

---

Authority: Adapted from Leonard B. Sand et al., Modern Federal Jury Instructions – Criminal, Instr. 50A.02 (2022); *see United States v. Zemlyansky*, 12-cr-171 (JPO) (S.D.N.Y. Nov. 13, 2013), ECF No. 931, at 152-156; *see also United States v. Pikus*, 16-cr-329 (AMD) (E.D.N.Y. Nov. 15, 2019) ECF No. 382 at 26-27.  In *United States v. Gotti*, 459 F.3d 296 (2d Cir. 2006), the government's money laundering allegations involved payment of funds from one party to another, and while the court recognized that "the delivery or transfer of cash to another person is a financial transaction," it suggested "the 'mere transportation of cash' does not meet the definition of a financial transaction" because it does not constitute a "disposition of funds." *Gotti*, 459 F.3d at 335-336.  *See, e.g., United States v. Kneeland,* 148 F.3d 6 (1st Cir. 1998) (movement between bank accounts); *United States v. Majors,* 196 F.3d 1206 (11th Cir. 1999) (movement between bank accounts); *United States v. Burns,* 162 F.3d 840 (5th Cir. 1998) (movement between bank accounts); *United States v. Blair,* 661 F.3d 755, 764 (4th Cir. 2011) (transfer of funds between parties and through financial institution)).

**PROPOSED JURY INSTRUCTION NO. 10**

**Money Laundering: Second Element – Involving Proceeds of Specified Unlawful Activity**

The second element that the government must prove beyond a reasonable doubt is that the financial transaction involved the proceeds of specified unlawful activity.

The term "proceeds" means any property derived from or obtained or retained, directly or indirectly, through some form of unlawful activity, including the gross receipts of such activity. Proceeds can be any kind of property, not just money.

The term "specified unlawful activity" means any one of a variety of offenses defined by the statute. In this case, the government has alleged that the funds in question were the proceeds of an alleged wire fraud scheme described in Count One. I instruct you that, as a matter of law, the crime of wire fraud falls within that definition. However, you must determine beyond a reasonable doubt whether the funds were the proceeds of that unlawful activity. I have already instructed you regarding the elements of wire fraud, and you should refer to those instructions here.

---

Authority: Adapted from Leonard B. Sand et al., Modern Federal Jury Instructions – Criminal, Instr. 50A.02 (2022); *see United States v. Pikus*, 16-cr-329 (AMD) (E.D.N.Y. Nov. 15, 2019) ECF No. 382 at 28; *see also United States v. Whyte,* 19-cr-00064 (VAB) (D. Conn. September 26, 2021) ECF No. 1776 at 73-75.

## PROPOSED JURY INSTRUCTION NO. 11

### Money Laundering: Third Element – Knowledge that the Proceeds Came from Some Form of Unlawful Activity

The third element that the government must prove beyond a reasonable doubt is that the defendant knew that the property involved in the financial transaction was the proceeds of some form of unlawful activity.

To satisfy this element, the government must prove that the defendant knew that the property represented proceeds from some form of illegal activity. I have instructed you that wire fraud is a felony under the law of the United States. Therefore, if you find that the defendant knew that the property was the proceeds of the crime of wire fraud, that would be sufficient to satisfy this third element.

Since this third element requires proof that the defendant "knew" that the property represented proceeds of some form of unlawful activity, I want to go back over the meaning of "knowledge." As I explained earlier, a person acts "knowingly" if he acts purposely and voluntarily and not because of a mistake, accident or other innocent reason. Whether the defendant acted knowingly may be proven by the defendant's conduct and by all of the facts and circumstances surrounding the case.

---

Authority: Adapted from Leonard B. Sand et al., Modern Federal Jury Instructions – Criminal, Instr. 50A.02 (2022); *see United States v. Whyte,* 19-cr-00064 (VAB) (D. Conn. September 26, 2021) ECF No. 1776 at 76; *see also United States v. Pikus,* 16-cr-329 (AMD) (E.D.N.Y. Nov. 15, 2019) ECF No. 382 at 28-29.

**PROPOSED JURY INSTRUCTION NO. 12**

**Money Laundering: Fourth Element – Knowledge that the
Transaction was Designed to Conceal or Disguise**

The fourth element that the government must prove beyond a reasonable doubt is that the

defendant acted with the knowledge that the transaction was designed, in whole or in part, to

conceal or disguise the nature, location, source, ownership, or control of the proceeds of

specified unlawful activity.

In this context, "design" means purpose or plan, in other words, the intended aim of the

transaction.  If you find that the evidence establishes beyond a reasonable doubt that the

defendant knew of the purpose of the particular transaction in issue, and that he knew that the

transaction was either designed to conceal or disguise the true origin of the property in question,

then this element is satisfied.

An allegation that cryptocurrency or digital assets are used as a payment system is

insufficient in and of itself to state a claim for money laundering. The fact that cryptocurrency or

digital assets may operate using pseudonymous transactions (*i.e.*, transactions where users'

identities are undisclosed) does not mean that those transactions relate to unlawful activities.

In fact, merely hiding funds is not sufficient to constitute money laundering, even if

substantial efforts have been expended to conceal the money.  If you find that the defendant

knew of the transaction but did not know that it was either designed to conceal or disguise any

unlawful activity, but instead thought that the transaction was for a lawful and honest purpose,

you must find that this element has not been satisfied and find the defendant not guilty.

Authority: Adapted from Leonard B. Sand et al., Modern Federal Jury Instructions – Criminal,
Instr. 50A.02 (2022); *see United States v. Whyte,* 19-cr-00064 (VAB) (D. Conn. September 26,
2021) ECF No. 1776 at 81; *Regalado Cuellar v. United States*, 553 U.S. 550, 563 (2008)
("merely hiding funds … is not sufficient to violate the statute … In this context, 'design' means
purpose or plan; *i.e.*, the intended aim.)  Though *Regalado Cueller* involved an analysis of 18

U.S.C. § 1956(a)(2)(B)(i) (also known as "transportation money laundering"), whereas the instant matter involves 18 U.S.C. § 1956(a)(1)(B)(i) (also known as "transaction money laundering"), the concealment element is identical in both provisions. *See United States v. Garcia*, 587 F.3d 509, 517 (2009) ("[W]e have found [Cuellar's] holding equally applicable in transaction money laundering, in light of the identical language used in the two provisions."); *see United States v. Ulbricht*, 31 F. Supp. 3d 540, 569 (S.D.N.Y. 2014) ("As an initial matter, an allegation that Bitcoins are used as a payment system is insufficient in and of itself to state a claim for money laundering. The fact that Bitcoins allow for anonymous transactions does not *ipso facto* mean that those transactions relate to unlawful activities.")

## PROPOSED JURY INSTRUCTION NO. 13

### Defense Theory of the Case

The defense contends that the information allegedly used by Mr. Chastain in engaging in the NFT trades at issue was not OpenSea's "property" because (i) the information was not valuable confidential business information and (ii) was not treated as such by OpenSea.  The defense also contends Mr. Chastain did not intend to defraud or harm OpenSea and did not willfully disobey any law.  Unless you find that the prosecution has proved all the required elements beyond a reasonable doubt, you must find the defendant not guilty on Count One, and also on Count Two.

With respect to Count Two, which charges the defendant with money laundering, the defense contends that Mr. Chastain did not believe any proceeds came from unlawful activity, and that he acted lawfully in transferring cryptocurrency involved in any NFT transactions between two cryptocurrency wallets, an online "hot" wallet and a "cold" wallet or storage device.  The defense contends that Mr. Chastain's movement of cryptocurrency was consistent with that of a typical lawful cryptocurrency user.  The defense additionally contends that Mr. Chastain could not have acted to conceal his transactions in light of the fact that all of the transactions at issue were carried out on a publicly viewable blockchain, known as the Ethereum blockchain.  Unless you find that the prosecution has proved all the required elements beyond a reasonable doubt, you must find the defendant not guilty on Count Two.

## PROPOSED JURY INSTRUCTION NO. 14

### Expert Witnesses

You have heard testimony from one or more expert witnesses. An expert witness is someone who, by education or experience, has acquired learning or experience in a specialized area of knowledge. Such a witness is permitted to express his or her opinions on matters about which he or she has specialized knowledge and training. The parties may present expert testimony to you on the theory that someone who is experienced in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

Your role in judging credibility applies to experts as well as other witnesses. In weighing an expert's opinion, you may consider the expert's qualifications, education, and reasons for testifying, as well as all of the other considerations that ordinarily apply, including all the other evidence in the case. If you find the opinion of an expert is based on sufficient data, education, and experience, and the other evidence does not give you reason to doubt his or her conclusions, you would be justified in placing reliance on his or her testimony. However, you should not accept witness testimony simply because the witness is an expert. The determination of the facts in this case rests solely with you.

Authority: Charge given in *United States v. Abreu,* 21-cr-300 (JMF) (S.D.N.Y. 2022) (ECF No. 63); *see also United States v. Blondet*, 16 Cr. 387 (JMF) (S.D.N.Y. 2022); *United States v. Lopez-Cabrera*, S5 11 Cr. 1032 (PAE) (S.D.N.Y. 2014); Leonard B. Sand et al., Modern Federal Jury Instructions – Criminal 7-21.

Dated: New York, New York
      April 21, 2023

Respectfully submitted,

GREENBERG TRAURIG, LLP

By: /s/ David I. Miller
David I. Miller
Daniel P. Filor
Charles J. Berk
Nicholas T. Barnes
One Vanderbilt Avenue
New York, New York 10017
(t): (212) 801-9200; (f) (212) 801-6400
*Attorneys for Defendant Nathaniel Chastain*

REDLINE VERSION

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 22-cr-305 (JMF) |
| | ) | |
| NATHANIEL CHASTAIN, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## DEFENDANT'S REQUESTS TO CHARGE

GREENBERG TRAURIG, LLP

David I. Miller
Daniel P. Filor
Charles J. Berk
Nicholas T. Barnes
One Vanderbilt Avenue
New York, New York 10017
Telephone: (212) 801-9200
Facsimile: (212) 801-6400
*Attorneys for Defendant Nathaniel Chastain*

Defendant Nathaniel Chastain, by and through his counsel, submits the following

Requests to Charge.  Defendant reserves the right to supplement his requests as evidence is

produced at the pre-trial stage and introduced at trial.

### LIST OF PROPOSED GENERAL INTRODUCTORY JURY INSTRUCTIONS

| Instruction | Source |
|---|---|
| Role of the Court and the Jury | *United States v. Avenatti*, 19-cr-374 (JMF) (S.D.N.Y. February 1, 2022), ECF No. 356 at 1 |
| Instructions to be Considered as a Whole | *United States v. Perrotti*, 14-cr-215 (JAM) (D. Conn. July 23, 2015), ECF No. 90, at 2 |
| The Parties | *Avenatti*, 19-cr-374 (JMF) (S.D.N.Y. February 1, 2022), ECF No. 356 at 2 |
| Conduct of Counsel and Mr. Chastain | *Avenatti*, 19-cr-374 (JMF) (S.D.N.Y. February 1, 2022), ECF No. 356 at 3 |
| Presumption of Innocence and Burden of Proof | *Avenatti*, 19-cr-374 (JMF) (S.D.N.Y. February 1, 2022), ECF No. 356 at 3 |
| Proof Beyond a Reasonable Doubt | *Avenatti*, 19-cr-374 (JMF) (S.D.N.Y. February 1, 2022), ECF No. 356 at 4 |
| Direct and Circumstantial Evidence | *Avenatti*, 19-cr-374 (JMF) (S.D.N.Y. February 1, 2022), ECF No. 356 at 4 |
| What Is and What Is Not Evidence | *Avenatti*, 19-cr-374 (JMF) (S.D.N.Y. February 1, 2022), ECF No. 356 at 6 |
| Credibility of Witnesses | *Avenatti*, 19-cr-374 (JMF) (S.D.N.Y. February 1, 2022), ECF No. 356 at 8 |
| Law Enforcement and Government Witnesses | *Avenatti*, 19-cr-374 (JMF) (S.D.N.Y. February 1, 2022), ECF No. 356 at 9 |
| Preparation and Representation of Witnesses | *Avenatti*, 19-cr-374 (JMF) (S.D.N.Y. February 1, 2022), ECF No. 356 at 10 |
| Uncalled Witnesses | *Avenatti*, 19-cr-374 (JMF) (S.D.N.Y. February 1, 2022), ECF No. 356 at 10 |
| Number of Witnesses and Uncontradicted Testimony | *Avenatti*, 19-cr-374 (JMF) (S.D.N.Y. February 1, 2022), ECF No. 356 at 11 |
| Evidence of Good Character | Leonard B. Sand et al., Modern Federal Jury Instructions – Criminal, Instr. 5-14 (2022) |
| Stipulations | *Avenatti*, 19-cr-374 (JMF) (S.D.N.Y. February 1, 2022), ECF No. 356 at 12 |
| Limited Purpose Evidence | *Avenatti*, 19-cr-374 (JMF) (S.D.N.Y. February 1, 2022), ECF No. 356 at 12 |
| Charts and Summaries | *Avenatti*, 19-cr-374 (JMF) (S.D.N.Y. February 1, 2022), ECF No. 356 at 12 |
| The Defendant's Testimony | *Avenatti*, 19-cr-374 (JMF) (S.D.N.Y. February 1, 2022), ECF No. 356 at 13 (if defendant does not testify)<br><br>*United States v. Mathieu*, 16-cr-763 (LGS) (S.D.N.Y. May 9, 2019), ECF No. 745-15 (if defendant does testify) |
| Venue | Leonard B. Sand et al., Modern Federal Jury Instructions – Criminal, |

| | Instr. 3.09 (2022) |
|---|---|

## PROPOSED JURY INSTRUCTIONS (SUBSTANTIVE CHARGES)

Crimes Defined by Statute Only

The Indictment

Count One: Elements

Count One — First Element: Existence of Scheme or Artifice

> First Element: Existence of Scheme or Artifice - Property

> First Element: Existence of Scheme or Artifice — Affirmative Steps Required

Count One — Second Element: Knowledge and Intent to Defraud

Count One — Third Element: Use of Wires

Count Two: Elements

Count Two — First Element: Financial Transaction

Count Two — Second Element: Involving Proceeds of Specified Unlawful Activity

Count Two — Third Element: Knowledge that the Proceeds Came from Some Form of Unlawful Activity

Count Two — Fourth Element: Knowledge that the Transaction was Designed to Conceal or Disguise

Defense Theory of the Case

Expert Witness

## PROPOSED JURY INSTRUCTION NO. 1

### Crimes Defined by Statute Only

The fact that you may think certain conduct is unethical or morally wrong is truly of no consequence in this case. Statutes enacted by Congress define our crimes, and I will talk to you about the relevant statutes here and how they break down into essential elements so that you can consider the elements that the government must prove beyond a reasonable doubt. Conduct is only a crime if it is defined as such by a statute. A feeling that something wrong has been done is insufficient to convict anyone of any charge whatsoever. Remember, not every instance of unfairness constitutes a crime.  Instead, you are required to break the wire fraud and money laundering counts charged here down to their elements, determine if the government has or has not met its burden of proving the guilt of the defendant beyond a reasonable doubt as to each one of those elements, and then, with that determination made, you can render a verdict.

Authority: Adapted from charges given in *United States v. Zemlyansky*, 12-cr-171 (JPO) (S.D.N.Y. Nov. 13, 2013), ECF No. 931, at 128-29; *see also United States v. Seitz*, 12-cr-921 (SHS) (S.D.N.Y. Mar. 11, 2014), ECF No. 95, at 103; *see also United States v. Weimert*, 819 F.3d 351, 357 (7th Cir. 2016) ("Not all conduct that strikes a court as sharp dealing or unethical conduct is a scheme or artifice to defraud.") (internal quotation marks omitted).

## PROPOSED JURY INSTRUCTION NO. 2

### The Indictment

The defendant is formally charged in an Indictment. As I instructed you at the outset of this case, the Indictment is a charge or accusation. It is not evidence. The defendant pleaded not guilty and is presumed innocent.

He may not be found guilty by you unless all twelve of you unanimously find that the government has proved his guilt beyond a reasonable doubt. The Indictment contains two charges, or "counts," against Nathaniel Chastain.

Each count accuses the defendant of committing a different crime. You must, as a matter of law, consider each count individually. But as I will explain, if you find the defendant not guilty on the wire fraud count, you ~~need~~must find the defendant not ~~consider~~guilty on the money laundering count.

Count One charges the defendant with wire fraud. Specifically, the Indictment charges that, "from at least in or about June 2021 to at least in or about September 2021, Nathaniel Chastain, the defendant, misappropriated OpenSea's confidential business information about which NFTs were going to be featured on its homepage and used that information to secretly purchase dozens of NFTs shortly before they were featured."

Count Two charges the defendant with money laundering. Specifically, the Indictment charges that, from at least in or about June 2021 to at least in or about September 2021, the defendant, knowing that the property involved in a financial transaction represented the proceeds of some form of unlawful activity—here, in relation to the wire fraud scheme charged in Count One— conducted a financial transaction which, in fact, involved the proceeds of unlawful activity as defined in 18 U.S.C. § 1956(c)(7), knowing that the transaction was designed to

5

conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of unlawful activity.  I will explain each count in turn.

Before I proceed, I would like to reiterate what I explained earlier.  You have heard the government use the term "insider trading" at this trial.  You may have heard that term before. The defense disputes that the alleged conduct was "insider trading." Whatever understanding you may have about "insider trading," you should only follow my instructions concerning the crimes charged in this case, which are wire fraud and money laundering.  I will instruct you now on those counts with which Mr. Chastain is charged—and the elements that the government must prove beyond a reasonable doubt.

---

<u>Authority</u>: Adapted from charges given in *United States v. Avenatti*, 19-cr-374 (JMF) (S.D.N.Y. February 1, 2022), ECF No. 356 at 14-15; *see also* Leonard B. Sand et al., Modern Federal Jury Instructions – Criminal, Instr. 3.01 (2022).

## PROPOSED JURY INSTRUCTION NO. 3

### Wire Fraud: Elements of the Offense

In order to find the defendant guilty of Count One, the Government must prove the following three elements beyond a reasonable doubt:

*First*, that there was a scheme or artifice to defraud or to obtain money or property by materially false and fraudulent pretenses, representations or promises;

*Second*, that the defendant knowingly, willfully, and with the intent to defraud, devised or participated in the scheme or artifice; and

*Third*, that an interstate or international wire communication was used in furtherance of the scheme or artifice.

---

Authority: Charge given in *United States v. Avenatti*, 19-cr-374 (JMF) (S.D.N.Y. February 1, 2022), ECF No. 356 at 15; *see also* Leonard B. Sand et al., Modern Federal Jury Instructions – Criminal, Instr. 44-3 (2022).

## PROPOSED JURY INSTRUCTION NO. 4

### Wire Fraud: First Element – Existence of Scheme or Artifice

The first element that the Government must prove beyond a reasonable doubt for the purpose of Count One is that there was a scheme or artifice to defraud a victim of money or property by means of false or fraudulent pretenses, representations, or promises.

A "scheme or artifice" is merely a plan to accomplish an object. A "scheme or artifice to defraud" is any plan, device, or course of action to obtain money or property by means of false or fraudulent pretenses, representations, or promises.

A pretense, representation, or promise is false if it is untrue when made and was then known to be untrue by the person making it. A pretense, representation, or promise is fraudulent if it was falsely made with the intent to deceive.

Deceitful statements of half-truths, the concealment of material facts, and the expression of an opinion not honestly entertained may also constitute false or fraudulent statements under the statute.  The deception need not be premised upon spoken or written words alone. The arrangement of the words, or the circumstances in which they are used may convey the false and deceptive appearance. If there is deception, the manner in which it is accomplished is immaterial.

The false or fraudulent pretense, representation, or promise must relate to a material fact or matter. A material fact is one that reasonably would be expected to be of concern to a reasonable and prudent person in relying upon the pretense, representation, or promise in making a decision. This means that if you find a particular statement of fact to have been false, you must also determine whether that statement was one that a reasonable person would have considered important in making his or her decision. The Government is not required to prove that the

scheme or artifice actually succeeded — that is, that an intended victim relied upon any false statement or suffered any loss or that a defendant realized any gain.

The failure to disclose information may also constitute a fraudulent representation if the defendant was under a legal, professional, or contractual duty to make such a disclosure; the defendant actually knew such disclosure was required to be made; and the defendant failed to make such disclosure with the intent to defraud.

In addition to proving that a statement was false or fraudulent and related to a material fact, in order to establish a scheme to defraud, the Government must prove that the alleged scheme contemplated wrongly depriving another of money or property. The Government is not, however, required to prove that the defendant personally originated the scheme to defraud. Furthermore, it is not necessary that the Government prove that the defendant actually realized any gain from the scheme or that the intended victim actually suffered any loss.

It is enough that a false statement, or a statement omitting material facts that made what was said deliberately misleading, was made as part of a fraudulent scheme in the expectation that it would be relied on.

You must concentrate on whether there was such a scheme, not on the consequences of the scheme. Of course, proof concerning the accomplishment of the goals of the scheme may be the most persuasive evidence of the existence of the scheme itself.

A scheme to defraud need not be shown by direct evidence, but may be established by all of the circumstances and facts in the case.

It bears emphasizing here that the government has alleged the purported victim in this case to be OpenSea, Mr. Chastain's former employer. Thus, in evaluating the evidence as to

9

Count One, you must consider only whether he intended to wrongly deprive OpenSea of money or property.

Parties other than OpenSea, such as NFT collectors, artists, or members of OpenSea's user base are not purported victims in this case. There is no charge that Mr. Chastain engaged in a scheme to defraud any other victim, and you should not give such thoughts any consideration in your deliberations.

Authority: ~~Charge~~<u>Adapted from charge</u> given in *United States v. Avenatti*, 19-cr-374 (JMF) (S.D.N.Y. February 1, 2022), ECF No. 356 at 15-17.

**PROPOSED JURY INSTRUCTION NO. 5**

**Wire Fraud: First Element – Existence of Scheme or Artifice (Cont'd) - Property**

As I've explained, the first element that the Government must prove is that the defendant engaged in a "scheme or artifice to defraud."  But the federal fraud statutes do not criminalize all acts of dishonesty.  The wire fraud statute is limited in scope to the protection of "property" rights.  Thus, for the purpose of Count One, the government must prove beyond a reasonable doubt that the defendant engaged in a scheme or artifice to defraud a victim of money or "property."

~~Under the wire fraud statute, information~~

Information is "property" only if it is~~, among other things,~~ confidential business information ~~(which must be treated as such) and has inherent value to~~ that was (1) acquired or compiled by the purported victim.  ~~Confidential business information may be "property," if the information was the business's "stock in trade," to be gathered at the cost of enterprise, organization, skill, labor, and money, and to be distributed and sold to those who would pay money for it—in other words, information that is of inherent value to the victim.  Accordingly, even if you find that the defendant engaged in a "scheme," if the object of the scheme was not to obtain a thing of inherent value to the alleged victim, it is your duty to find the defendant not guilty.~~

~~Authority:~~

~~We respectfully submit that to prove wire fraud, the government must show that the purported victim was defrauded of "property," and that "property" must have, *inter alia*,~~

12

some inherent value to the purported victim.  Thus, here, to establish wire fraud, the government must prove, *inter alia*, that the relevant featured NFT artist information—solely derived from the Defendant's own thoughts and ideas—was the confidential business information of OpenSea (*i.e.*, that the information was considered *and* treated as confidential by OpenSea), *see United States v. Mahaffy*, 693 F.3d 113, 135 n.14 (2d Cir. 2012); and that the information had inherent value to OpenSea, *see United States v. Blaszczak*, 56 F.4th 230, 244 (2d Cir. 2022) (confidential information not "inherently valuable" to victim agency where "premature[] disclos[ure] … [had] no direct impact on government's fisc"); *see also Carpenter v. United States*, 484 U.S. 19, 26 (1987) ("[N]ews matter … is stock in trade, to be gathered at the cost of enterprise … to be distributed and sold to those who will pay money for it." (internal quotation marks and citation omitted)); *Cleveland v. United States*, 531 U.S. 12, 15 (2000) ("[T]he thing obtained must be property in the hands of the victim.").  Absent such proof, the instant wire fraud charge must fail.

As the government has already admitted in the Second Circuit, "confidential business information" constitutes property when the information has "inherent market value" to its owner.  United States Supp. Letter Brief at 7, *United States v. Blaszczak*, Nos. 18-2811, 18-2825, 18-2867, 18-2878 (2d Cir. June 4, 2021) (ECF No. 497).  This makes sense, as the government's current theory—that inherent value of the subject information is immaterial—would capture virtually every instance in which an employee used internal employer information for non-work purposes.  But not everything learned about an employer's business is corporate "property."  *Carpenter* never announced a sweeping rule that all information "not generally known or available outside of," Indictment ¶ 9, the workplace constitutes property, which is consistent with the caselaw in this Circuit that a wire fraud does not always exist from an employee's breach of duty to his employer.  *See* Brief of Amicus Curiae the New York Council of Defense Lawyers at 9-10 (ECF No. 20).  Indeed, as courts have continually insisted, "[a] scheme to deceive, however dishonest the methods employed, is not a scheme to defraud in the absence of a property right to interfere with." *United States v. Pierce*, 224 F.3d 158, 165 (2d Cir. 2000); *see Kelly v. United States*, 140 S. Ct. 1565, 1572 (2020) (finding that deceitful conduct in the absence of a traditional property interest does not amount to property fraud).  And as noted in the Defendant's Motion to Dismiss in this case, absent clear direction from Congress, the

patent ambiguity surrounding the definition of property under wire fraud statute counsels in favor of lenity. *See* Defendant's Motion to Dismiss the Indictment at 19 (ECF No. 19).

The Second Circuit's recent decision in *Blaszczak* demonstrates that confidential business information must have, *inter alia*, inherent value to constitute property under 18 U.S.C. § 1343. *Blaszczak*, 56 F.4th at 243-44. To this end, when confidential business information is a company's "stock in trade, to be gathered at the cost of enterprise, organization, skill, labor, and  money, and *to be distributed and sold to those who [would] pay money for it*," then it may constitute property. *Id.* at 243 (quoting *Carpenter*, 484 U.S. at 26 (emphasis in original)). Such information will impact the company's "fisc." *Id.* at 244.

*Blaszczak*'s inherent value requirement is not dependent on whether the alleged property-based fraud arises in a commercial or regulatory context.[1] This is clear from the majority opinion that discussed why the value requirement that applied to the publisher victim in *Carpenter* also applied to the Circuit's precedent regarding the DEA's confidential records in *United States v. Girard*, 601 F.2d 69 (2d Cir. 1979). Specifically, *Blaszczak* explained that its holding was consistent with *Girard* because the DEA's confidential records of informant identities were property, as they were "inherently valuable" information of the DEA. 56 F.4th at 244 (citing *Girard*, 601 F.2d at 71). The dissent similarly recognized that *Blaszczak*'s requirement that confidential information have inherent value to the victim applied equally to regulatory and commercial entities. *See Blaszczak*, 56 F.4th at 256 (Sullivan, J., dissenting) ("[T]he majority opinion offers no rationale for a rule that would protect rights of commercial entities but not those of government agencies possessing comparable information…. Certainly, no such distinction appears on the face of sections 1343 or 1348, and it defies common sense to think that Congress would give fraudsters carte blanche to misappropriate the 'confidential information' of any and every 'regulatory agency.'"). Critically, *Blaszczak*'s holding is consistent with the Supreme Court's direction that property fraud statutes not be used by the "Federal Government … to enforce (its view of) integrity," but operate to protect traditional property rights only. *Kelly*, 140 S. Ct. at 1574; *see also Cleveland*, 531 U.S. at 24.

Accordingly, as has been demonstrated throughout the briefing in this case, the government must prove that the featured NFT artist information had inherent value to OpenSea. *See* Defendant's Motion to Dismiss the Indictment at 11-19 (ECF No. 19); Defendant's Reply Brief in Support of his Motion to Dismiss the Indictment at 6-12 (ECF No. 25); Brief of Amicus Curiae the New York Council of Defense Lawyers (ECF No. 20).

---

[1] Indeed, the analysis in *Cleveland* and *Kelly* circumscribing "property" under the wire fraud status is not limited to a regulatory context. *See* Defendant's Reply Brief in Support of his Motion to Dismiss the Indictment at 9 (ECF No. 25).

~~**PROPOSED JURY INSTRUCTION NO. 6**~~

~~**Wire Fraud: First Element—Existence of Scheme or Artifice (Cont'd)**~~
~~**Affirmative Steps Required**~~

~~**Information may be "confidential business information" and, when inherently valuable to the holder, "property," under the wire fraud statute only if the holder both considered and treated the information in a way that maintained the employer's exclusive right to the information.  To evaluate**~~ —here, OpenSea—in the course of its business, *and* (2) both considered *and* treated by OpenSea in a way that maintained its exclusive right to the information.  Under the wire fraud statute, whether confidential business information has "value to an employer may be relevant in evaluating whether the information is "property."

In determining whether ~~a holder—in this case, an employer—~~OpenSea treated information as confidential, ~~the~~ pertinent factors to consider may include, among other, ~~may include~~ things: written company policies, employee training, measures the ~~business~~employer has taken to guard the information's secrecy, the extent to which the information is known outside the employer's place of business, and the ways in which other employees may access and use the information.  If an employer considers information to be confidential but does not really take affirmative steps to treat it as such and maintain exclusivity, it cannot be "property."

If you find that the ~~Government~~government has sustained its burden of proof that a scheme to defraud OpenSea did exist, as charged, ~~did exist,~~ you next should consider the second element.

15

Authority:

    As explained by the Second Circuit:

    "*Carpenter* requires proof that the information was both considered and treated by an employer in a way that maintained the employer's exclusive right to the information. Should this issue arise in future proceedings, district courts would do well to provide additional guidance to the jury regarding how to evaluate whether employers treat information as confidential. The pertinent factors will, of course, vary from case to case, but may include written company policies, employee training, measures the employer has taken to guard the information's secrecy, the extent to which the information is known outside the employer's place of business, and the ways in which other employees may access and use the information. If employers 'consider' information to be confidential but do not really take affirmative steps to treat it as such and maintain exclusivity, *Carpenter* is not satisfied."

*United States v. Mahaffy*, 693 F.3d 113, 138 n.14 (2d Cir. 2012); *see also United States v. Chastain,* No. 22-cr-305 (JMF), 2022 U.S. Dist. LEXIS 192508, at *4-5 (S.D.N.Y. Oct. 21, 2022).

While the defense respectfully preserves its argument that for information to constitute "property" under the wire fraud statute it must have inherent economic value to the victim, in light of the Court's April 17, 2023 ruling, we respectfully submit that the presence or absence of inherent economic value should be included as a factor in evaluating whether information constitutes property for the purposes of wire fraud. *U.S. v. Chastain*, 22-cr-305, (S.D.N.Y. Apr. 17, 2023), ECF No. 88 at 9 ("The fact that information has 'value' to an employer may well be relevant in evaluating whether the information is property.")

**PROPOSED JURY INSTRUCTION NO. 76**

**Wire Fraud: Second Element – Knowledge and Intent to Defraud**

The second element that the Government must establish beyond a reasonable doubt for purposes of Count One is that the defendant devised or participated in the fraudulent scheme knowingly, willfully, and with specific intent to defraud.

To "devise" a scheme to defraud is to concoct or plan it. To "participate" in a scheme to defraud means to associate oneself with it, with the intent of making it succeed.

"Knowingly" means to act voluntarily and deliberately, rather than mistakenly or inadvertently.

An act is done "willfully" if it is done voluntarily and with knowledge that one's conduct is unlawful and with the intent to do something the law forbids, that is to say with the bad purpose and motive to disobey or to disregard the law. A defendant's conduct is not willful if it was due to carelessness or negligence, inadvertence, mistake, or was the result of a good faith misunderstanding of the requirements of the law.

"Intent to defraud" means to act knowingly and with the specific intent to deceive, for the purpose of causing some financial or property loss to another. Thus, the defendant acted with "intent to defraud," in the context of wire fraud, if he engaged or participated in the fraudulent scheme with awareness of its fraudulent or deceptive character, with an intention to be involved in the scheme to defraud and to help it succeed, and with a purpose of causing some financial or property loss to another. That is, the Government must prove beyond a reasonable doubt that the defendant contemplated some actual harm or injury to a victim with respect to the victim's money or property.

17

As I instructed before, the Government need not prove that any intended victim was actually harmed, only that such harm was intended by the defendant.

Because an essential element of wire fraud is the intent to defraud, it follows that good faith on the part of a defendant is a complete defense to the charge of wire fraud. That is, if the defendant in good faith believed that he was entitled to take the money or property from the victim, even if that belief was mistaken, then you must find him not guilty even if others were injured by the defendant's conduct. The defendant has no burden to establish good faith. The burden is on the Government to prove fraudulent intent and the consequent lack of good faith beyond a reasonable doubt.

Under the wire fraud statute, false representations or statements, or omissions of material facts, do not amount to a fraud unless done with fraudulent intent. Thus, however misleading or deceptive a plan may be, it is not fraudulent if it was devised or carried out in good faith. Additionally, it is not enough for the Government to prove that the defendant made false representations or statements or that he omitted material facts; it must prove beyond a reasonable doubt that he did so with the intent to deprive someone of money or property to which he knew he was not entitled.

Proof that the defendant violated one or more of his professional duties does not, without more, mean that he is guilty of any crime. That is, an employee can violate his ethical duties to his employer without having the intent required to commit a crime. Again, the question you must decide with respect to the first two elements of Count One is whether the defendant knowingly, willfully, and with the intent to defraud, devised or participated in a scheme or artifice to defraud or to obtain money or property by materially false and fraudulent pretenses, representations or

promises as alleged in Count One of the Indictment — not whether he violated his ethical obligations.

Direct proof of knowledge and fraudulent intent is not always available. Thus, the ultimate facts of knowledge and intent may be established by circumstantial evidence, based upon a person's outward manifestations, his words, his conduct, his acts and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn therefrom.

To conclude on this element, if you find that the government failed to prove beyond a reasonable doubt that defendant was a knowing or willful participant in the scheme or that he lacked the specific intent to defraud, you must find the defendant not guilty. On the other hand, if you find that the Government has established beyond a reasonable doubt not only the first element, namely the existence of the scheme to defraud, but also this second element, you next should consider the third and final element of wire fraud.

---

Authority:  Adapted from charge given in *United States v. Avenatti*, 19-cr-374 (JMF) (S.D.N.Y. February 1, 2022), ECF No. 356 at 17-19 (wire fraud); *see also United States v. Bick*, 15-cr-00001 (JAM) (D. Conn. November 25, 2015), ECF No. 101 at 8 (wire fraud); *see also United States v. Drivas*, 10-cr-771 (NG) (E.D.N.Y. July 10, 2013), ECF No. 589, at 19, 25 ("'Willfully' means to act knowingly and with a bad purpose to disobey the law. 'Knowingly'

means to act voluntarily and deliberately rather than mistakenly or inadvertently."); *United States v. Campos*, 16-cr-395 (S.D.N.Y. July 20, 2017), ECF No. 140, at 27 ("[T] to act knowingly means to act consciously and voluntarily rather than by mistake or accident. To act willfully means to act deliberately and with a purpose to do something the law forbids.")

## PROPOSED JURY INSTRUCTION NO. 87

### Wire Fraud: Third Element – Use of Wires

The third and final element that the Government must establish beyond a reasonable doubt for purposes of Count One is that interstate wires (for example, telephone calls, email communications, WhatsApp messages, text messages, or bank wire transfers) were used in furtherance of the scheme to defraud. The wired communication need not itself be fraudulent. Indeed, it may be completely innocent as long as it was made in furtherance of the fraudulent scheme.

To be in furtherance of the scheme, the wire communication must be incident to an essential part of the scheme to defraud and must have been caused, directly or indirectly, by the defendant. The wire communication requirement can be satisfied, however, even if the wire communication was done by the person being defrauded or some other innocent party.

When a person does an act with knowledge that the use of the wires will follow in the ordinary course or where such use can reasonably be foreseen by that person, even though he does not actually intend such use, then he nonetheless causes the wires to be used. Thus, there is no requirement that the defendant specifically authorize others to make a communication by wire.

The Government must prove beyond a reasonable doubt that the wire communication occurred within the period of the scheme listed in Count One. The Government must prove beyond a reasonable doubt that the wire communication was interstate or international.

To do so, the Government may prove that a wire communication whose origin and destination were within one state was routed through another state, or that the wire communication passed between two or more states or between the United States and a foreign

country. The Government is not required to prove that a defendant knew or could foresee the

interstate or international nature of the wire communication.

---

Authority: Charge given in *United States v. Avenatti*, 19-cr-374 (JMF) (S.D.N.Y. February 1, 2022), ECF No. 356 at 19-20; *see also United States v. Bick*, 15-cr-00001 (JAM) (D. Conn. November 25, 2015), ECF No. 101 at 10.

## PROPOSED JURY INSTRUCTION NO. ~~9~~8

## Money Laundering: Elements of the Offense

The defendant is charged with ~~conducting a financial transaction involving the proceeds of specified unlawful activity~~concealment money laundering.  Section 1956 of Title 18, United States Code, deals with participation in a financial transaction that involves property constituting the proceeds of specified unlawful activity. As relevant here, section 1956(a)(1)(B) provides:

> Whoever, knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, conducts or attempts to conduct such a financial transaction which in fact involves the proceeds of specified unlawful activity—

> (B) knowing that the transaction is designed in whole or in part -

>> (i) to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity;

> [is guilty of a crime].

In other words, Section 1956 of Title 18 of the United States Code, makes it a federal crime knowingly to conduct financial transactions involving the proceeds of certain illegal activities with the knowledge that the transaction is designed to conceal or disguise the nature, location, source, ownership, or control of the proceeds.  In order to prove the crime of money laundering in this case, the government must establish each of the following four elements beyond a reasonable doubt:

*First*, that the defendant conducted a financial transaction;

*Second*, that the financial transaction involved the proceeds of specified unlawful activity;

*Third*, that defendant knew that the proceeds involved in the transaction came from some

form of illegal activity;

     *Fourth*, that defendant knew that the transaction is designed, in whole or in part, to conceal or disguise the nature, location, source, ownership, or control of the proceeds of the specified unlawful activity.

---

Authority: Adapted from Leonard B. Sand et al., Modern Federal Jury Instructions – Criminal, Instr. 50A.02 (2022); *see United States v. Zemlyansky*, 12-cr-171 (JPO) (S.D.N.Y. Nov. 13,

2013), ECF No. 931, at 152-156; *see also United States v. Pikus*, 16-cr-329 (AMD) (E.D.N.Y. Nov. 15, 2019) ECF No. 382 at 26.

**PROPOSED JURY INSTRUCTION NO. ~~10~~9**

**Money Laundering: First Element – Financial Transaction**

The first element which the government must prove beyond a reasonable doubt is that the defendant conducted a financial transaction.  A number of these terms require definition.

The term "conducts" includes initiating, concluding, or participating in initiating or concluding a transaction.

A "transaction" includes a purchase, sale, loan, pledge, gift, transfer, delivery, or other disposition of property.

The term "financial transaction" means a transaction involving a (A) financial institution which is engaged in, or the activities of which affect, interstate or foreign commerce in any way or degree, or (B) a transaction which in any way or degree affects interstate or foreign commerce and (i) involves the movement of funds by wire or other means, or (ii) involves one or more monetary instruments, or (iii) involves the transfer of title to any real property, vehicle, vessel or aircraft.  A transaction that affects interstate or foreign commerce includes money that is transferred from one party to another or through a financial institution.

A "transaction involving a financial institution" includes a deposit, withdrawal, transfer between accounts, exchange of currency, loan, extension of credit, purchase of sale of any stock, bond, certificate of deposit, or other monetary instrument, use of a safe deposit box, or any other payment, transfer, or delivery by, through, or to a financial institution by whatever means.

The term "interstate or foreign commerce" means commerce between any combination of states, territories or possessions of the United States, or between the United States and a foreign country.

The term "monetary instrument" includes, among other ~~things~~<u>thing</u>, coin or currency of the United States or any other country, personal checks, traveler's checks, cashier's checks, bank checks, money orders, and investment securities or negotiable instruments in bearer form or otherwise in such form that title thereto passes upon delivery.

---

<u>Authority</u>: Adapted from Leonard B. Sand et al., Modern Federal Jury Instructions – Criminal, Instr. 50A.02 (2022); *see United States v. Zemlyansky*, 12-cr-171 (JPO) (S.D.N.Y. Nov. 13, 2013), ECF No. 931, at 152-156; *see also United States v. Pikus*, 16-cr-329 (AMD) (E.D.N.Y. Nov. 15, 2019) ECF No. 382 at 26-27.  <u>In *United States v. Gotti*, 459 F.3d 296 (2d Cir. 2006), the government's money laundering allegations involved payment of funds from one party to another, and while the court recognized that "the delivery or transfer of cash to another person is a financial transaction," it suggested "the 'mere transportation of cash' does not meet the definition of a financial transaction" because it does not constitute a "disposition of funds." *Gotti*, 459 F.3d at 335-336.  *See, e.g., United States v. Kneeland,* 148 F.3d 6 (1st Cir. 1998) (movement between bank accounts); *United States v. Majors,* 196 F.3d 1206 (11th Cir. 1999) (movement between bank accounts); *United States v. Burns,* 162 F.3d 840 (5th Cir. 1998) (movement between bank accounts); *United States v. Blair,* 661 F.3d 755, 764 (4th Cir. 2011) (transfer of funds between parties and through financial institution)).</u>

**PROPOSED JURY INSTRUCTION NO. ~~11~~10**

**Money Laundering: Second Element – Involving Proceeds of Specified Unlawful Activity**

The second element that the government must prove beyond a reasonable doubt is that the financial transaction involved the proceeds of specified unlawful activity.

The term "proceeds" means any property derived from or obtained or retained, directly or indirectly, through some form of unlawful activity, including the gross receipts of such activity. Proceeds can be any kind of property, not just money.

The term "specified unlawful activity" means any one of a variety of offenses defined by the statute. In this case, the government has alleged that the funds in question were the proceeds of an alleged wire fraud scheme described in Count One. I instruct you that, as a matter of law, the crime of wire fraud falls within that definition. However, you must determine beyond a reasonable doubt whether the funds were the proceeds of that unlawful activity. I have already instructed you regarding the elements of wire fraud, and you should refer to those instructions here.

Authority: Adapted from Leonard B. Sand et al., Modern Federal Jury Instructions – Criminal, Instr. 50A.02 (2022); *see United States v. Pikus*, 16-cr-329 (AMD) (E.D.N.Y. Nov. 15, 2019) ECF No. 382 at 28; *see also United States v. Whyte,* 19-cr-00064 (VAB) (D. Conn. September 26, 2021) ECF No. 1776 at 73-75.

## PROPOSED JURY INSTRUCTION NO. ~~12~~11

### Money Laundering: Third Element – Knowledge that the
### Proceeds Came from Some Form of Unlawful Activity

The third element that the government must prove beyond a reasonable doubt is that the defendant knew that the property involved in the financial transaction was the proceeds of some form of unlawful activity.

To satisfy this element, the government must prove that the defendant knew that the property represented proceeds from some form of illegal activity. I have instructed you that wire fraud is a felony under the law of the United States. Therefore, if you find that the defendant knew that the property was the proceeds of the crime of wire fraud, that would be sufficient to satisfy this third element.

Since this third element requires proof that the defendant "knew" that the property represented proceeds of some form of unlawful activity, I want to go back over the meaning of "knowledge." As I explained earlier, a person acts "knowingly" if he acts purposely and voluntarily and not because of a mistake, accident or other innocent reason. Whether the defendant acted knowingly may be proven by the defendant's conduct and by all of the facts and circumstances surrounding the case.

---

Authority: Adapted from Leonard B. Sand et al., Modern Federal Jury Instructions – Criminal, Instr. 50A.02 (2022); *see United States v. Whyte,* 19-cr-00064 (VAB) (D. Conn. September 26, 2021) ECF No. 1776 at 76; *see also United States v. Pikus*, 16-cr-329 (AMD) (E.D.N.Y. Nov. 15, 2019) ECF No. 382 at 28-29.

**PROPOSED JURY INSTRUCTION NO. ~~13~~12**

**Money Laundering: Fourth Element – Knowledge that the
Transaction was Designed to Conceal or Disguise**

The fourth element that the government must prove beyond a reasonable doubt is that the

defendant acted with the knowledge that the transaction was designed, in whole or in part, to

conceal or disguise the nature, location, source, ownership, or control of the proceeds of

specified unlawful activity.

In this context, "design" means purpose or plan, in other words, the intended aim of the

transaction.  If you find that the evidence establishes beyond a reasonable doubt that the

defendant knew of the purpose of the particular transaction in issue, and that he knew that the

transaction was either designed to conceal or disguise the true origin of the property in question,

then this element is satisfied.

An allegation that cryptocurrency or digital assets are used as a payment system is

insufficient in and of itself to state a claim for money laundering. The fact that cryptocurrency or

digital assets may operate using pseudonymous transactions (*i.e.*, transactions where users'

identities are undisclosed) does not mean that those transactions relate to unlawful activities.

In fact, merely hiding funds is not sufficient to constitute money laundering, even if

substantial efforts have been expended to conceal the money.  If you find that the defendant

knew of the transaction but did not know that it was either designed to conceal or disguise any

unlawful activity, but instead thought that the transaction was for a lawful and honest purpose,

you must find that this element has not been satisfied and find the defendant not guilty.

Authority: Adapted from Leonard B. Sand et al., Modern Federal Jury Instructions – Criminal,
Instr. 50A.02 (2022); *see United States v. Whyte,* 19-cr-00064 (VAB) (D. Conn. September 26,
2021) ECF No. 1776 at 81; *Regalado Cuellar v. United States*, 553 U.S. 550, 563 (2008)
("merely hiding funds … is not sufficient to violate the statute … In this context, 'design' means
purpose or plan; *i.e.*, the intended aim.)  Though *Regalado Cueller* involved an analysis of 18

U.S.C. § 1956(a)(2)(B)(i) (also known as "transportation money laundering"), whereas the instant matter involves 18 U.S.C. § 1956(a)(1)(B)(i) (also known as "transaction money laundering"), the concealment element is identical in both provisions. *See United States v. Garcia*, 587 F.3d 509, 517 (2009) ("[W]e have found [Cuellar's] holding equally applicable in transaction money laundering, in light of the identical language used in the two provisions."); *see United States v. Ulbricht*, 31 F. Supp. 3d 540, 569 (S.D.N.Y. 2014) ("As an initial matter, an allegation that Bitcoins are used as a payment system is insufficient in and of itself to state a claim for money laundering. The fact that Bitcoins allow for anonymous transactions does not *ipso facto* mean that those transactions relate to unlawful activities.")

## PROPOSED JURY INSTRUCTION NO. ~~14~~13

### Defense Theory of the Case

The defense contends that the information allegedly used by Mr. Chastain in engaging in the NFT trades at issue was not OpenSea's "property" because (i) the information was not valuable confidential business information and (ii) was not treated as such~~, and (ii) the information was of no inherent economic value to~~ by OpenSea.  The defense also contends Mr. Chastain did not intend to defraud or harm OpenSea and did not willfully disobey any law. Unless you find that the prosecution has proved all the required elements beyond a reasonable doubt, you must find the defendant not guilty on Count One, and also on Count Two.

With respect to Count Two, which charges the defendant with money laundering, the defense contends that Mr. Chastain did not believe any proceeds came from unlawful activity, and that he acted lawfully in transferring cryptocurrency involved in any NFT transactions between two cryptocurrency wallets, an online "hot" wallet and a "cold" wallet or storage device.  The defense contends that Mr. Chastain's movement of cryptocurrency was consistent with that of a typical lawful cryptocurrency user.  The defense additionally contends that Mr. Chastain could not have acted to conceal his transactions in light of the fact that all of the transactions at issue were carried out on a publicly viewable blockchain, known as the Ethereum blockchain.  Unless you find that the prosecution has proved all the required elements beyond a reasonable doubt, you must find the defendant not guilty on Count Two.

## PROPOSED JURY INSTRUCTION NO. 14

### Expert Witnesses

You have heard testimony from one or more expert witnesses. An expert witness is someone who, by education or experience, has acquired learning or experience in a specialized area of knowledge. Such a witness is permitted to express his or her opinions on matters about which he or she has specialized knowledge and training. The parties may present expert testimony to you on the theory that someone who is experienced in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

Your role in judging credibility applies to experts as well as other witnesses. In weighing an expert's opinion, you may consider the expert's qualifications, education, and reasons for testifying, as well as all of the other considerations that ordinarily apply, including all the other evidence in the case. If you find the opinion of an expert is based on sufficient data, education, and experience, and the other evidence does not give you reason to doubt his or her conclusions, you would be justified in placing reliance on his or her testimony. However, you should not accept witness testimony simply because the witness is an expert. The determination of the facts in this case rests solely with you.

Authority: Charge given in *United States v. Abreu,* 21-cr-300 (JMF) (S.D.N.Y. 2022) (ECF No. 63); *see also United States v. Blondet*, 16 Cr. 387 (JMF) (S.D.N.Y. 2022); *United States v. Lopez-Cabrera*, S5 11 Cr. 1032 (PAE) (S.D.N.Y. 2014); Leonard B. Sand et al., Modern Federal Jury Instructions – Criminal 7-21.

Dated:  New York, New York
          April 1321, 2023

Respectfully submitted,

GREENBERG TRAURIG, LLP

By: /s/ David I. Miller___

David I. Miller
Daniel P. Filor
Charles J. Berk
Nicholas T. Barnes
One Vanderbilt Avenue
New York, New York 10017
(t): (212) 801-9200; (f) (212) 801-6400
*Attorneys for Defendant Nathaniel Chastain*

Document comparison by Workshare Compare on Friday, April 21, 2023
11:52:50 AM

| Input: | |
|---|---|
| Document 1 ID | U.S. v. Chastain -- Proposed Jury Instructions.docx |
| Description | U.S. v. Chastain -- Proposed Jury Instructions |
| Document 2 ID | 2023.04.21 U.S. v. Chastain -- Proposed Jury Instructions.docx |
| Description | 2023.04.21 U.S. v. Chastain -- Proposed Jury Instructions |
| Rendering set | GT-1 |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 47 |
| Deletions | 44 |
| Moved from | 0 |
| Moved to | 0 |
| Style changes | 0 |
| Format changes | 0 |
| Total changes | 91 |