UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                        :

UNITED STATES OF AMERICA           :

                                      :

           - v. -            :             22 Cr. 305 (JMF)

                                        :

NATHANIEL CHASTAIN,             :

                                        :

             Defendant.      :

------------------------------------------------------------X

## THE GOVERNMENT'S REQUESTS TO CHARGE

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York
One St. Andrew's Plaza
New York, New York 10007

Thomas Burnett
Allison Nichols
Nicolas Roos
Assistant United States Attorneys
     -Of Counsel-

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
                                 :

UNITED STATES OF AMERICA      :

                                 :

        - v. -              :          22 Cr. 305 (JMF)

                                 :

NATHANIEL CHASTAIN,       :

                                 :

           Defendant.      :
------------------------------------------------------------- X

## REQUESTS TO CHARGE

      Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the Government respectfully requests that the Court include the following in its charge to the jury.

<u>TABLE OF CONTENTS</u>

REQUEST NO. 1:      General Requests...........................................................................................1

REQUEST NO. 2:      Summary of the Indictment..........................................................................2

REQUEST NO. 3:      Multiple Counts..............................................................................................3

REQUEST NO. 4:      Count One – Wire Fraud – General Instruction ........................................4

REQUEST NO. 5:      Count One – Wire Fraud – Elements ..........................................................5

REQUEST NO. 6:      Count One – Wire Fraud – First Element ...................................................6

REQUEST NO. 7:      Count One – Wire Fraud – Second Element ...............................................9

REQUEST NO. 8:      Count One – Wire Fraud – Third Element ................................................12

REQUEST NO. 9:      Count Two – Money Laundering – General Instruction ...........................14

REQUEST NO. 10:    Count Two – Money Laundering – Elements ...........................................15

REQUEST NO. 11:    Count Two – Money Laundering – First Element ....................................16

REQUEST NO. 12:    Count Two – Money Laundering – Second Element ................................17

REQUEST NO. 13:    Count Two – Money Laundering – Third Element...................................18

REQUEST NO. 14:    Count Two – Money Laundering – Fourth Element .................................19

REQUEST NO. 15:    Venue ........................................................................................................21

REQUEST NO. 16:    Dates..........................................................................................................22

REQUEST NO. 17:    Stipulations...............................................................................................23

REQUEST NO. 18:    Particular Investigative Techniques Not Required...................................24

REQUEST NO. 19:    Use of Evidence Obtained Pursuant to Searches ....................................25

REQUEST NO. 20:    Uncalled Witnesses – Equally Available To Both Sides .................................26

REQUEST NO. 21:    Other Individuals Not on Trial .................................................................27

REQUEST NO. 22:    Redactions.................................................................................................28

REQUEST NO. 23:    Law Enforcement Witnesses.....................................................................29

REQUEST NO. 24:    Expert Witness ..........................................................................................30

REQUEST NO. 25:    Preparation of Witnesses...........................................................................31

REQUEST NO. 26:    Defendant's Testimony .............................................................................32

REQUEST NO. 27:    Defendant's Right Not to Testify .............................................................33

REQUEST NO. 28:    Use of Charts and Summaries ...................................................................34

REQUEST NO. 29:    Concluding Remarks..................................................................................35

REQUEST NO. 1:   General Requests

The Government respectfully requests that the Court give its usual instructions to the jury

on the following matters:

a.  Function of Court and Jury.

b.  Indictment Not Evidence.

c.  Statements of Court and Counsel Not Evidence.

d.  Rulings on Evidence and Objections.

e.  Burden of Proof and Presumption of Innocence.

f.  Reasonable Doubt.

g.  Government Treated Like Any Other Party.

h.  Definitions, Explanations, and Example of Direct and Circumstantial Evidence.

i.  Inferences.

j.  Credibility of Witnesses.

k.  Jury's Recollection Controls.

l.  Right to See Exhibits and Have Testimony Read During Deliberations.

m.  Sympathy: Oath of Jurors.

n.  Punishment is Not to Be Considered by the Jury.

o.  Verdict of Guilt or Innocence Must Be Unanimous.

<u>REQUEST NO. 2:</u>   <u>Summary of the Indictment</u>

The defendant, NATHANIEL CHASTAIN, has been charged in what is called an Indictment.  An Indictment is simply an accusation.  It is not evidence.  The Indictment contains two counts, or charges.  In a few moments, I will instruct you on each of these charges in more detail.  At the outset, however, let me instruct you that in your deliberations and in reaching your verdict, you must consider each count separately.  You must return a separate verdict as to each count.

Count One charges the defendant with committing wire fraud through insider trading by misappropriating confidential business information from OpenSea and using that information to buy non-fungible tokens, or NFTs, that were about to be featured on OpenSea's homepage before they were publicly featured.  Count Two charges the defendant with committing money laundering, by selling the NFTs that he had purchased using OpenSea's confidential information in a manner that was designed to conceal that he was the one who purchased those NFTs.

<u>REQUEST NO. 3:</u>   <u>Multiple Counts</u>

Each count charges a different crime.  You must consider each count of the Indictment separately, and you must return a separate verdict as to each Count.  The case on each count stands or falls upon the proof or lack of proof.  Except in one respect that I will explain to you in a few minutes when I discuss Count Two, your verdict on one count should not control your decision as to any other count.  I am now going to discuss the counts of the Indictment in order.

Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 3-8.

<u>REQUEST NO. 4:</u>   <u>Count One – Wire Fraud – General Instruction</u>

As I said, Count One charges NATHANIEL CHASTAIN with committing wire fraud through insider trading by misappropriating confidential business information from OpenSea and using that information to buy NFTs that were about to be featured on OpenSea's homepage before they were publicly featured.  Count One charges, and I am reading from the Indictment now, that:

> From at least in or about June 2021 to at least in or about September 2021, in the Southern District of New York and elsewhere, NATHANIEL CHASTAIN, the defendant, knowingly having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, transmitted and caused to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds, for the purpose of executing such scheme and artifice, to wit, in violation of the duties he owed to OpenSea, CHASTAIN misappropriated OpenSea's confidential business information by purchasing NFTs that he knew were going to be featured on OpenSea's homepage, and then profited by reselling the NFTs after they had been featured and appreciated in value.

> Adapted from the charges of the Honorable Edgardo Ramos in <u>United States</u> v. <u>Blakstad</u>, 19 Cr. 486 (June 25, 2021).  <u>See</u> Sand, <u>Modern Federal Jury Instructions</u>, Instr. 44-4.

4

REQUEST NO. 5:   Count One – Wire Fraud – Elements

To sustain its burden of proof with respect to the offense charged in Count One, the Government must prove beyond a doubt the following three elements:

*First,* that the defendant executed or participated in a scheme to defraud OpenSea of its property—specifically, its confidential business information;

*Second*, that in doing so the defendant acted knowingly and with the intent to defraud; and

*Third*, that in the execution of the scheme the defendant used, or caused to be used, interstate wires.

I will discuss each in turn.

> Adapted from the charges of the Honorable Denise L. Cote in United States v. Lavidas, 19 Cr. 716 (Jan. 14, 2020), and the Honorable Edgardo Ramos in United States v. Blakstad, 19 Cr. 486 (June 25, 2021).  See Sand, Modern Federal Jury Instructions, Instr. 44-3.

> See United States v. Rybicki, 354 F.3d 124, 150 (2d Cir. 2003) (explaining that the applicable *mens rea* for wire fraud is "specific intent to harm or defraud the victims of the scheme").

REQUEST NO. 6:    Count One – Wire Fraud – First Element

The first element the Government must prove beyond a reasonable doubt is that there was a scheme to defraud OpenSea of its property, specifically its confidential business information.

A scheme is merely a plan to accomplish an object.  A scheme to defraud exists when an individual engages in any plan, device, or course of action to accomplish a fraudulent objective. "Fraud" is a general term that includes all efforts and means that individuals devise to take unfair advantage of others.  In order to establish a scheme to defraud, the Government need not show that the defendant made a misrepresentation.  You may find the existence of a scheme to defraud if you find that the conduct of the defendant was deceptive, or if you find that the defendant conducted himself in a manner that departed from traditional notions of fundamental honesty and fair place in the general business life of society.

As is pertinent here, a "scheme to defraud" includes fraudulently embezzling or fraudulently misappropriating property belonging to another.  The word "misappropriate" means the fraudulent appropriation of property by a person to whom such property has been entrusted.  A person commits "misappropriation" when he fraudulently converts to his own use property belonging to another where the property initially lawfully came within his possession or control.

A "scheme to defraud" must have money or property as its object.  You are instructed that the definition of property for purposes of the wire fraud statute includes a company's confidential business information.  The law protects a company's exclusive right to use and decide how to use confidential business information that it has acquired or compiled in the course and conduct of its business.  In this case, the Indictment alleges that information about what NFTs OpenSea was to feature on its homepage was OpenSea's confidential business information.

6

Information is "confidential business information" if, at the time it was subject to a scheme to defraud, it had been acquired or created by a business for a business purpose, and the business both considered and treated that information in a way that maintained the company's exclusive right to that information.  The company must both consider the information to be confidential and take affirmative steps to treat the information as confidential and maintain exclusivity.  Factors you may consider in determining wither OpenSea treated the information at issue as confidential include, but are not limited to: measures the company has taken to guard the information's secrecy; the extent to which the information is known outside the company; and the ways in which employees could access and use the information.

Now I will say a little more about what it means for a person to "misappropriate" confidential business information.  A person is entrusted with confidential business information when he is expected to keep the information confidential and use it only for the company's benefit, or at least where the relationship between the person and the company implies such a duty.  The person entrusted with the information embezzles it from the company if he deceives the company by not disclosing to the company that he intends to use the confidential business information for his own personal gain.

The Government is not required to prove that the scheme to defraud actually succeeded, that the company suffered any loss, or that the defendant realized any gain.  You must concentrate on whether there was such a scheme, not the consequences of the scheme, although proof concerning accomplishment of the goals of the scheme may be persuasive evidence of the existence of the scheme itself.

A scheme to defraud need not be shown by direct evidence, but may be established by all of the circumstances and facts in the case.

7

If you find the Government has sustained its burden of proof that a scheme to defraud, as

charged, did exist, you should next consider the second element.

> Adapted from the charges of the Honorable Denise L. Cote in <u>United States</u> v. <u>Lavidas</u>, 19 Cr. 716 (Jan. 14, 2020), and the Honorable Edgardo Ramos in <u>United States</u> v. <u>Blakstad</u>, 19 Cr. 486 (June 25, 2021).  <u>See</u> Sand, <u>Modern Federal Jury Instructions</u>, Instr. 44-4.
>
> <u>See</u> <u>United States</u> v. <u>Mahaffy</u>, 693 F.3d 113, 134-35 (2d Cir. 2012) (rejecting challenge to instruction that "confidential information acquired by a company in the operation of its business is a form of property" and describing factors to consider when deciding if information is "confidential business information").
>
> <u>See</u> <u>United States</u> v. <u>Grossman</u>, 843 F.2d 78, 86 (1988) (holding that "even though 'confidential business information' is intangible, it has long been recognized as property" and that instruction on defendant's "specific knowledge of [a] confidentiality policy" was not required)
>
> <u>See</u> <u>Carpenter</u> v. <u>United States</u>, 484 U.S. 19, 25-26 (1987) (holding that "[c]onfidential business information has long been recognized as property" and that "[t]he concept of 'fraud' includes the act of embezzlement, which is the fraudulent appropriation to one's own use of the money or goods entrusted to one's care by another")
>
> <u>See</u> <u>United States</u> v. <u>Carpenter</u>, 791 F.2d 1024, 1034 (1986) ("It is clear that 'confidential and nonpublic commercial information' may constitute fraudulently misappropriated 'property' under the mail fraud statute.")

8

<u>REQUEST NO. 7:</u>   <u>Count One – Wire Fraud – Second Element</u>

The second element that the government must establish beyond a reasonable doubt is that the defendant acted knowingly and with specific intent to defraud.

"Knowingly" means to act voluntarily and deliberately, rather than mistakenly or inadvertently.

"Intent to defraud" means to act with an intent to deceive or to harm another.  A person acts with "intent to defraud" if he engages or participates in a fraudulent scheme with a purpose of causing some harm to the property rights of the victim.  This can include misusing a company's confidential business information.

As I instructed before, the Government need not prove that any intended victim was actually harmed, including actually financially harmed.  Thus, even if the defendant believed that OpenSea would not ultimately lose money, or its business would ultimately not suffer, that is no defense.  Where some immediate loss—including the loss to exclusive use of the company's confidential business information—is contemplated by a defendant, the fact that the defendant believes the victim will ultimately suffer no loss is no excuse to the crime.

Because an essential element of wire fraud is the intent to defraud, it follows that good faith on the part of a defendant is a complete defense to the charge of wire fraud.  That is, if the defendant in good faith believed that he was entitled to take the money or property from the victim, even that belief was mistaken, then you must find him not guilty even if others were injured by the defendant's conduct.  The defendant has no burden to establish good faith.  The burden is on the government to prove fraudulent intent and the consequent lack of good faith beyond a reasonable doubt.

Direct proof of knowledge and fraudulent intent is almost never available.  It would be a rare case where it could be shown that a person wrote or stated that as of a given time in the past he committed an act with fraudulent intent.  Such direct proof is not required.  Instead, the ultimate facts of knowledge and intent, though subjective, may be established by circumstantial evidence, based upon a person's words, his conduct, his acts, and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn from them.

To conclude on this element, if you find that the defendant was not a knowing participant in the scheme or that he lacked the specific intent to defraud, you should find the defendant not guilty.  On the other hand, if you find that the Government has established beyond a reasonable doubt not only the first element, namely, the existence of a scheme to defraud, but also the second element, you should consider the third and final element of wire fraud.

> Adapted from the charges of the Honorable Denise L. Cote in United States v. Lavidas, 19 Cr. 716 (Jan. 14, 2020), and the Honorable Edgardo Ramos in United States v. Blakstad, 19 Cr. 486 (June 25, 2021).  See Sand, Modern Federal Jury Instructions, Instr. 44-5.
>
> See Carpenter v. United States, 484 U.S. 19, 26-27 (1987) ("It is sufficient that the Journal has been deprived of its right to exclusive use of the information, for exclusivity is an important aspect of confidential business information and most private property for that matter.")
>
> See United States v. Mahaffy, 693 F.3d 113, 134-35 (2d Cir. 2012) (rejecting challenge to jury instruction that property right in confidential business information includes the right to "exclusive use of the information").
>
> See United States v. Jabar, 19 F.4th 66, 77 (2d Cir. 2021) ("Proof of actual injury to the victim is not required . . . .")
>
> See United States v. Calderon, 944 F.3d 72, 90 (2d Cir. 2019) ("A 'no ultimate harm' instruction advises the jury that where some immediate loss to the victim is contemplated by a defendant, the fact that the defendant believes (rightly or wrongly) that he will

ultimately be able to work things out so that the victim suffers no loss is no excuse for the real and immediate loss contemplated to result from defendant's fraudulent conduct.")

REQUEST NO. 8:   Count One – Wire Fraud – Third Element

The third and final element that the Government must establish beyond a reasonable doubt for purposes of Count One is that interstate wires (including, for example, transactions or communications over the internet) were used in furtherance of the scheme to defraud.   A wire communication need not itself be fraudulent.  Indeed, it may be completely innocent, as long as it was made in furtherance of the fraudulent scheme.  To be in furtherance of the scheme, the wire communication must be incident to an essential part of the scheme to defraud and must have been caused, directly or indirectly, by the defendant.  The wire communication requirement can be satisfied, however, even if the wire communication was done by the person being defrauded or some other innocent party.  When a person does an act with knowledge that the use of the wires will follow in the ordinary course or where such use can reasonably be foreseen by that person, even though he does not actually intend such use, that nonetheless causes the wires to be used.  Thus, there is no requirement that the defendant specifically authorize others to make a communication by wire.

The Government must prove beyond a reasonable doubt that the wire communication occurred within the period of the scheme listed in Count One.  The Government must prove beyond a reasonable doubt that the wire communication was interstate or international.  To do so, the Government may prove that a wire communication whose origin and destination were within one state was routed through another state, or that the wire communication passed between two or more states or between the United States and a foreign country.  The Government is not required

to prove that the defendant knew or could foresee the interstate or international nature of the wire communication.

> Adapted from the charges of the Honorable Denise L. Cote in <u>United States</u> v. <u>Lavidas</u>, 19 Cr. 716 (Jan. 14, 2020), and the Honorable Edgardo Ramos in <u>United States</u> v. <u>Blakstad</u>, 19 Cr. 486 (June 25, 2021).  <u>See</u> Sand, <u>Modern Federal Jury Instructions</u>, Instr. 44-5.

REQUEST NO. 9:   Count Two – Money Laundering – General Instruction

Count Two charges NATHANIEL CHASTAIN with concealment money laundering by selling the NFTs that he had purchased using OpenSea's confidential information in a manner that was designed to conceal the fraud charged in Count One.  Count Two charges, and I am reading from the Indictment now, that:

> From at least in or about June 2021 to at least in or about September 2021, in the Southern District of New York and elsewhere, NATHANIEL CHASTAIN, the defendant, knowing that the property involved in a financial transaction represented the proceeds of some form of unlawful activity, to wit, the wire fraud offense charged in Count One of this Indictment, conducted and attempted to conduct such a financial transaction which in fact involved the proceeds of specified unlawful activity as defined in 18 U.S.C. § 1956(c)(7), knowing that the transaction was designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity.

<u>REQUEST NO. 10:</u>  <u>Count Two – Money Laundering – Elements</u>

To sustain its burden of proof with respect to the offense charged in Count Two, the Government must prove beyond a doubt the following four elements:

*First*, that the defendant conducted (or attempted to conduct) a "financial transaction," which must in some way or degree have affected interstate or foreign commerce;

*Second*, that the financial transaction at issue involved the proceeds of specified unlawful activity, which here was a wire fraud scheme;

*Third*, that the defendant knew that the financial transaction involved the proceeds of some form of unlawful activity; and

*Fourth*, that the defendant knew that the transaction was designed in whole or in part either to conceal or disguise the nature, location, source, ownership or control of the proceeds of the unlawful activity.

I will discuss each in turn.

> Adapted from the jury charges of the Honorable Katherine B. Forrest in <u>United States</u> v. <u>Wedd</u>, 15 Cr. 616 (KBF) (S.D.N.Y. 2017); and from Sand et al., <u>Modern Federal Jury Instructions</u>, Instr. 50A-7.

REQUEST NO. 11:  Count Two – Money Laundering – First Element

The first element of concealment money laundering is that the defendant conducted a financial transaction.

The term "conducted" includes the action of initiating, concluding, or participating in initiating or concluding a transaction.  The term "financial transaction" includes any transaction which involves the movement of funds by wire or other means and in any way or degree affects interstate or foreign commerce.  The term "funds" includes any currency, money, or other medium of exchange that can be used to pay for goods and services, including digital or cryptocurrency.

Interstate commerce includes any transmission or transfer between persons or entities located in different states, and foreign commerce means the same thing, except it is between a person or entity in the United States and a person or entity in a foreign country.  The involvement in interstate or foreign commerce can be minimal, and the Government satisfies its burden if it proves any effect or involvement, regardless of whether it was beneficial or harmful.  It is also not necessary for the Government to show that the defendant actually intended or anticipated an effect on interstate or foreign commerce by his actions or that commerce was actually affected.  All that is necessary is that the natural and probable consequences of the acts the defendant agreed to take would affect interstate or foreign commerce.

> Adapted from the jury charges of the Honorable Katherine B. Forrest in United States v. Wedd, 15 Cr. 616 (KBF) (S.D.N.Y. 2017), and United States v. Ahaiwe, 20 Cr. 179 (DLC); and from Sand et al., Modern Federal Jury Instructions, Instr. 50A-7.

> See United States v. Ulbricht, 31 F. Supp. 3d 540, 570 (S.D.N.Y. 2014) (digital currency constituted "funds" within the meaning of the money laundering statute); United States v. Budovsky, No. 13 Cr. 368 (DLC), 2015 WL 5602853, at *13 (S.D.N.Y. Sept. 23, 2015) (same).

16

REQUEST NO. 12:  Count Two – Money Laundering – Second Element

The second element of concealment money laundering is that the financial transactions must involve the proceeds of "specified" unlawful activity.  Here, the "specified" unlawful activity is the wire fraud scheme charged in Count One, and I instruct you, as a matter of law, that the term "specified unlawful activity" includes wire fraud.

The term "proceeds" means any property derived from or obtained, directly or indirectly, through the commission of the specified unlawful activity.  Here, the Government alleges that the "proceeds" of the offense charged in Count One are the NFTs that Chastain allegedly purchased using misappropriated information.

> Adapted from the jury charges of the Honorable Katherine B. Forrest in United States v. Wedd, 15 Cr. 616 (KBF) (S.D.N.Y. 2017), and United States v. Ahaiwe, 20 Cr. 179 (DLC); and from Sand *et al.*, Modern Federal Jury Instructions, Instr. 50A-8.

> See United States v. Werber, 787 F. Supp. 353, 357 (S.D.N.Y. 1992) ("the word 'proceeds,' as used in 18 U.S.C. § 1956(a)(1), can include 'property' other than money or cash equivalents, even if that 'property' has not been purchased with the monetary 'proceeds' of unlawful activity").

> See 18 U.S.C. § 1956(c)(9) (defining "proceeds"); see also United States v. Quinones, 635 F.3d 590 (2d Cir. 2011) ("[W]e hold that 'proceeds' under 18 U.S.C. § 1956 is not limited to 'profits' at least where, as here, the predicate offense involves the sale of contraband.")

17

REQUEST NO. 13:  Count Two – Money Laundering – Third Element

The third element of concealment money laundering is that the defendant knew that the financial transactions at issue involved the proceeds of some form, though not necessarily which form, of unlawful activity.  If you find beyond a reasonable doubt that the defendant committed the wire fraud offense I have instructed you on in Count One, and he knew that the proceeds came from that activity, that is sufficient for you to find that the defendant believed that the proceeds came from unlawful activity.

Adapted from the jury charges of the Honorable Katherine B. Forrest in United States v. Wedd, 15 Cr. 616 (KBF) (S.D.N.Y. 2017), and United States v. Ahaiwe, 20 Cr. 179 (DLC); and from Sand *et al.*, Modern Federal Jury Instructions, Instr. 50A-9.

See, e.g., United States v. Diggles, 928 F.3d 380 (5th Cir. 2019) (holding knowledge funds came from unlawful activity satisfied when defendant was perpetrator of underlying crime); United States v. Chon, 713 F.3d 812, 820 (5th Cir. 2013) (same); United States v. Bohn, 281 F. App'x 430, 441 (6th Cir. 2008) ("Because we have already determined that the circumstantial evidence was sufficient to show that [the defendant] knew about the mail fraud scheme, it follows that the evidence was also sufficient to show that [he] knew that the money was from some form of unlawful activity); United States v. Martinelli, 454 F.3d 1300, 1311 (11th Cir. 2006) (holding that the defendant "simply had to know the funds were derived from the specified unlawful activity of mail fraud); United States v. Rogers, 321 F.3d 1226, 1230 (9th Cir. 2003) (holding proof defendant committed underlying crime established "requisite knowledge that the money in the transactions was derived from mail and wire fraud to support the money laundering convictions"); United States v. Godwin, 272 F.3d 659, 669 (4th Cir. 2001) (knowledge of unlawful source of funds established by proof defendant was "intimately involved" in underlying crime).

REQUEST NO. 14:  Count Two – Money Laundering – Fourth Element

The fourth and final element of concealment money laundering concerns the <u>purpose</u> of the transaction.  The Government must prove that the defendant conducted financial transactions with knowledge that the transactions were designed in whole or in part to conceal or disguise the nature, location, source, ownership, or control of the proceeds of the specified unlawful activity.

As I have previously instructed, to act knowingly means to act purposely and deliberately and not because of mistake or accident, mere negligence, or other innocent reason.  That is, the acts must be the product of the defendant's conscious objective.  To prove that an act is done knowingly, the Government is not required to prove that the defendant knew that his acts were unlawful.  If you find that the evidence establishes beyond a reasonable doubt that the defendant knew the purpose of the particular transaction in issue and that the transaction was either designed to conceal or disguise the true origin of the property in question, then this element is satisfied.  However, if you find that the defendant knew of the transaction, but did not know that it was either designed to conceal or disguise the true origin of the property in question, but instead thought that the transaction was intended to further an innocent transaction, you must find that this element has not been satisfied and find the defendant not guilty.

Intent to disguise or conceal the true origin of the property need not be the sole motivating factor, and the Government need not prove with regard to any single transaction that the defendant removed all trace of his involvement with the money or property.

Proof that the defendant knew the purpose of the financial transaction was to conceal or disguise the location or ownership of the proceeds of unlawful activity may be established by circumstantial evidence. In other words, you are entitled to find from the circumstances

19

surrounding the financial transaction what the purpose of the activity was and that the defendant knew of that purpose.

For the fourth element to be satisfied, the defendant need not know which "specified unlawful activity" he was agreeing to help conceal. He need only know that a purpose of the financial transaction was concealing the nature, location, source, ownership, or control of the funds.

> Adapted from the jury charges of the Honorable Katherine B. Forrest in United States v. Wedd, 15 Cr. 616 (KBF) (S.D.N.Y. 2017); the Honorable Loretta A. Preska in United States v. Adelekan, No. 19 Cr. 291 (LAP) (S.D.N.Y. Oct. 26, 2021); and from Sand *et al.*, Modern Federal Jury Instructions, Instr. 50A-10.

> See United States v. Willey, 57 F.3d 1374, 1386 (5th Cir. 1995) ("in order to establish the design element of money laundering, it is not necessary to prove with regard to any single transaction that the defendant removed all trace of his involvement with the money…"); United States v. Knapp, 120 F.3d 928, 931 (9th Cir. 1997) ("An act is done knowingly if the defendant is aware of the act and does not act or fail to act through ignorance, mistake or accident. As to money laundering, the government is not required to prove that the defendant knew that his acts or omissions were unlawful."); United States v. Lonich, 23 F.4th 881, 898 (9th Cir. 2022) ("An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake or accident. To prove that an act is done knowingly, the government is not required to prove that the defendant knew that his or her acts were unlawful.").

REQUEST NO. 15:  Venue

In addition to all of the elements that I have described for you, you must separately decide whether an act in furtherance of each alleged crime occurred within the Southern District of New York.  The Southern District of New York includes Manhattan, the Bronx, and Westchester.  This requirement is called "venue."  For the wire fraud charge in Count One, it is sufficient to establish venue if the Government proves that any of the wires you found to satisfy the third element of the offense were transmitted to or from the Southern District of New York, so long as the defendant reasonably anticipated that a wire in furtherance of the scheme would be transmitted from or to the Southern District.

REQUEST NO. 16:   Dates

As I have described the Indictment, you may have noticed that it refers to various dates or times.  It is not essential that the Government prove that the charged offenses started and ended on any specific dates.  Instead, it is sufficient if you find that the offenses occurred for some times around the dates that I have mentioned.

> Adapted from Sand, et al., Modern Federal Jury Instructions, Instr. 3-12.

22

REQUEST NO. 17:   Stipulations

Stipulations were entered into relating to various facts in the case.  A stipulation is an agreement between parties as to what certain facts were or what the testimony would be if certain people testified before you.  The stipulations are the same for your purposes as the presentation of live testimony.  You should consider the weight to be given such evidence just as you would any other evidence.

Adapted from the charges of the Honorable Jesse M. Furman in United States v. Avenatti, No. 19 Cr. 374 (Feb. 1, 2022).

REQUEST NO. 18:   Particular Investigative Techniques Not Required
(If Applicable)

You have heard reference to certain investigative techniques that were used or not used by

the Government in this case.  There is no legal requirement that the Government prove its case

through any particular means.  While you are to carefully consider the evidence adduced by the

Government, you are not to speculate as to why the Government used the techniques it did or why

it did not use other techniques.

> Adapted from the charges of the Honorable Jesse M. Furman in
> United States v. Avenatti, No. 19 Cr. 374 (Feb. 1, 2022), and from
> the charges of the Honorable Andrew L. Carter, Jr. in United States
> v. Cervino, 15 Cr. 171 (Mar. 21, 2017).

24

<u>REQUEST NO. 19:</u>   <u>Use of Evidence Obtained Pursuant to Searches</u>
(If Applicable)

You have heard testimony about evidence seized, pursuant to a search warrant signed by a judge, from a search of the defendant's home.  Evidence obtained from this search was properly admitted in this case and may properly be considered by you.   Indeed, searches of homes and electronic devices are entirely appropriate law enforcement actions. Whether you approve or disapprove of how it was obtained should not enter into your deliberations because I now instruct you that the Government's use of this evidence is entirely lawful.

Adapted from the charges of the Honorable Jesse M. Furman in <u>United States</u> v. <u>Avenatti</u>, No. 19 Cr. 374 (Feb. 1, 2022), and from the charge of the Honorable George B. Daniels in <u>United States</u> v. <u>Polk</u>, No. 17 Cr. 124 (Sept. 10, 2018).

25

<u>REQUEST NO. 20:</u>   <u>Uncalled Witnesses – Equally Available To Both Sides</u>

There are people whose names you have heard during the course of trial, but who did not appear here to testify.  I instruct you that each party had an equal opportunity, or lack of opportunity, to call any of these witnesses.  Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called.  Their absence should not affect your judgment in any way.

You should, however, remember my instruction that the law does not impose on a defendant in a criminal case the burden or duty of calling any witness or producing any evidence. The burden of proof remains at all times with the Government.

Adapted from the charges of the Honorable Jesse M. Furman in <u>United States</u> v. <u>Avenatti</u>, No. 19 Cr. 374 (Feb. 1, 2022).

REQUEST NO. 21:  Other Individuals Not on Trial

You may not draw any inference, favorable or unfavorable, toward the Government or the

defendant from the fact that any person was not named as a defendant in this case, and you may

not speculate as to the reasons why other people are not on trial before you now.  Those matters

are wholly outside your concern and have no bearing on your function as jurors in deciding the

case before you.

> Adapted from the charges of the Honorable Jesse M. Furman in
> United States v. Avenatti, No. 19 Cr. 374 (Feb. 1, 2022), and from
> the charge of the Honorable J. Paul Oetken in United States v.
> Matthews, 18 Cr. 124 (Sept. 24, 2018).

REQUEST NO. 22:  Redactions
(If Applicable)

There are, among the exhibits received in evidence, some documents that are redacted.

"Redacted" means that part of the document or recording was taken out.  You are to concern

yourself only with the part of the item that has been admitted into evidence.  You should not

consider any possible reason why the other part of it has been deleted.

> Adapted from the charges of the Honorable Jesse M. Furman in
> United States v. Avenatti, No. 19 Cr. 374 (Feb. 1, 2022), and from
> the charge of the Honorable Lewis A. Kaplan in United States v.
> Sterling, S4 16 Cr. 488 (Apr. 3, 2017).

REQUEST NO. 23:  Law Enforcement Witnesses

You have heard the testimony of law enforcement witnesses and other Government employees.  The fact that a witness may be employed by the federal Government as a law enforcement agent or employee does not mean that his or her testimony is deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.  As with all other witnesses, it is up to you to decide, after reviewing all the evidence, what weight to give the testimony of law enforcement witnesses.

> Adapted from the charges of the Honorable Jesse M. Furman in United States v. Avenatti, No. 19 Cr. 374 (Feb. 1, 2022), and from the charge of the Honorable J. Paul Oetken in United States v. Matthews, 18 Cr. 124 (Sept. 24, 2018).

29

REQUEST NO. 24:  Expert Witness

I have allowed certain witnesses to testify as expert witnesses and to express their opinions about matters at issue in this case.  An expert is a witness who, by education or experience, has acquired knowledge in a specialized area.  Such witnesses are allowed to give their opinions as to relevant matters in which they profess to be an expert, and to give the reasons for their opinions. Expert testimony is presented to you on the theory that someone who is experienced and knowledgeable in a field can assist you in understanding the evidence or in reaching an independent decision on the facts.

Now, your role in judging credibility applies to experts just as it does to other witnesses. You should consider the expert opinions that were received in evidence in this case and give them as much or as little weight as you think they deserve.  You should not, however, accept the testimony of an expert witness merely because I allowed the witness to testify as an expert, nor should you substitute it for your own reason, judgment, and common sense.  The determination of the facts in this case rests solely with you.

> Adapted from the charge of the Honorable George B. Daniels in United States v. McCrimmon, No. 20 Cr. 343 (Apr. 6, 2021), and from the Honorable J. Paul Oetken in United States v. Middendorf, No. 18 Cr. 36 (Feb. 1, 2022).

<u>REQUEST NO. 25:</u>  <u>Preparation of Witnesses</u>
(If Applicable)

You have heard evidence during the trial that witnesses have discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.  You have also heard evidence that some of the witnesses had lawyers of their own.  Although you may consider these facts when you are evaluating a witness's credibility, it is common for a witness to meet with lawyers before testifying so that the witness can be aware of the subjects he or she will be questioned about, focus on the subjects, and have the opportunity to review relevant exhibits before being questioned about them.  In fact, it would be unusual for a lawyer to call a witness without such consultation.

Additionally, it is not unusual for a witness in a criminal investigation to have a lawyer of his or her own and for that lawyer to be with the witness for a pretrial interview.  As always, the weight you give to the fact or nature of these issues and what inferences you draw from them are matters completely within your discretion.

Adapted from the charges of the Honorable Jesse M. Furman in <u>United States</u> v. <u>Avenatti</u>, No. 19 Cr. 374 (Feb. 1, 2022).

<u>REQUEST NO. 26:</u>   Defendant's Testimony
(If Applicable)

As you saw, defendant NATHANIEL CHASTAIN took the witness stand and testified.  I have already instructed you on how you should evaluate the credibility of the witnesses you have heard in this case.  You should evaluate the defendant's testimony the same way that you judge the testimony of the other witnesses in this case.

<blockquote>
<u>See</u> <u>United States</u> v. <u>Gaines</u>, 457 F.3d 238, 240 (2d Cir. 2006) ("[I]f the defendant has testified, the trial court should tell the jury to evaluate the defendant's testimony in the same way it judges the testimony of other witnesses."); <u>but</u> <u>see</u> <u>United States</u> v. <u>Solano</u>, 966 F.3d 184, 197 (2d Cir. 2020) (holding that it was error for the district court to instruct that "any" witness with an interest in the outcome of the case, which included the defendant, necessarily has a "motive to testify falsely").
</blockquote>

32

REQUEST NO. 27:  Defendant's Right Not to Testify
(If Requested by the Defense)

The defendant did not testify.  Under our Constitution, a defendant is presumed innocent and has no obligation to testify or to present any other evidence because, as I have told you, it is the Government's burden to prove the defendant guilty beyond a reasonable doubt.  That burden remains on the Government throughout the entire trial and never shifts to the defendant.  A defendant is never required to prove that he is innocent.  You may not attach any significance to the fact that the defendant did not testify.  No adverse inference against the defendant may be drawn by you because the defendant did not take the witness stand.  You may not consider this in any way in your deliberations in the jury room.

Adapted from the charges of the Honorable Jesse M. Furman in
United States v. Avenatti, No. 19 Cr. 374 (Feb. 1, 2022).

33

<u>REQUEST NO. 28:</u>  <u>Use of Charts and Summaries</u>

The parties have presented evidence in the form of charts and summaries.  As you will recall, some of the charts and summaries were not admitted into evidence, but were shown to you as aids to make the other evidence more meaningful and to help you in considering the evidence. Others were admitted into evidence as exhibits.  I admitted these charts and summaries in place of or in addition to the underlying documents that they represent in order to save time and avoid unnecessary inconvenience.  They are no better than the testimony or the documents upon which they are based.  Therefore, you are to give no greater consideration to these charts or summaries than you would give to the evidence upon which they are based.  It is for you to decide whether they correctly present the information contained in the testimony and in the exhibits on which they were based.

Adapted from the charges of the Honorable Jesse M. Furman in <u>United States</u> v. <u>Avenatti</u>, No. 19 Cr. 374 (Feb. 1, 2022).

34

REQUEST NO. 29:  Concluding Remarks

The Government respectfully requests that the Court close by instructing the jurors regarding the selection of a foreperson, communications with the Court during deliberations, provision of copies of the Indictment and jury charge, and the procedures regarding requests for particular exhibits or testimony.


Dated: New York, New York
       April 13, 2023

                                        Respectfully submitted,

                                        DAMIAN WILLIAMS
                                        United States Attorney
                                        Southern District of New York


                                By:    _/s/_____
                                        Thomas Burnett
                                        Allison Nichols
                                        Nicolas Roos
                                        Assistant United States Attorneys
                                        Southern District of New York