

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

April 23, 2023

**VIA ECF**
Hon. Jesse M. Furman
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    *United States v. Nathaniel Chastain*, 22 Cr. 305 (JMF)

Judge Furman:

      The Government writes in opposition to the defendant's supplemental motion *in limine* filed on April 21, 2023 (Dkt. 94). The defense seeks to preclude "opinion testimony from [Government] witnesses regarding: (i) the adequacy, clarity, or application of the [confidential information] agreement, including with respect to the NFT featured artist information at issue in this case; and/or (ii) the legality or impropriety of Mr. Chastain's alleged conduct." (*Id.* at 2). Under the guise of claiming that "[t]he Court's rulings should apply in equal measure to the government" (*id.* at 3), the defense in fact seeks to preclude broad categories of relevant testimony that are admissible under the Court's prior rulings. Largely for the reasons set forth in the Court's prior rulings, this motion should be denied.

### I. The Defendant's Motion to Preclude Testimony Regarding the Confidentiality Agreement Should Be Denied

      The defendant's motion to preclude all testimony concerning the adequacy, clarity, and application of the confidentiality agreement the defendant signed should be denied substantially for the reasons set forth in prior briefing and rulings. Specifically, while the Government will not elicit from regular OpenSea employees their opinions about whether the terms of the agreement were clear, the Government can and must inquire as to what conduct the agreement covered. This is so because, as has been litigated extensively, the Government must prove that the defendant fraudulently misappropriated OpenSea's "confidential business information," and therefore its property, by using non-public information about what NFT would be featured on the company's website for his own profit. *See Carpenter v. United States*, 484 U.S. 19, 26 (1987) ("Confidential business information has long been recognized as property."). "*Carpenter* requires proof that the information was both considered and treated by an employer in a way that maintained the employer's exclusive right to the information." *United States v. Mahaffy*, 693 F.3d 113, 135 n.14 (2d Cir. 2012). An important question for the jury, then, is whether OpenSea *considered* and *treated* information about upcoming featured NFTs as confidential.

Indeed, the Court has previously ruled on this topic, and the defendant's motion amounts to a request for reconsideration, for which there is no basis. The Government previously moved *in limine* to preclude the defendant from inquiring of his peer employees "their opinions on whether OpenSea had adequate confidentiality protections and/or whether the rules in place were clear." (Dkt. 70 at 12). As the Government previously explained:

> Employees' opinions about the clarity of rules, or whether there were rules in place, are not relevant because they are neither evidence of the efforts that the employer, OpenSea, took to safeguard its confidential information, nor are they probative of Chastain's intent. In other words, while employees with relevant knowledge may permissibly testify regarding the steps taken by OpenSea to safeguard its confidential information, only the defendant should be permitted to testify about his own belief about whether OpenSea's rules were clear.

(*Id.* at 13). The Government also previously acknowledged: "The defendant will be free to highlight the fact that OpenSea did not have a written insider trading policy, and on cross-examination could inquire of OpenSea's executives whether they believed they had sufficient safeguards against improper use of confidential information." (*Id.* at 8). Finally, the Government drew a distinction between interpretive questions addressed to the defendant's peer employees, which are irrelevant, and what OpenSea's co-founders, who approved the confidentiality agreement and other company policies, intended to treat as confidential. (*Id.* at 13).

The Court previously ruled:

> To the extent that the Government asks "one or both of OpenSea's co-founders what they intended the confidentiality agreement to cover and whether the information Chastain utilized in conducting his [alleged] frontrunning was confidential," Gov't Mem. 13, Chastain may be entitled to cross-examine these witnesses about the clarity of the agreement (or lack thereof); the Court can and will rule on specific objections to any such questions at trial. Beyond that, the motion is granted to the extent it seeks to preclude Chastain from questioning other OpenSea employees, including Jessica Phan, about their opinions on whether OpenSea's confidentiality rules were adequate or clear, substantially for the reasons stated in the Government's memorandum of law. *See* Gov't Mem. 12-14. Chastain's reliance on the Second Circuit's footnote in *United States v. Mahaffy*, 693 F.3d 113, 138 n.14 (2d Cir. 2012), *see* Def.'s Opp'n 15-17, is misplaced. Chastain is free to question OpenSea employees, including Phan, about the existence (or non-existence) of relevant policies and trainings. In addition, Chastain is free to make arguments at trial based on the language of such policies and trainings or to testify about his interpretations and understanding of

> these matters. But how other employees interpreted or understood the rules is irrelevant and improper opinion testimony.

(Dkt. 90 at 3-4).

Accordingly, the defendant's motion to preclude the Devin Finzer and Alex Atallah from discussing the scope of the confidentiality policies and whether those policies addressed the defendant's conduct should be denied. Finzer and Atallah, who were the leaders of OpenSea during the relevant time period, will provide relevant and admissible testimony regarding whether OpenSea *considered* and *treated* information about upcoming featured NFTs as confidential. Finzer was a co-founder, a Board member, and the CEO. Atallah was the other co-founder, a Board member, and the CTO. They are, therefore, in a position to speak to what the company considered and treated as confidential, whereas lower-level employees (who were the subject of the Government's motion *in limine*) were not. Both witnesses may testify about the confidentiality rules they intended to put in place through the confidentiality agreements; the types of information OpenSea considered confidential, including whether information about upcoming featured NFTs was confidential; the restrictions on disclosure and use of confidential information; whether the defendant was allowed, under the confidentiality agreements, to use information about upcoming featured NFTs for his own trading; and whether policies enacted after the defendant's termination were intended to change the restrictions on the use of confidential information from the restrictions already in place in the confidentiality agreements. All of this testimony is relevant and admissible as it makes facts of consequence, as articulated in *Mahaffy*, more or less probable, and is certainly not unfairly prejudicial in any respect.

Finzer and Atallah will, of course, not testify about whether the defendant's conduct was legal or illegal, and they will not testify about whether the prosecution is fair or unfair. Those issues go to their view of the applicable law and the Government's prosecutorial decisions, rather than what OpenSea considered confidential, and are therefore not relevant.[1]

## II. The Defendant's Motion to Preclude Testimony Regarding the Legality or Impropriety of the Defendant's Conduct Should Be Denied

The defendant's motion to preclude witnesses from discussing any view that the defendant's actions were illegal or improper should be denied. As an initial matter, the Government does not intend to elicit testimony from any witness about the legality or illegality of the defendant's conduct, and the motion can therefore be denied as moot to the extent it seeks to preclude such testimony.

The defendant's use of the word "impropriety" is vague. The Government does not intend to ask witnesses if the defendant's conduct was proper or improper. But to the extent that the defendant means to preclude witnesses from testifying that they were concerned upon hearing allegations that, or learning that, the defendant was buying features before they appeared on the

---

[1] The Government does not intend to elicit the statements made by Ryan Foutty identified by the defendant at the bottom of Page 2 of his motion. It also does not intend to elicit testimony from Elizabeth Idowu about whether or not she believed the defendant's conduct was legal.

homepage, the motion should be denied. That testimony is relevant and admissible. It shows, among other things, why witnesses took certain actions (like elevating the issue to management, calling the defendant, and asking for his resignation) and is further evidence that OpenSea considered and treated the information at issue as confidential. Accordingly, the defendant's vague motion to preclude testimony about the propriety or impropriety of his conduct should be denied.

        Respectfully submitted,

        DAMIAN WILLIAMS
        United States Attorney

by: __/s_____
    Thomas Burnett
    Allison Nichols
    Nicolas Roos
    Assistant United States Attorneys

cc:  All counsel (*by ECF*)