

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

April 23, 2023

**VIA ECF**

Hon. Jesse M. Furman
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

    Re:    *United States v. Nathaniel Chastain*, 22 Cr. 305 (JMF)

Judge Furman:

    The Government writes regarding possible supplemental instructions to be given during the trial. At the final pretrial conference, the Court provided the parties with a potential instruction regarding the term insider trading, and also raised the possibility of an instruction regarding the victim in this case. The parties conferred on the possibility of supplemental instructions, but were not able to come to an agreement. For the reasons set forth below, the Government respectfully submits that (1) any instruction regarding "insider trading" should be given during the Court's preliminary instructions or in its charge to the jury, and not immediately after the Government's opening; (2) the Court should reserve on the question of whether to give an instruction regarding the victim in the case, and if it does give such an instruction, include it in the Court's jury charge; and (3) to the extent the Court gives an instruction, the Government proposes the neutral language set forth below.

    First, while the Government does not believe any instruction on the term "insider trading" is necessary in light of the Court's ruling that it is a fair description of the conduct, if the Court chooses to give such an instruction, the Government respectfully requests that it be given either during the Court's preliminary instructions when describing the nature of the case, or in its jury charge, but not immediately following the Government's opening statement. Indeed, no "curative instruction" is warranted because there is nothing to cure—should the Government refer to "insider trading," it would merely be making proper commentary, as this Court has held, and not offering improper testimony or argument to warrant the use of curative instruction. *See United States v. Van Hise*, No. 12 Cr. 847 (PGG), 2014 WL 956291, at *4 (S.D.N.Y. Mar. 11, 2014) (discussing examples of appropriate use of a curative instruction to address improper testimony). Further, even where curative instructions are appropriate, in some circumstances a curative instruction can do "more harm than good by focusing the jurors on … allusive references that they otherwise might have missed or construed as innocuous." *United States v. Deandrade*, 600 F.3d 115, 119 (2d Cir. 2010); *see also United States v. Weiss*, 914 F.2d 1514, 1523 (2d Cir. 1990) (noting the possibility

that a curative instruction could "unduly emphasize the issue to the jury," among other things, but ultimately rejecting the claim).

Giving an instruction after the Government's opening statement and before the defense opening could suggest to the jurors that the Government's use of the term "insider trading" was improper, which is not the case in light of the Court's rulings.[1] Further, the language proposed by the Court might be misinterpreted by a juror to be an instruction to disregard part of the opening—particularly if the juror misunderstands the Court's language "you should not concern yourselves with it" to be a reference to the term "insider trading" and not to the juror's prior understanding of the term. Even if the juror correctly understands the instruction, it may unduly emphasize the issue. In short, should an instruction be given, it should be a supplemental legal instruction, not a curative instruction. Therefore, instead of giving the instruction between opening statements, the Government respectfully submits that a version of the instruction could be given at the time the Court describes the case and gives preliminary instructions, or at the close of the case when the Court is giving the legal instructions to the jury.

Second, the Government respectfully submits that the Court should reserve decision on giving a specific instruction concerning the victim in the case. As an initial matter, the defendant, through counsel, has indicated that he will enter into a stipulation that should eliminate the need to call as witnesses OpenSea users who traded opposite the defendant. Therefore, it is unlikely that the jury will be under a mistaken impression that the defendant's trading counterparties are the victims in the case. Indeed, without such witnesses, this case is no different from many other insider trading misappropriation cases where no such instruction is given. In any case, although the Government may make arguments regarding the defendant's motive for committing the crimes charged that bear on his role in the marketplace and the effect of his trading on others, the Government does not intend to argue or offer evidence to establish that anyone other than OpenSea was defrauded. And the Government anticipates that any theoretical confusion by a juror will be addressed by the Court's legal instructions, which will make clear the elements on the fraud charged.

Underscoring the benefit of waiting, the proposed defense instruction criticizes language—"level playing field"—that is not even in the Government's opening statement. Because the need for such an instruction will depend in large part on how the evidence comes in, the Government respectfully submits that the Court should reserve on the question of giving such an instruction, and the language for such an instruction, until the need arises, if ever.

Finally, if the Court determines that any supplemental instruction is appropriate at the beginning or conclusion of the case, the Government proposes the following:

---

[1] The defendant proposed to the Government a more prejudicial version of this: "While the Government believes that insider trading describes Mr. Chastain's alleged conduct, insider trading is not one of the two charged offenses in this case." That instruction is both inconsistent with the Court's prior instructions and misleading, since there is no federal insider trading statute, but several federal statutes prohibit such conduct.

- For insider trading: "During this trial, you have heard the term 'insider trading.' You may have heard that term before. Whatever understanding you may have of that term from outside this trial, please set aside that understanding for this case. I will instruct you about the crimes with which Mr. Chastain is charged and the elements of those offenses."

- For the instruction on victims: "At the end of this trial, I expect I will instruct you that the defendant has been charged with committing wire fraud by misappropriating confidential business information from his employer, OpenSea, which is the alleged victim of the fraud charged in this case."

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

by: __/s_____
Thomas Burnett
Allison Nichols
Nicolas Roos
Assistant United States Attorneys

cc:  All counsel (*by ECF*)