

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

April 25, 2023

**VIA ECF**

Hon. Jesse M. Furman
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    *United States v. Nathaniel Chastain*, 22 Cr. 305 (JMF)

Judge Furman:

      The Government writes to preclude the defense from cross-examining OpenSea witnesses, including Alex Atallah, Devin Finzer, Dan Viau, or others about their own cryptocurrency-wallet management practices. During the first day of trial, the defense questioned the first two witnesses about their use of multiple wallets, the security risks associated with hot and cold storage wallets, and the reasons to use wallets in particular ways. *See* Tr. at 118 (questioning Ms. Idowu about "cold storage" and the "security reasons" for its use); *id.* (asking if a MetaMask wallet is "more likely" to be "hacked as opposed to a cold wallet"); *id.* at 155 (inquiring of Mr. Salmon about his use of multiple wallets and whether he "believe[s] that [a] storage device is safer than having all of your Ether NFTs on your online wallets"). The point of those questions appears to be twofold: (1) to create an impression about how people typically manage cryptocurrency wallets, and (2) to use the witnesses' reasons for certain practices as a proxy for the defendant's rationale for certain practices. The former impermissibly uses lay witnesses as experts on industry standards. And the latter impermissibly uses witnesses' intent as a stand-in for the defendant's intent. Neither should be allowed.

      First, questions of the OpenSea witnesses about how people typically manage cryptocurrency wallets and addresses, or what the best practices are for wallet security will elicit improper lay witness opinion testimony under Rule 701, and therefore should be precluded. In order "to ensure that lay opinion testimony is reliable and does not usurp the jury's role as fact-finder, Rule 701 imposes certain foundation requirements that must be satisfied if such testimony is to be admitted." *United States v. Kaplan*, 490 F.3d 110, 118 (2d Cir. 2007). The opinion testimony must be "(a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701; *Kaplan*, 490 F.3d at 118. The third requirement of Rule 701(c) "explicitly bars the admission of lay opinions or inferences that are 'based on scientific, technical or other specialized knowledge." *United States v. Glenn*, 312 F.3d 58, 66-67 (2d Cir. 2002) (quoting Fed. R. Evid.

701(c)).  Thus, "the law in this Circuit precludes lay witnesses from testifying about custom and practice."  *Am. Mfrs. Mut. Ins. Co. v. Payton Lane Nursing Home, Inc.*, No. 05 Civ. 5155 (AKT), 2010 WL 741971, at *4 (E.D.N.Y. Feb. 23, 2010) (collecting cases).  Here, questions about what types of wallets are most susceptible to security risks and the best way to guard against hacking or other security problems is improper lay witness testimony about custom and practice, informed by specialized knowledge of the witnesses.

Second, it appears witnesses are being questions about the reasons for their practices using wallets and addresses as a proxy for the defendant's rationale for using wallets in particular ways.  The reasons why employees had one or more wallets are probative only of those employees' mental states and beliefs, which are entirely irrelevant to this trial.  Regardless of whether a particular employee used one or three wallets, it has no bearing on the defendant's practices or intent.  Neither does the reasons for those employees using hot or cold wallets.  Thus, such questioning should be precluded as irrelevant.  Additionally, such questioning risks confusing the jury and injecting collateral issues into the case—like other employees' intent in making their own purchases.  Such risk of confusion and prejudice significantly outweighs what, if any, probative value the answers to these questions may have.

Finally, to the extent the defense is permitting to ask witnesses about their own purchasing and selling activity, and/or their use of wallets, such questioning should be conducted in accordance with Federal Rule of Evidence 611(b).  Specifically, if the Government does not inquire of a witnesses' own purchasing and selling of NFTs on direct examination, or that witnesses' use of wallets, defense counsel must inquire into such subjects "as if on direct examination."  Fed. R. Evid. 611(b).

Accordingly, for the reasons set forth above, the Government respectfully requests that this line of cross-examination be precluded.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

by:  __/s_____
Thomas Burnett
Allison Nichols
Nicolas Roos
Assistant United States Attorneys

cc:  All counsel (*by ECF*)