UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X
                                :

UNITED STATES OF AMERICA,         :

                                :

        -v-                  :           22-CR-305 (JMF)

                                :

NATHANIEL CHASTAIN,           :           <u>ORDER</u>

                                :

                  Defendant.       :

                                :

-------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      Attached to this Order are the following:

- the draft jury charge that was considered at the charge conference held on April 28, 2023; and

- the final jury charge that was delivered to the jury on May 1, 2023.

      SO ORDERED.

Dated: May 2, 2023
       New York, New York

                                                      JESSE M. FURMAN
                                       United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X
                                               :

UNITED STATES OF AMERICA,               :

                                               :

    -v-                                      :

                                           :       22-CR-305 (JMF)

NATHANIEL CHASTAIN,                 :

                                           :

                          Defendant.     :

                                             :

-------------------------------------------------------------------X

## JURY CHARGE

April 28, 2023

DRAFT

# Table of Contents

I. GENERAL INTRODUCTORY CHARGES ............................................................. 1

1   Role of the Court and the Jury................................................................................ 2
2   The Parties............................................................................................................... 2
3   Conduct of Counsel ................................................................................................ 2
4   Presumption of Innocence and Burden of Proof ..................................................... 3
5   Proof Beyond a Reasonable Doubt.......................................................................... 3
6   Direct and Circumstantial Evidence ....................................................................... 4
7   What Is and What Is Not Evidence .......................................................................... 6
8   Credibility of Witnesses .......................................................................................... 7
9   Expert Witnesses ..................................................................................................... 8
10  Law Enforcement and Government Witnesses ........................................................ 9
11  Preparation and Representation of Witnesses ......................................................... 9
12  Uncalled Witnesses................................................................................................ 10
13  Number of Witnesses and Uncontradicted Testimony .......................................... 10
14  Stipulations ........................................................................................................... 11
15  Limited Purpose Evidence .................................................................................... 11
16  Charts and Summaries ........................................................................................... 11
17  Particular Investigative Techniques....................................................................... 12
18  Persons Not on Trial .............................................................................................. 12
19  All Available Evidence Need Not Be Introduced .................................................. 12
20  Searches and Seizures ........................................................................................... 13
21  The Defendant's Testimony ................................................................................... 13

II. SUBSTANTIVE CHARGES .......................................................................... 14

22  The Indictment ...................................................................................................... 14
23  Count One: Elements............................................................................................. 15
24  Count One — First Element: Existence of a Scheme or Artifice .......................... 16
25  Count One — Second Element: Knowledge and Intent to Defraud ....................... 18
26  Count One — Third Element: Use of Wires .......................................................... 20
27  Count Two: Elements ............................................................................................ 20
28  Count Two — First Element: Financial Transaction............................................. 21
29  Count Two — Second Element: Specified Unlawful Activity .............................. 22
30  Count Two — Third Element: Knowledge ............................................................ 22
31  Count Two — Fourth Element: Purpose ............................................................... 23
32  Defense Theory of the Case .................................................................................. 24
33  Venue ..................................................................................................................... 24
34  Variance in Dates and Amounts ............................................................................ 25

III. CONCLUDING INSTRUCTIONS ................................................................. 25

35  Selection of the Foreperson ................................................................................... 25
36  Right to See Exhibits and Hear Testimony ........................................................... 26
37  Juror Note-Taking ................................................................................................. 26
38  Bias, Prejudice, and Sympathy ............................................................................. 27
39  Duty to Deliberate ................................................................................................. 28
40  Return of the Verdict ............................................................................................. 29
41  Closing Comments ................................................................................................ 29
42

I. GENERAL INTRODUCTORY CHARGES

1 

2        Members of the jury, you have now heard all of the evidence and the lawyers' closing

3  arguments.  It is my duty at this point to instruct you as to the law.  I am going to read my instructions to

4  you.  It is not my favorite way to communicate — and not the most scintillating thing to listen to — but

5  there is a need for precision, and it is important that I get the words just right, and so that is why I will be

6  reading.

7        I have given you a copy of my instructions to follow along because they cover many points.

8  Please limit yourself to following along; that is, do *not* read ahead in the instructions.  If you find it

9  easier to listen and understand while you are following along with me, please do so.  If you would

10  prefer, you can just listen and not follow along.  In the unlikely event that I deviate from the written

11  instructions, it is my oral instructions that govern and that you must follow.  But you may take your

12  copy of the instructions with you into the jury room so you can consult it if you want to re-read any

13  portion of the charge to facilitate your deliberations.

14        For now, listen carefully and try to concentrate on the substance of what I'm saying.  You should

15  not single out any instruction as alone stating the law.  Instead, you should consider my instructions as a

16  whole when you retire to deliberate in the jury room.

17        My instructions to you will be in three parts.

18        First, I will give you general instructions — for example, about your role as the jury, what you

19  can and cannot consider in your deliberations, and the burden of proof.

20        Second, I will describe the law that you must apply to the facts as you find them to be established

21  by the evidence.

22        Finally, I will give you some instructions for your deliberations.

23

1

Role of the Court and the Jury

You, the members of the jury, are the sole and exclusive judges of the facts.  You must weigh

and consider the evidence without regard to sympathy, prejudice, or passion for or against any party.  It

is your duty to accept my instructions as to the law and to apply them to the facts as you determine them.

If either party has stated a legal principle differently from any that I state to you in my instructions, it is

my instructions that you must follow.


The Parties

In reaching your verdict, you must remember that all parties stand equal before a jury in the

courts of the United States.  The fact that the Government is a party and the prosecution is brought in the

name of the United States does not entitle the Government or its witnesses to any greater consideration

than that accorded to any other party.  By the same token, you must give it no less deference.  The

Government and the defendant, Nathaniel Chastain, stand on equal footing before you.

It would be improper for you to consider, in reaching your decision as to whether the

Government sustained its burden of proof, any personal feelings you may have about the defendant's

race, national origin, religious beliefs, sex, or age.  All persons are entitled to the same presumption of

innocence and the Government has the same burden of proof with respect to all persons.


Conduct of Counsel

The personalities and the conduct of counsel are not in any way at issue.  If you formed opinions

of any kind about any of the lawyers in the case, favorable or unfavorable, whether you approved or

disapproved of their behavior, those opinions should not enter into your deliberations.

1    In addition, remember that it is the duty of a lawyer to object when the other side offers

2    testimony or other evidence that the lawyer believes is not properly admissible.  Therefore, you should

3    draw no inference from the fact that there was an objection to any testimony or evidence.  Nor should

4    you draw any inference related to the weight or importance of any testimony or evidence from the fact

5    that I sustained or overruled an objection.  Simply because I have permitted certain testimony or

6    evidence to be introduced does not mean that I have decided on its importance or significance.  That is

7    for you to decide.

8

9    <u>Presumption of Innocence and Burden of Proof</u>

10   The defendant has pleaded not guilty to the charges against him.  As a result of that plea of not

11   guilty, the burden is on the Government to prove guilt beyond a reasonable doubt.  This burden never

12   shifts to a defendant for the simple reason that the law never imposes upon a defendant in a criminal

13   case the burden or duty of testifying, or calling any witness, or locating or producing any evidence.  The

14   fact that the defendant presented evidence does not shift the burden to him.

15   Furthermore, the law presumes the defendant to be innocent of the charges against him.  The

16   presumption of innocence was in his favor when the trial began, continued in his favor throughout the

17   entire trial, remains with him even as I speak to you now, and persists in his favor as to each charged

18   crime during the course of your deliberations in the jury room, unless and until the Government proves

19   beyond a reasonable doubt that he committed the charged crime.

20

21   <u>Proof Beyond a Reasonable Doubt</u>

22   The question that naturally arises is, "What is a reasonable doubt?"  A reasonable doubt is a

23   doubt based on your reason, your judgment, your experience, and your common sense.  It is a doubt that

1    a reasonable person has after carefully weighing all the evidence.  It is a doubt founded in reason and

2    arising out of the evidence in the case — or the lack of evidence.  A reasonable doubt is not caprice or

3    whim.  It is not speculation or suspicion.

4          Proof beyond a *reasonable* doubt does not mean proof beyond all *possible* doubt.  It is

5    practically impossible for a person to be absolutely and completely convinced of any disputed fact that,

6    by its very nature, cannot be proved with mathematical certainty.  The Government's burden is to

7    establish guilt beyond a *reasonable* doubt, not all *possible* doubt.

8          If, after a fair and impartial consideration of all the evidence, you can candidly and honestly say

9    that you are not satisfied with the guilt of the defendant, that you do not have an abiding belief of the

10    defendant's guilt — in other words, if you have such a doubt as would reasonably cause a prudent

11    person to hesitate in acting in matters of importance in his or her own affairs — then you have a

12    reasonable doubt, and in that circumstance it is your duty to acquit.

13          On the other hand, if, after a fair and impartial consideration of all the evidence, you can

14    candidly and honestly say that you do have an abiding belief of the defendant's guilt, such a belief as a

15    prudent person would be willing to act upon in important matters in the personal affairs of his or her

16    own life, then you have no reasonable doubt, and in that circumstance it is your duty to convict.

17

18    <u>Direct and Circumstantial Evidence</u>

19          There are two types of evidence that you may properly use in deciding whether the defendant is

20    guilty or not guilty of the crimes with which he is charged.

21          One type of evidence is called direct evidence.  Direct evidence of a fact in issue is presented

22    when a witness testifies to that fact based on what he or she personally saw, heard, or otherwise

1  observed through the five senses.  The second type of evidence is circumstantial evidence.

2  Circumstantial evidence is evidence that tends to prove a disputed fact indirectly by proof of other facts.

3         There is a simple example of circumstantial evidence that is often used in this courthouse.

4  Assume that when you came into the courthouse this morning, the sun was shining and it was a nice day

5  outside.  Also assume that the courtroom shades were drawn and you could not look outside.  Assume

6  further that as you were sitting here, someone walked in with an umbrella that was dripping wet, and

7  then, a few moments later, somebody else walked in with a raincoat that was also dripping wet.

8         Now, because you could not look outside the courtroom and you could not see whether it was

9  raining, you would have no direct evidence of that fact.  But, on the combination of facts that I have

10  asked you to assume, it would be reasonable and logical for you to conclude that it was raining.

11         That is all there is to circumstantial evidence.  You infer on the basis of your reason, experience,

12  and common sense from one established fact the existence or the nonexistence of some other fact.

13         The matter of drawing inferences from facts in evidence is not a matter of guesswork or

14  speculation.  An inference is a logical, factual conclusion that you might reasonably draw from other

15  facts that have been proved.  It is for you, and you alone, to decide what inferences you will draw.

16         Many material facts, such as a person's state of mind, are not easily proved by direct evidence.

17  Usually such facts are established by circumstantial evidence and the reasonable inferences you draw.

18  Circumstantial evidence may be given as much weight as direct evidence.  The law makes no distinction

19  between direct and circumstantial evidence.  The law simply requires that before convicting a defendant,

20  you must be satisfied of the defendant's guilt beyond a reasonable doubt, based on all of the evidence in

21  the case.

22

1  <u>What Is and What Is Not Evidence</u>

2       What, then, is the evidence in the case?

3       The evidence in this case is (1) the sworn testimony of the witnesses, (2) the exhibits received

4  into evidence, and (3) any stipulations made by the parties.  Anything else is not evidence.

5       For example, the questions posed to a witness are not evidence: It is the witnesses' answers that

6  are evidence, not the questions.  In addition, exhibits marked for identification but not admitted by me

7  are not evidence.  Nor are materials brought forth only to refresh a witness's recollection.  Moreover,

8  testimony that has been stricken or excluded by me is not evidence and may not be considered by you in

9  rendering your verdict.

10      Along these lines, we may have, among the exhibits received in evidence, some documents that

11 are redacted.  "Redacted" means that part of the document was taken or blacked out.  You are to concern

12 yourself only with the part of the document that has been admitted into evidence.  You should not

13 consider any possible reason why the other part of it has been deleted or blacked out.

14      Arguments by the advocates are also not evidence.  What you heard during the opening

15 statements and summations is merely intended to help you understand the evidence and reach your

16 verdict.  If your recollection of the facts differs from the lawyers' statements, you should rely on your

17 recollection.  If a lawyer made a statement during his or her opening or summation and you find that

18 there is no evidence to support the statement, you should disregard the statement.

19      Finally, any statements that I may have made during the trial or during these instructions do not

20 constitute evidence.  At times, I may have admonished a witness or directed a witness to be responsive

21 to questions or to keep his or her voice up.  At times, I may have asked a question myself.  Any

22 questions that I asked, or instructions that I gave, were intended only to clarify the presentation of

23 evidence and to bring out something that I thought might be unclear.  You should draw no inference or

1    conclusion of any kind, favorable or unfavorable, with respect to any witness or any party in the case, by

2    reason of any comment, question, or instruction of mine.  The rulings I have made during the trial and

3    these instructions are no indication of my views of what your decision should be.  Nor should you infer

4    that I have any views as to the credibility of any witness, as to the weight of the evidence, or as to how

5    you should decide any issue that is before you.  That is entirely your role.

6

7    Credibility of Witnesses

8           How do you evaluate the credibility or believability of the witnesses?  The answer is that you use

9    your common sense.  There is no magic formula by which you can evaluate testimony.  You may use the

10   same tests here that you use in your everyday life when evaluating statements made by others to you.

11   You may ask yourselves: Did the witness impress you as open, honest, and candid?  How responsive

12   was the witness to the questions asked on direct examination and on cross-examination?

13          If you find that a witness intentionally told a falsehood, that is always a matter of importance you

14   should weigh carefully.  On the other hand, a witness may be inaccurate, contradictory, or even

15   untruthful in some respects and entirely believable and truthful in other respects.  It is for you to

16   determine whether such inconsistencies are significant or inconsequential, and whether to accept or

17   reject all of the testimony of any witness, or to accept or reject only portions.

18          You are not required to accept testimony even though the testimony is uncontradicted and the

19   witness's testimony is not challenged.  You may reject it because of the witness's bearing or demeanor,

20   or because of the inherent improbability of the testimony, or for other reasons sufficient for you to

21   conclude that the testimony is not worthy of belief.

22          In evaluating the credibility of the witnesses, you should take into account any evidence that a

23   witness may benefit in some way from the outcome of the case.  Such an interest in the outcome creates

7

a motive to testify falsely and may sway a witness to testify in a way that advances his or her own interests.  Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, you should bear that factor in mind when evaluating the credibility of his or her testimony and decide whether to accept it with great care.

Keep in mind, though, that it does not automatically follow that testimony given by an interested witness is to be disbelieved.  There are many people who, no matter what their interest in the outcome of the case may be, would not testify falsely.  It is for you to decide, based on your own perceptions and common sense, to what extent, if at all, the witness's interest has affected his or her testimony.


Expert Witnesses

You have heard testimony from an expert witness.  As I previously explained, an expert witness is someone who, by education or experience, has acquired learning or experience in a specialized area of knowledge.  Such a witness is permitted to express his opinions on matters about which he has specialized knowledge and training.  The parties may present expert testimony to you on the theory that someone who is experienced in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

Your role in judging credibility applies to the expert as well as other witnesses.  In weighing an expert's opinion, you may consider the expert's qualifications, education, and reasons for testifying, as well as all of the other considerations that ordinarily apply, including all the other evidence in the case. If you find the opinion of an expert is based on sufficient data, education, and experience, and the other evidence does not give you reason to doubt his conclusions, you would be justified in placing reliance on his testimony.  However, you should not accept witness testimony simply because the witness is an expert.  The determination of the facts in this case rests solely with you.

Law Enforcement and Government Witnesses

You have heard testimony from law enforcement or other government witnesses.  The fact that a witness may be employed as a law enforcement official or government employee does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.  It is your decision, after reviewing all the evidence, whether to accept the testimony of any law enforcement witness or government witnesses, as it is with every other type of witness, and to give to that testimony the weight you find it deserves.

Preparation and Representation of Witnesses

You have heard evidence during the trial that witnesses have discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.  You have also heard evidence that some of the witnesses have lawyers of their own.  Although you may consider these facts when you are evaluating a witness's credibility, it is common for a witness to meet with lawyers before testifying so that the witness can be aware of the subjects he or she will be questioned about, focus on the subjects, and have the opportunity to review relevant exhibits before being questioned about them.  In fact, it would be unusual for a lawyer to call a witness without such consultation.  Additionally, it is not unusual for a witness in a criminal case to have a lawyer of his or her own.  As always, the weight you give to the fact or the nature of these issues and what inferences you draw from them are matters completely within your discretion.

**Adapted from *United States v. Avenatti*, 19-cr-374 (JMF) (S.D.N.Y. February 1, 2022).**

1    <u>Uncalled Witnesses</u>

2        There are people whose names you have heard during the course of the trial but who did not

3    appear here to testify.  I instruct you that each party had an equal opportunity, or lack of opportunity, to

4    call any of these witnesses.  Therefore, you should not draw any inferences or reach any conclusions as

5    to what they would have testified to had they been called.  Their absence should not affect your

6    judgment in any way.

7        You should, however, remember my instruction that the law does not impose on a defendant in a

8    criminal case the burden or duty of calling any witness or producing any evidence.  The burden of proof

9    remains at all times with the Government.

10

11    <u>Number of Witnesses and Uncontradicted Testimony</u>

12        The fact that one party called more witnesses or introduced more evidence does not mean that

13    you should necessarily find the facts in favor of the side offering the most witnesses and the most

14    evidence.  By the same token, you do not have to accept the testimony of any witness who has not been

15    contradicted or impeached, if you find the witness to be not credible.  After examining all the evidence,

16    you may decide that the party calling the most witnesses has not persuaded you because you do not

17    believe its witnesses, or because you do believe the fewer witnesses called by the other side.

18        Again, you should also keep in mind that the burden of proof is always on the Government.  The

19    defendant is not required to call any witnesses or offer any evidence, since he is presumed to be

20    innocent.  On the other hand, the Government is not required to prove each element of the offense by

21    any particular number of witnesses.  The testimony of a single witness may be enough to convince you

22    beyond a reasonable doubt of the existence of the elements of the charged offenses — if you believe that

23    the witness has truthfully and accurately related what he or she has told you.  The testimony of a single

1    witness may also be enough to convince you that reasonable doubt exists, in which case you must find

2    the defendant not guilty.

3

4    <u>Stipulations</u>

5        Stipulations were entered into relating to various facts in this case.  A stipulation is an agreement

6    between parties as to what certain facts were or what the testimony would be if certain people testified

7    before you.  The stipulations are the same for your purposes as the presentation of live testimony.  You

8    should consider the weight to be given such evidence just as you would any other evidence.

9

10    <u>Limited Purpose Evidence</u>

11        If certain testimony or evidence was received for a limited purpose, you must follow the limiting

12    instructions I have given.

13

14    <u>Charts and Summaries</u>

15        The parties presented exhibits in the form of charts and summaries.  As I mentioned to you earlier,

16    I admitted these charts and summaries in place of, or in addition to, the underlying testimony or

17    documents that they represent in order to save time and avoid unnecessary inconvenience.  They are no

18    better than the testimony or the documents upon which they are based.  Therefore, you are to give no

19    greater consideration to these charts or summaries than you would give to the evidence upon which they

20    are based.  It is for you to decide whether they correctly present the information contained in the

21    testimony and in the exhibits on which they were based.

22

1    <u>Particular Investigative Techniques</u>

2        You have heard reference to certain investigative techniques that were used or not used by the

3    Government in this case.  There is no legal requirement that the Government prove its case through any

4    particular means.  While you are to carefully consider the evidence and/or lack of evidence adduced by

5    the Government, you are not to speculate as to why the Government used the techniques it did or why it

6    did not use other techniques.  Your concern is to determine whether or not, on the evidence or lack of

7    evidence, the Government has met its burden of proving each element of each charge beyond a

8    reasonable doubt.

9

10    <u>Persons Not on Trial</u>

11        You may not draw any inference, favorable or unfavorable, toward the Government or the

12    defendant from the fact that any person was not named as a defendant in this case, and you may not

13    speculate as to the reasons why other people are not on trial before you now.  Those matters are wholly

14    outside your concern and have no bearing on your function as jurors in deciding the case before you.

15

16    <u>All Available Evidence Need Not Be Introduced</u>

17        The law does not require any party to call as witnesses all persons who may have been present at

18    any time or place involved in the case, or who may appear to have some knowledge of the matter in

19    issue at this trial.  Nor does the law require any party to produce as exhibits all relevant papers and

20    things available to either party during the course of the trial.

21

1   Searches and Seizures

2       You have heard testimony about evidence that was seized and about searches, including searches

3   of electronic devices.  Evidence obtained from those searches was properly admitted in this case and

4   may be properly considered by you.  Indeed, such searches are entirely appropriate law enforcement

5   actions.  Whether you approve or disapprove of how the evidence was obtained should not enter into

6   your deliberations because I instruct you that the Government's use of the evidence is lawful.

7       You must, therefore, regardless of your personal opinions, give this evidence full consideration

8   along with all the other evidence in the case in determining whether the Government has proved the

9   defendant's guilt beyond a reasonable doubt.  Once again, however, it is for you to decide what weight,

10  if any, to give to this evidence.

11

12  The Defendant's Testimony

13      The defendant did not testify.  Under our Constitution, a defendant is presumed innocent and has

14  no obligation to testify or to present any other evidence because, as I have told you many times, it is the

15  Government's burden to prove the defendant guilty beyond a reasonable doubt.  That burden remains on

16  the Government throughout the entire trial and never shifts to the defendant.  A defendant is never

17  required to prove that he is innocent.

18      You may not attach any significance to the fact that the defendant did not testify.  No adverse

19  inference against the defendant may be drawn by you because the defendant did not take the witness

20  stand.  You may not speculate as to why he did not testify.  You may not consider this in any way in

21  your deliberations in the jury room.

22

## II. SUBSTANTIVE CHARGES

1

That concludes my introductory instructions.  Let me now turn to the charges.

2

The Indictment

3

The defendant is formally charged in an Indictment.  As I instructed you at the outset of this

4

case, the Indictment is simply a charge or accusation.  It is not evidence.

5

The Indictment contains two charges, or "counts," against Nathaniel Chastain.  Each count

6

accuses the defendant of committing a different crime and I will discuss each count in turn.  You must,

7

as a matter of law, consider each count, and you must return a separate verdict for each count in which

8

the defendant is charged.  A verdict of not guilty on Count One, however, <u>requires</u> that you return a

9

count of not guilty for Count Two.  If you should, however, find the defendant guilty on Count One, you

10

are not required to find him guilty on Count Two.

11

Count One charges the defendant with wire fraud.  Specifically, it charges that, from at least in or

12

about June 2021 to at least in or about September 2021, the defendant misappropriated OpenSea's

13

confidential business information by purchasing NFTs that he knew were going to be featured on

14

OpenSea's homepage and then reselling them after they had been featured and appreciated in value.

15

Count Two charges the defendant with concealment money laundering.  Specifically, it charges

16

that, from at least in or about June 2021 to at least in or about September 2021, the defendant conducted

17

financial transactions involving the proceeds of the wire fraud charged in Count One in a manner that

18

was designed to conceal the nature, location, source, ownership, or control of the proceeds.

19

I remind you that whatever opinions or understandings you may have about terms that you may

20

have heard during trial, including "fraud," "confidential business information," "money laundering," or

21

"insider trading," you should disregard them.  I will explain the elements that the Government must

22

1   prove beyond a reasonable doubt for you to find the defendant guilty of each crime with which he is

2   charged, namely wire fraud and money laundering, and it is my instructions you should follow.

3   **Adapted from *United States v. Raji*, 19-CR-870 (JMF) (S.D.N.Y. September 19, 2022); *United***

4   ***States v. Avenatti*, 19-cr-374 (JMF) (S.D.N.Y. February 1, 2022); *United States v. Ansah*, 19 Cr. 752**

5   **(JMF) (S.D.N.Y. 2021); *United States v. Castillo*, 19 Cr. 784 (GHW) (S.D.N.Y. 2021); *United States***

6   ***v. Cheng Le*, 15 Cr. 38 (AJN) (S.D.N.Y. 2015); *United States v. Balkany*, 10 Cr. 441 (DLC)**

7   **(S.D.N.Y. 2010); Sand, *Model Federal Jury Instructions-Criminal*, Instrs. 39A.50, 44.01.**

8

9   Count One: Elements

10        In order to find the defendant guilty of Count One, which charges him with wire fraud, the

11   Government must prove the following three elements beyond a reasonable doubt:

12        *First*, that there was a scheme or artifice to defraud OpenSea of its property — specifically, its

13   confidential business information;

14        *Second*, that the defendant knowingly, willfully, and with the intent to defraud, devised or

15   participated in the scheme or artifice; and

16        *Third*, that an interstate or international wire communication was used in furtherance of the

17   scheme or artifice.

18        I will discuss each element in turn.

19   **Adapted from *United States v. Raji*, 19-CR-870 (JMF) (S.D.N.Y. September 19, 2022); *United***

20   ***States v. Avenatti*, 19-cr-374 (JMF) (S.D.N.Y. February 1, 2022); *United States v. Lavidas*, 19 Cr.**

21   **716 (DLC) (S.D.N.Y. 2020); *United States v. Hoey*, 15 Cr. 229 (PAE) (S.D.N.Y. 2016); *United States***

22   ***v. Balkany*, 10 Cr. 441 (DLC) (S.D.N.Y. 2010); Sand, *Model Federal Jury Instructions-Criminal*,**

1    **Instrs. 44-3; *see United States v. Calderon*, 944 F.3d 72, 85 (2d Cir. 2019); *United States v. Weaver*,**

2    **860 F.3d 90, 94 (2d. Cir. 2017).**

3

4    Count One — First Element: Existence of a Scheme or Artifice

5          The first element the Government must prove beyond a reasonable doubt with respect to Count

6    One is that there was a scheme or artifice to defraud OpenSea of its property — specifically, its

7    confidential business information.  Note that Count One charges the defendant with defrauding

8    OpenSea; he is not charged with defrauding any parties other than OpenSea, such as NFT collectors,

9    artists, or members of OpenSea's user base.

10         A "scheme or artifice" is merely a plan for the accomplishment of an object.  A "scheme to

11   defraud" exists when an individual engages in any plan, device, or course of action to accomplish a

12   fraudulent objective.

13         "Fraud" is a general term that includes all efforts and means that an individual may devise to

14   deprive another of money or property by trick, deception, swindle, or overreaching.  In order to establish

15   a scheme to defraud, the Government need not show that the defendant made a misrepresentation.  You

16   may find the existence of a scheme to defraud if you find that the conduct of the defendant was

17   deceptive or if you find that the defendant conducted himself in a manner that departed from traditional

18   notions of fundamental honesty and fair play in the general and business life of society.  As is pertinent

19   here, a "scheme to defraud" includes fraudulently embezzling or fraudulently misappropriating property

20   belonging to another.  The word "misappropriate" refers to the fraudulent appropriation of property by a

21   person to whom such property has been entrusted.  A person commits "misappropriation" when he

22   fraudulently converts to his own use property belonging to another where the property initially lawfully

23   came within his possession or control.

1    As is pertinent here, a "scheme to defraud" includes fraudulently misappropriating property

2    belonging to another.  A "scheme to defraud" must have some amount of money or property as its

3    object.  The amount need not be large; any amount suffices.

4    A company's "confidential business information" is a type of property.  Information is

5    "confidential business information" if it was acquired or created by a business for a business purpose,

6    and the business both considered and treated that information in a way that maintained the company's

7    exclusive right to that information.  The company must both consider the information to be confidential

8    and take affirmative steps to treat the information as confidential and maintain exclusivity; if an

9    employer "considers" information to be confidential but does not take affirmative steps to treat it as such

10   and maintain exclusivity, it does not qualify as property.  Factors you may consider in determining

11   whether OpenSea treated the information at issue as confidential include, but are not limited to: written

12   company policies, employee training, measures the employer has taken to guard the information's

13   secrecy, the extent to which the information is known outside the employer's place of business, and the

14   ways in which other employees may access and use the information.  You may also consider whether the

15   information had economic value to the employer, but the Government is not required to prove that the

16   information had such value.

17   Nor is it necessary for the Government to prove that the defendant actually realized any gain

18   from the scheme or that the intended victim actually suffered any loss.  You must concentrate on

19   whether there was a scheme or artifice, not on the consequences of the scheme or artifice.  Of course,

20   proof concerning the accomplishment of the goals of a scheme or artifice may be the most persuasive

21   evidence of the existence of the scheme or artifice itself.

22   A scheme to defraud need not be shown by direct evidence, but may be established by all of the

23   circumstances and facts in the case.

1    **Adapted from *United States v. Mahaffy*, 693 F.3d 113, 138 n.14 (2d Cir. 2012); *United States v.***

2    ***Chastain*, No. 22-CR-305 (JMF), 2022 WL 13833637, at \*1 (S.D.N.Y. Oct. 21, 2022); *United States***

3    ***v. Males*, 459 F.3d 154, 157 (2d Cir. 2006); *United States v. Tagliaferri*, 13 Cr. 115 (S.D.N.Y. 2014);**

4    ***United States v. Trapilo*, 130 F.3d 547, 550 n.3 (2d Cir. 1997); *United States v. Raji*, 19-CR-870**

5    **(JMF) (S.D.N.Y. September 19, 2022); *United States v. Avenatti*, 19-cr-374 (JMF) (S.D.N.Y.**

6    **February 1, 2022); *United States v. Balkany*, 10 Cr. 441 (DLC) (S.D.N.Y. 2010); *United States v.***

7    ***Hoey*, 15 Cr. 229 (PAE) (S.D.N.Y. 2016); Sand, *Model Federal Jury Instructions-Criminal*, Instrs.**

8    **44-4.**

9

10   Count One — Second Element: Knowledge and Intent to Defraud

11           The second element that the Government must establish beyond a reasonable doubt for purposes

12   of Count One is that the defendant devised or participated in the fraudulent scheme knowingly, willfully,

13   and with the specific intent to defraud.  It is not enough for you to find that the defendant violated one or

14   more of his professional duties or an employment policy; an employee can violate his professional

15   duties or an employment policy without having an intent to defraud.

16           To "devise" a scheme to defraud is to concoct or plan it.  To "participate" in a scheme to defraud

17   means to associate oneself with it, with the intent to make it succeed.

18           "Knowingly" means to act voluntarily and deliberately, rather than mistakenly or inadvertently.

19           "Willfully" means to act voluntarily and with a wrongful purpose.

20           "Intent to defraud" means to act knowingly and with the specific intent to deceive, for the

21   purpose of causing some financial or property loss to another.  Thus, the defendant acted with intent to

22   defraud in the context of wire fraud if he engaged or participated in the fraudulent scheme with

23   awareness of its fraudulent or deceptive character, with an intention to be involved in the scheme to

1    defraud and to help it succeed, and with a purpose of obtaining money or property from the victim.  That

2    is, the Government must prove beyond a reasonable doubt that the defendant contemplated some actual

3    harm or injury to a victim with respect to the victim's money or property.  But the Government does not

4    need to prove that the intended victim was actually harmed; only that the defendant intended to harm the

5    victim by obtaining money or property.  The Government is also not required to prove that the defendant

6    realized any gain from the scheme, although you may consider any gain the defendant realized in

7    determining whether the defendant participated in the scheme.

8          Since an essential element of wire fraud is intent to defraud, it follows that good faith on the part

9    of the defendant is a complete defense to a charge of wire fraud.  A defendant, however, has no burden

10   to establish a defense of good faith.  The burden is on the Government to prove fraudulent intent and the

11   consequent lack of good faith beyond a reasonable doubt.  If the defendant participated in the scheme to

12   defraud, then a belief by the defendant, if such belief existed, that ultimately everything would work out

13   so that no one would lose any money does not mean that the defendant acted in good faith.

14         Direct proof of knowledge and fraudulent intent is almost never available.  It would be a rare

15   case where it could be shown that a person wrote or stated that as of a given time in the past he

16   committed an act with fraudulent intent.  Such direct proof is not required.  Instead, the ultimate facts

17   of knowledge and intent, though subjective, may be established by circumstantial evidence, based upon a

18   person's words, his conduct, his acts, and all the surrounding circumstances disclosed by the evidence

19   and the rational or logical inferences that may be drawn from them.

20   **Adapted from *United States v. Raji*, 19-CR-870 (JMF) (S.D.N.Y. September 19, 2022); *United***

21   ***States v. Avenatti*, 19-cr-374 (JMF) (S.D.N.Y. February 1, 2022); *United States v. Lavidas*, 19 Cr.**

22   **716 (DLC) (S.D.N.Y. 2020); *United States v. Hoey*, 15 Cr. 229 (PAE) (S.D.N.Y. 2016); *United States***

23   ***v. Balkany*, 10 Cr. 441 (DLC) (S.D.N.Y. 2010); *United States v. Males*, 459 F.3d 154, 159 (2d Cir.**

1    **2006); *United States v. Rossomando*, 144 F.3d 197, 203 (2d Cir. 1998); *United States v. Middendorf*,**

2    **18 Cr. 36 (JPO), 2019 WL 4254025, at &7 (S.D.N.Y. Sept. 9, 2019); Sand, *Model Federal Jury***

3    ***Instructions-Criminal*, Instrs. 44-5.**

4

5    Count One — Third Element: Use of Wires

6           The third and final element that the Government must establish beyond a reasonable doubt with

7    respect to Count One is that an interstate wire was used in furtherance of the scheme to defraud, within

8    the period of the scheme charged in Count One.  In this case, the parties have stipulated, or agreed, that

9    this insterstate wire element is met.

10    **Adapted from *United States v. Raji*, 19-CR-870 (JMF) (S.D.N.Y. September 19, 2022); *United***

11    ***States v. Avenatti*, 19-cr-374 (JMF) (S.D.N.Y. February 1, 2022); *United States v. Lavidas*, 19 Cr.**

12    **716 (DLC) (S.D.N.Y. 2020); *United States v. Balkany*, 10 Cr. 441 (DLC) (S.D.N.Y. 2010); *see United***

13    ***States v. Halloran*, 821 F.3d 321, 342 (2d Cir. 2016).**

14

15    Count Two: Elements

16           With that, I'll turn to Count Two, which charges the defendant with concealment money

17    laundering.  Concealment money laundering occurs when a defendant conducts a financial transaction

18    knowing that the transaction was designed in whole or in part to conceal or disguise the proceeds of

19    specified unlawful activity — here, the wire fraud charged in Count One.

20           In order to find the defendant guilty of Count Two, the Government must prove the following

21    four elements beyond a reasonable doubt:

22    *First*, that the defendant conducted (or attempted to conduct) a "financial transaction," which

23    must in some way or degree have affected interstate commerce;

1    *Second*, that the financial transaction at issue involved the proceeds of specified unlawful

2    activity, namely the wire fraud charged in Count One of the Indictment;

3         *Third*, that the defendant knew that the financial transaction involved the proceeds of some form

4    of unlawful activity; and

5         *Fourth*, that the defendant knew that the transaction was designed to conceal or disguise the

6    nature, location, source, ownership, or control of the proceeds of wire fraud.

7         I will discuss each element in turn.

8    **Adapted from *United States v. Wedd*, 15 Cr. 616 (KBF) (S.D.N.Y. 2017)**

9

10    Count Two — First Element: Financial Transaction

11         The first element the Government must prove beyond a reasonable doubt with respect to Count

12    Two is that the defendant conducted a financial transaction.

13         The term "conducted" includes initiating, concluding, or participating in initiating or concluding

14    a transaction.

15         The term "financial transaction" includes any transaction that involves the movement of funds by

16    wire or other means and in any way or degree affects interstate commerce.

17         The term "funds" includes any currency, money, or other medium of exchange that can be used

18    to pay for goods and services, including digital or cryptocurrency.

19         Interstate commerce includes any transmission, transfer, or transportation between persons,

20    places, or entities located in one state (including the District of Columbia) and persons, places, or

21    entities located in another state, regardless of whether done for a business purpose or otherwise.  The

22    involvement in interstate commerce can be minimal; any involvement at all will satisfy this element.

1    You do not have to decide whether the effect on interstate commerce was harmful or beneficial

2  to a particular business or to commerce in general.  The Government satisfies its burden of proving an

3  effect on interstate commerce if it proves beyond a reasonable doubt any effect, whether it was harmful

4  or not.

5    In addition, it is not necessary for the Government to show that a defendant actually intended or

6  anticipated an effect on interstate commerce by his actions or that commerce was actually affected.  All

7  that is necessary is that the natural and probable consequences of the acts the defendant agreed to take

8  would affect interstate commerce.

9  **Adapted from _United States v. Wedd_, 15 Cr. 616 (KBF) (S.D.N.Y. 2017)**

10

11  Count Two — Second Element: Specified Unlawful Activity

12    The second element that the Government must establish beyond a reasonable doubt for purposes

13  of Count Two is that the financial transactions involved the proceeds of "specified" unlawful activity.

14  Here, the "specified" unlawful activity is the wire fraud as charged in Count One.  I instruct you, as a

15  matter of law, that the term "specified unlawful activity" includes wire fraud.

16    The term "proceeds" means any property, or any interest in property, that someone acquires or

17  retains as profits resulting from the commission of the specified unlawful activity.

18  **Adapted from _United States v. Wedd_, 15 Cr. 616 (KBF) (S.D.N.Y. 2017)**

19

20  Count Two — Third Element: Knowledge

21    The third element that the Government must establish beyond a reasonable doubt for purposes of

22  Count Two is that the defendant knew that the financial transactions at issue involved the proceeds of

23  some form, though not necessarily which form, of unlawful activity.

1         If you find beyond a reasonable doubt that the defendant committed the wire fraud offense I have

2   instructed you on in Count One, and he knew that the proceeds came from that activity, that is sufficient

3   for you to find that the defendant believed that the proceeds came from unlawful activity.

4   **Adapted from _United States v. Wedd_, 15 Cr. 616 (KBF) (S.D.N.Y. 2017)**

5

6   <u>Count Two — Fourth Element: Purpose</u>

7         The fourth and final element that the Government must establish beyond a reasonable doubt for

8   purposes of Count Two concerns the purpose of the transaction.  Specifically, the Government must

9   prove beyond a reasonable doubt that the defendant conducted financial transactions with knowledge

10  that the transactions were designed in whole or in part to conceal or disguise the nature, location, source,

11  ownership, or control of the proceeds of the specified unlawful activity.

12        As I have previously instructed, to act knowingly means to act purposely and voluntarily and not

13  because of a mistake, accident, or other innocent reason.  That is, the acts must be the product of the

14  defendant's conscious objective.  To prove that an act is done knowingly, the Government is not

15  required to prove that the defendant knew that his acts were unlawful.

16        If you find that the evidence establishes beyond a reasonable doubt that the defendant knew of

17  the purpose of the particular transaction in issue and that he knew that the transaction was either

18  designed to conceal or disguise the true origin or the property in question, then this element is satisfied.

19  However, if you find that the defendant knew of the transaction, but did not know that it was either

20  designed to conceal or disguise the true origin of the property in question, but instead thought that the

21  transaction was intended to further the innocent transaction, you must find that this element has not been

22  satisfied and find the defendant not guilty.

1       Intent to disguise or conceal the true origin of the property need not be the sole motivating factor,

2   and the Government need not prove with regard to any single transaction that the defendant removed all

3   trace of his involvement with the money or property.

4   **Adapted from _United States v. Wedd_, 15 Cr. 616 (KBF) (S.D.N.Y. 2017)**

5

6   Defense Theory of the Case

7       With respect to Count One, which charges the defendant with wire fraud, the defense contends

8   the information allegedly used by the defendant in engaging in the NFT trades at issue was not

9   OpenSea's "property" because (1) the information was not valuable confidential business information

10  and (2) was not treated as such by OpenSea.  The defense also contends that the defendant did not intend

11  to defraud or harm OpenSea and did not willfully disobey any law.

12      With respect to Count Two, which charges the defendant with money laundering, the defense

13  contends that the defendant did not believe any proceeds came from unlawful activity and that he acted

14  lawfully in transferring cryptocurrency involved in any NFT transactions between two cryptocurrency

15  wallets, an online "hot" wallet and a "cold" wallet or storage device.  The defense contends that the

16  defendant's movement of cryptocurrency was consistent with that of a typical lawful cryptocurrency

17  user.  The defense additionally contends that the defendant could not have acted to conceal his

18  transactions in light of the fact that all of the transactions at issue were carried out on a publicly

19  viewable blockchain, known as the Ethereum blockchain.

20  **Adapted from Defendant's Request to Charge**

21

22  Venue

1    In addition to all of the elements that I have described for you, in order to convict the defendant

2 of each count in the Indictment, you must separately decide whether venue is proper in the Southern

3 District of New York — that is, whether an act in furtherance of each alleged crime occurred within this

4 District.  In this case, the parties have stipulated, or agreed, that venue is proper in the Southern District

5 of New York with respect to the charges in both Count One and Count Two.

6

7 <u>Variance in Dates</u>

8    It does not matter if the evidence you heard at trial indicates that a particular act occurred on a

9 different date.  The law requires only a substantial similarity between the dates alleged in the Indictment

10 and the dates established by the evidence.

11

12          III. CONCLUDING INSTRUCTIONS

13 <u>Selection of the Foreperson</u>

14    In a few minutes, you are going to go into the jury room and begin your deliberations.  Your first

15 task will be to select a foreperson.  The foreperson has no greater voice or authority than any other juror

16 but is the person who will communicate with me when questions arise and when you have reached a

17 verdict and who will be asked in open court to pass your completed Verdict Form to me.  Notes should

18 be signed by the foreperson and should include the date and time they were sent.  They should also be as

19 clear and precise as possible.  Any notes from the jury will become part of the record in this case.  So

20 please be as clear and specific as you can be in any notes that you send.  Do not tell me or anyone else

21 how the jury stands on any issue until after a unanimous verdict is reached.

22

23

1  <u>Right to See Exhibits and Hear Testimony</u>

2      All of the exhibits will be given to you near the start of deliberations.  In addition, you will also

3  be provided with a list of all the exhibits that were received into evidence.

4      If you prefer to view any evidence here in the courtroom or if you want any of the testimony

5  submitted to you or read back to you, you may also request that.  Keep in mind that if you ask for

6  testimony, however, the court reporter must search through her notes, the parties must agree on what

7  portions of testimony may be called for, and if they disagree, I must resolve those disagreements.  That

8  can be a time-consuming process.  So please try to be as specific as you possibly can in requesting

9  portions of the testimony, if you do.

10      Again, your requests for testimony — in fact, any communication with the Court — should be

11  made to me in writing, signed by your foreperson with the date and time, and given to one of the Court

12  Security Officers.

13

14  <u>Juror Note-Taking</u>

15      If any one of you took notes during the course of the trial, you should not show your notes to, or

16  discuss your notes with, any other jurors during your deliberations.  Any notes you have taken are to be

17  used solely to assist you.  The fact that a particular juror has taken notes entitles that juror's views to no

18  greater weight than those of any other juror.  Finally, your notes are not to substitute for your

19  recollection of the evidence in the case.  If, during your deliberations, you have any doubt as to any of

20  the testimony, you may — as I just told you — request that the official trial transcript that has been

21  made of these proceedings be submitted or read back to you.

22

23

1    Bias, Prejudice, and Sympathy

2         All of us, no matter how hard we try, tend to look at others and weigh what they have to say

3    through the lens of our own experience and background.  We each have a tendency to stereotype others

4    and make assumptions about them.  Often, we see life and evaluate evidence through a clouded filter

5    that tends to favor those like ourselves.  You must do the best you can to put aside such stereotypes, for

6    all litigants and witnesses are entitled to a level playing field.

7         In particular, it would be improper for you to consider, in reaching your decision as to whether

8    the Government sustained its burden of proof, any personal feelings you may have about the defendant's

9    race, religion, national-origin, gender, sexual orientation, or age.  Similarly, it would be improper for

10   you to consider any personal feelings you may have about the race, religion, national, origin, gender,

11   sexual orientation, or age of any witness or anyone else involved in this case

12        Indeed, under your oath as jurors, you are not to be swayed by bias, prejudice, or sympathy.  You

13   are to be guided solely by the evidence in this case, and as you sift through the evidence, the crucial

14   question that you must ask yourselves for each count is:  Has the Government proved each element of

15   each count beyond a reasonable doubt?

16        It is for you and you alone to decide whether the Government has sustained its burden of proving

17   the defendant's guilt beyond a reasonable doubt, solely on the basis of the evidence or lack of evidence

18   and subject to the law as I have instructed you.

19        It must be clear to you that once you let prejudice, bias, or sympathy interfere with your thinking,

20   there is a risk that you will not arrive at a true and just verdict.

21        If you have a reasonable doubt as to the defendant's guilt with respect to a particular count, then

22   you must render a verdict of not guilty on that particular count.  On the other hand, if you should find

23   that the Government has met its burden of proving the guilt of the defendant beyond a reasonable doubt

1    with respect to a particular count, then you should not hesitate because of sympathy or any other reason

2    to render a verdict of guilty on that count.

3        I also caution you that, under your oath as jurors, you cannot allow to enter into your

4    deliberations any consideration of the punishment that may be imposed upon the defendant if he is

5    convicted.  The duty of imposing a sentence in the event of conviction rests exclusively with the Court,

6    and the issue of punishment may not affect your deliberations as to whether the Government has proved

7    the defendant's guilt beyond a reasonable doubt.

8

9    Duty to Deliberate

10       The most important part of this case, members of the jury, is the part that you as jurors are now

11   about to play as you deliberate on the issues of fact.  I know you will try the issues that have been

12   presented to you according to the oath that you have taken as jurors.  In that oath you promised that you

13   would well and truly try the issues joined in this case and a true verdict render.

14       As you deliberate, please listen to the opinions of your fellow jurors, and ask for an opportunity

15   to express your own views.  Every juror should be heard.  No one juror should hold the center stage in

16   the jury room and no one juror should control or monopolize the deliberations.  If, after listening to your

17   fellow jurors and if, after stating your own view, you become convinced that your view is wrong, do not

18   hesitate because of stubbornness or pride to change your view.  On the other hand, do not surrender your

19   honest beliefs solely because of the opinions of your fellow jurors or because you are outnumbered.

20       Your verdict must be unanimous.  If at any time you are not in agreement, you are instructed that

21   you are not to reveal the standing of the jurors, that is, the split of the vote, to anyone, including me, at

22   any time during your deliberations.

23

1    <u>Return of the Verdict</u>

2        We have prepared a Verdict Form for you to use in recording your decisions, a copy of which is

3    attached to these instructions.  Do not write on your individual copies of the Verdict Form.  My staff

4    will give the official Verdict Form to Juror Number One, who should give it to the foreperson after the

5    foreperson has been selected.

6        You should draw no inference from the questions on the Verdict Form as to what your verdict

7    should be.  The questions are not to be taken as any indication that I have any opinion as to how they

8    should be answered.

9        After you have reached a verdict, the foreperson should fill in the Verdict Form and note the date

10    and time, and you should all sign the Verdict Form.  The foreperson should then give a note — **not** the

11    Verdict Form itself — to the Court Security Officer outside your door stating that you have reached a

12    verdict.  Do not specify what the verdict is in your note.  Instead, the foreperson should retain the

13    Verdict Form and hand it to me in open court when I ask for it.

14        I will stress again that each of you must be in agreement with the verdict that is announced in

15    court.  Once your verdict is announced in open court and officially recorded, it cannot ordinarily be

16    revoked.

17

18    <u>Closing Comments</u>

19        Finally, I say this, not because I think it is necessary, but because it is the custom in this

20    courthouse to say it:  You should treat each other with courtesy and respect during your deliberations.

21        All litigants stand equal in this room.  All litigants stand equal before the bar of justice.  All

22    litigants stand equal before you.  Your duty is to decide between these parties fairly and impartially, and

23    to see that justice is done.

1       Under your oath as jurors, you are not to be swayed by sympathy or prejudice.  You should be

2   guided solely by the evidence presented during the trial and the law as I gave it to you, without regard to

3   the consequences of your decision.  You have been chosen to try the issues of fact and to reach a verdict

4   on the basis of the evidence or lack of evidence.  If you let sympathy or prejudice interfere with your

5   clear thinking, there is a risk that you will not arrive at a just verdict.  You must make a fair and

6   impartial decision so that you will arrive at the just verdict.

7       Members of the jury, I ask your patience for a few moments longer.  It is necessary for me to

8   spend a few moments with the lawyers and the court reporter at the side bar.  I will ask you to remain

9   patiently in the jury box, without speaking to each other, and we will return in just a moment to submit

10  the case to you.  Thank you.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                           :

UNITED STATES OF AMERICA,          :

                                            :             22-CR-305 (JMF)

    -v-                                      :

                                            :

NATHANIEL CHASTAIN,              :             <u>VERDICT FORM</u>

                                            :

                      Defendant.         :

                                            :
------------------------------------------------------------------X

*__All Answers Must Be Unanimous__*

**<u>Count One</u> – Wire Fraud**

Guilty   _____      Not Guilty  _____

*__REMINDER: If you find the defendant Not Guilty on Count One,
you must find him Not Guilty on Count Two as well.__*

**<u>Count Two</u> – Money Laundering**

Guilty   _____      Not Guilty  _____

*__Please Turn to the Next Page__*

***After completing the Verdict Form, please sign your names in the spaces provided below, fill in the date and time, and inform the Court Security Officer that you have reached a verdict.***

_____     _____
Foreperson

_____     _____

_____     _____

_____     _____

_____     _____

_____     _____

Date and Time: _____

***Once you have signed the Verdict Form, please give a note — NOT the Verdict Form itself — to the Court Security Officer stating that you have reached a verdict.***

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                   :

UNITED STATES OF AMERICA,          :

                                                 :

    -v-                                  :

                                               :       22-CR-305 (JMF)

NATHANIEL CHASTAIN,            :

                                               :

                           Defendant.     :

                                               :

------------------------------------------------------------------X

**JURY CHARGE**

May 1, 2023

# Table of Contents

I. GENERAL INTRODUCTORY CHARGES ................................................................. 1

1   Role of the Court and the Jury .............................................................................. 2
2   The Parties ........................................................................................................... 2
3   Conduct of Counsel ............................................................................................. 2
4   Presumption of Innocence and Burden of Proof ................................................. 3
5   Proof Beyond a Reasonable Doubt ...................................................................... 3
6   Direct and Circumstantial Evidence .................................................................... 4
7   What Is and What Is Not Evidence ...................................................................... 6
8   Credibility of Witnesses ...................................................................................... 7
9   Expert Witnesses ................................................................................................. 8
10  Law Enforcement and Government Witnesses ..................................................... 9
11  Preparation and Representation of Witnesses ...................................................... 9
12  Uncalled Witnesses .............................................................................................. 9
13  Number of Witnesses and Uncontradicted Testimony ...................................... 10
14  Stipulations ....................................................................................................... 11
15  Limited Purpose Evidence ................................................................................. 11
16  Charts and Summaries ....................................................................................... 11
17  Particular Investigative Techniques .................................................................. 11
18  Persons Not on Trial .......................................................................................... 12
19  All Available Evidence Need Not Be Introduced .............................................. 12
20  The Defendant's Testimony ............................................................................... 12

II. SUBSTANTIVE CHARGES ........................................................................................ 13

21  The Indictment ................................................................................................... 13
22  Count One: Elements ......................................................................................... 14
23  Count One — First Element: Existence of a Scheme or Artifice ....................... 14
24  Count One — Second Element: Knowledge and Intent to Defraud .................... 16
25  Count One — Third Element: Use of Wires ...................................................... 18
26  Count Two: Elements ......................................................................................... 18
27  Count Two — First Element: Financial Transaction .......................................... 19
28  Count Two — Second Element: Specified Unlawful Activity ............................ 20
29  Count Two — Third Element: Knowledge .......................................................... 20
30  Count Two — Fourth Element: Purpose ............................................................. 21
31  Defense Theory of the Case ............................................................................... 22
32  Venue ................................................................................................................. 22
33  Variance in Dates ............................................................................................... 23

III. CONCLUDING INSTRUCTIONS ............................................................................. 23

34  Selection of the Foreperson ............................................................................... 23
35  Right to See Exhibits and Hear Testimony ........................................................ 23
36  Juror Note-Taking .............................................................................................. 24
37  Bias, Prejudice, and Sympathy .......................................................................... 24
38  Duty to Deliberate ............................................................................................. 26
39  Return of the Verdict ......................................................................................... 26
40  Closing Comments ............................................................................................. 27
41

1                       I. GENERAL INTRODUCTORY CHARGES

2         Members of the jury, you have now heard all of the evidence and the lawyers' closing

3   arguments.  It is my duty at this point to instruct you as to the law.  I am going to read my instructions to

4   you.  It is not my favorite way to communicate — and not the most scintillating thing to listen to — but

5   there is a need for precision, and it is important that I get the words just right, and so that is why I will be

6   reading.

7         I have given you a copy of my instructions to follow along because they cover many points.

8   Please limit yourself to following along; that is, do *not* read ahead in the instructions.  If you find it

9   easier to listen and understand while you are following along with me, please do so.  If you would

10  prefer, you can just listen and not follow along.  In the unlikely event that I deviate from the written

11  instructions, it is my oral instructions that govern and that you must follow.  But you may take your

12  copy of the instructions with you into the jury room so you can consult it if you want to re-read any

13  portion of the charge to facilitate your deliberations.

14        For now, listen carefully and try to concentrate on the substance of what I'm saying.  You should

15  not single out any instruction as alone stating the law.  Instead, you should consider my instructions as a

16  whole when you retire to deliberate in the jury room.

17        My instructions to you will be in three parts.

18        <u>First</u>, I will give you general instructions — for example, about your role as the jury, what you

19  can and cannot consider in your deliberations, and the burden of proof.

20        <u>Second</u>, I will describe the law that you must apply to the facts as you find them to be established

21  by the evidence.

22        <u>Finally</u>, I will give you some instructions for your deliberations.

23

1   Role of the Court and the Jury

2        You, the members of the jury, are the sole and exclusive judges of the facts.  You must weigh

3   and consider the evidence without regard to sympathy, prejudice, or passion for or against any party.  It

4   is your duty to accept my instructions as to the law and to apply them to the facts as you determine them.

5   If either party has stated a legal principle differently from any that I state to you in my instructions, it is

6   my instructions that you must follow.

7

8   The Parties

9        In reaching your verdict, you must remember that all parties stand equal before a jury in the

10  courts of the United States.  The fact that the Government is a party and the prosecution is brought in the

11  name of the United States does not entitle the Government or its witnesses to any greater consideration

12  than that accorded to any other party.  By the same token, you must give it no less deference.  The

13  Government and the defendant, Nathaniel Chastain, stand on equal footing before you.

14        It would be improper for you to consider, in reaching your decision as to whether the

15  Government sustained its burden of proof, any personal feelings you may have about the defendant's

16  race, national origin, religious beliefs, sex, or age.  All persons are entitled to the same presumption of

17  innocence and the Government has the same burden of proof with respect to all persons.

18

19  Conduct of Counsel

20        The personalities and the conduct of counsel are not in any way at issue.  If you formed opinions

21  of any kind about any of the lawyers in the case, favorable or unfavorable, whether you approved or

22  disapproved of their behavior, those opinions should not enter into your deliberations.

1       In addition, remember that it is the duty of a lawyer to object when the other side offers

2   testimony or other evidence that the lawyer believes is not properly admissible.  Therefore, you should

3   draw no inference from the fact that there was an objection to any testimony or evidence.  Nor should

4   you draw any inference related to the weight or importance of any testimony or evidence from the fact

5   that I sustained or overruled an objection.  Simply because I have permitted certain testimony or

6   evidence to be introduced does not mean that I have decided on its importance or significance.  That is

7   for you to decide.

8

9   <u>Presumption of Innocence and Burden of Proof</u>

10      The defendant has pleaded not guilty to the charges against him.  As a result of that plea of not

11   guilty, the burden is on the Government to prove guilt beyond a reasonable doubt.  This burden never

12   shifts to a defendant for the simple reason that the law never imposes upon a defendant in a criminal

13   case the burden or duty of testifying, or calling any witness, or locating or producing any evidence.  The

14   fact that the defendant presented evidence does not shift the burden to him.

15      Furthermore, the law presumes the defendant to be innocent of the charges against him.  The

16   presumption of innocence was in his favor when the trial began, continued in his favor throughout the

17   entire trial, remains with him even as I speak to you now, and persists in his favor as to each charged

18   crime during the course of your deliberations in the jury room, unless and until you determine that the

19   Government proves beyond a reasonable doubt that he committed the charged crime.

20

21   <u>Proof Beyond a Reasonable Doubt</u>

22      The question that naturally arises is, "What is a reasonable doubt?"  A reasonable doubt is a

23   doubt based on your reason, your judgment, your experience, and your common sense.  It is a doubt that

1    a reasonable person has after carefully weighing all the evidence.  It is a doubt founded in reason and

2    arising out of the evidence in the case — or the lack of evidence.  A reasonable doubt is not caprice or

3    whim.  It is not speculation or suspicion.

4            Proof beyond a *reasonable* doubt does not mean proof beyond all *possible* doubt.  It is

5    practically impossible for a person to be absolutely and completely convinced of any disputed fact that,

6    by its very nature, cannot be proved with mathematical certainty.  The Government's burden is to

7    establish guilt beyond a *reasonable* doubt, not all *possible* doubt.

8            If, after a fair and impartial consideration of all the evidence, you can candidly and honestly say

9    that you are not satisfied with the guilt of the defendant, that you do not have an abiding belief of the

10   defendant's guilt — in other words, if you have such a doubt as would reasonably cause a prudent

11   person to hesitate in acting in matters of importance in his or her own affairs — then you have a

12   reasonable doubt, and in that circumstance it is your duty to acquit.

13           On the other hand, if, after a fair and impartial consideration of all the evidence, you can

14   candidly and honestly say that you do have an abiding belief of the defendant's guilt, such a belief as a

15   prudent person would be willing to act upon in important matters in the personal affairs of his or her

16   own life, then you have no reasonable doubt, and in that circumstance it is your duty to convict.

17

18   Direct and Circumstantial Evidence

19           There are two types of evidence that you may properly use in deciding whether the defendant is

20   guilty or not guilty of the crimes with which he is charged.

21           One type of evidence is called direct evidence.  Direct evidence of a fact in issue is presented

22   when a witness testifies to that fact based on what he or she personally saw, heard, or otherwise

1 observed through the five senses.  The second type of evidence is circumstantial evidence.

2 Circumstantial evidence is evidence that tends to prove a disputed fact indirectly by proof of other facts.

3   There is a simple example of circumstantial evidence that is often used in this courthouse.

4 Assume that when you came into the courthouse this morning, the sun was shining and it was a nice day

5 outside.  Also assume that the courtroom shades were drawn and you could not look outside.  Assume

6 further that as you were sitting here, someone walked in with an umbrella that was dripping wet, and

7 then, a few moments later, somebody else walked in with a raincoat that was also dripping wet.

8   Now, because you could not look outside the courtroom and you could not see whether it was

9 raining, you would have no direct evidence of that fact.  But, on the combination of facts that I have

10 asked you to assume, it would be reasonable and logical for you to conclude that it was raining.

11   That is all there is to circumstantial evidence.  You infer on the basis of your reason, experience,

12 and common sense from one established fact the existence or the nonexistence of some other fact.

13   The matter of drawing inferences from facts in evidence is not a matter of guesswork or

14 speculation.  An inference is a logical, factual conclusion that you might reasonably draw from other

15 facts that have been proved.  It is for you, and you alone, to decide what inferences you will draw.

16   Many material facts, such as a person's state of mind, are not easily proved by direct evidence.

17 Usually such facts are established by circumstantial evidence and the reasonable inferences you draw.

18 Circumstantial evidence may be given as much weight as direct evidence.  The law makes no distinction

19 between direct and circumstantial evidence.  The law simply requires that before convicting a defendant,

20 you must be satisfied of the defendant's guilt beyond a reasonable doubt, based on all of the evidence in

21 the case.

22

1    What Is and What Is Not Evidence

2         What, then, is the evidence in the case?

3         The evidence in this case is (1) the sworn testimony of the witnesses, (2) the exhibits received

4    into evidence, and (3) any stipulations made by the parties.  Anything else is not evidence.

5         For example, the questions posed to a witness are not evidence: It is the witnesses' answers that

6    are evidence, not the questions.  In addition, exhibits marked for identification but not admitted by me

7    are not evidence.  Nor are materials brought forth only to refresh a witness's recollection.  Moreover,

8    testimony that has been stricken or excluded by me is not evidence and may not be considered by you in

9    rendering your verdict.

10        Arguments by the advocates are also not evidence.  What you heard during the opening

11   statements and summations is merely intended to help you understand the evidence and reach your

12   verdict.  If your recollection of the facts differs from the lawyers' statements, you should rely on your

13   recollection.  If a lawyer made a statement during his or her opening or summation and you find that

14   there is no evidence to support the statement, you should disregard the statement.

15        Last, any statements that I may have made during the trial or during these instructions do not

16   constitute evidence.  At times, I may have admonished a witness or directed a witness to be responsive

17   to questions or to keep his or her voice up.  At times, I may have asked a question myself.  Any

18   questions that I asked, or instructions that I gave, were intended only to clarify the presentation of

19   evidence and to bring out something that I thought might be unclear.  You should draw no inference or

20   conclusion of any kind, favorable or unfavorable, with respect to any witness or any party in the case, by

21   reason of any comment, question, or instruction of mine.  The rulings I have made during the trial and

22   these instructions are no indication of my views of what your decision should be.  Nor should you infer

1   that I have any views as to the credibility of any witness, as to the weight of the evidence, or as to how

2   you should decide any issue that is before you.  That is entirely your role.

3          Finally, I instruct you that all of the evidence presented to you in this case was lawfully obtained.

4   Whether you approve or disapprove of how any evidence was obtained should not enter into your

5   deliberations.

6

7   Credibility of Witnesses

8          How do you evaluate the credibility or believability of the witnesses?  The answer is that you use

9   your common sense.  There is no magic formula by which you can evaluate testimony.  You may use the

10  same tests here that you use in your everyday life when evaluating statements made by others to you.

11  You may ask yourselves: Did the witness impress you as open, honest, and candid?  How responsive

12  was the witness to the questions asked on direct examination and on cross-examination?

13         If you find that a witness intentionally told a falsehood, that is always a matter of importance you

14  should weigh carefully.  On the other hand, a witness may be inaccurate, contradictory, or even

15  untruthful in some respects and entirely believable and truthful in other respects.  It is for you to

16  determine whether such inconsistencies are significant or inconsequential, and whether to accept or

17  reject all of the testimony of any witness, or to accept or reject only portions.

18         You are not required to accept testimony even though the testimony is uncontradicted and the

19  witness's testimony is not challenged.  You may reject it because of the witness's bearing or demeanor,

20  or because of the inherent improbability of the testimony, or for other reasons sufficient for you to

21  conclude that the testimony is not worthy of belief.

22         In evaluating the credibility of the witnesses, you should take into account any evidence that a

23  witness may benefit in some way from the outcome of the case.  Such an interest in the outcome creates

1    a motive to testify falsely and may sway a witness to testify in a way that advances his or her own

2    interests.  Therefore, if you find that any witness whose testimony you are considering may have an

3    interest in the outcome of this trial, you should bear that factor in mind when evaluating the credibility

4    of his or her testimony and decide whether to accept it with great care.

5         Keep in mind, though, that it does not automatically follow that testimony given by an interested

6    witness is to be disbelieved.  There are many people who, no matter what their interest in the outcome of

7    the case may be, would not testify falsely.  It is for you to decide, based on your own perceptions and

8    common sense, to what extent, if at all, the witness's interest has affected his or her testimony.

9

10   <u>Expert Witnesses</u>

11        You have heard testimony from an expert witness.  As I previously explained, an expert witness

12   is someone who, by education or experience, has acquired learning or experience in a specialized area of

13   knowledge.  Such a witness is permitted to express his opinions on matters about which he has

14   specialized knowledge and training.  The parties may present expert testimony to you on the theory that

15   someone who is experienced in the field can assist you in understanding the evidence or in reaching an

16   independent decision on the facts.

17        Your role in judging credibility applies to the expert as well as other witnesses.  In weighing an

18   expert's opinion, you may consider the expert's qualifications, education, and reasons for testifying, as

19   well as all of the other considerations that ordinarily apply, including all the other evidence in the case.

20   If you find the opinion of an expert is based on sufficient data, education, and experience, and the other

21   evidence does not give you reason to doubt his conclusions, you would be justified in placing reliance

22   on his testimony.  However, you should not accept witness testimony simply because the witness is an

23   expert.  The determination of the facts in this case rests solely with you.

24

1    <u>Law Enforcement and Government Witnesses</u>

2      You have heard testimony from law enforcement or other government witnesses.  The fact that a

3    witness may be employed as a law enforcement official or government employee does not mean that his

4    or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than

5    that of an ordinary witness.  It is your decision, after reviewing all the evidence, whether to accept the

6    testimony of any law enforcement witness or government witnesses, as it is with every other type of

7    witness, and to give to that testimony the weight you find it deserves.

8

9    <u>Preparation and Representation of Witnesses</u>

10     You have heard evidence during the trial that witnesses have discussed the facts of the case and

11   their testimony with the lawyers before the witnesses appeared in court.  You have also heard evidence

12   that some of the witnesses have lawyers of their own.  Although you may consider these facts when you

13   are evaluating a witness's credibility, it is common for a witness to meet with lawyers before testifying

14   so that the witness can be aware of the subjects he or she will be questioned about, focus on the subjects,

15   and have the opportunity to review relevant exhibits before being questioned about them.  In fact, it

16   would be unusual for a lawyer to call a witness without such consultation.  Additionally, it is not unusual

17   for a witness in a criminal case to have a lawyer of his or her own.  As always, the weight you give to

18   the fact or the nature of these issues and what inferences you draw from them are matters completely

19   within your discretion.

20

21   <u>Uncalled Witnesses</u>

22     There are people whose names you have heard during the course of the trial but who did not

23   appear here to testify.  I instruct you that each party had an equal opportunity, or lack of opportunity, to

9

1    call any of these witnesses.  Therefore, you should not draw any inferences or reach any conclusions as

2    to what they would have testified to had they been called.  Their absence should not affect your

3    judgment in any way.

4         You should, however, remember my instruction that the law does not impose on a defendant in a

5    criminal case the burden or duty of calling any witness or producing any evidence.  The burden of proof

6    remains at all times with the Government.

7

8    <u>Number of Witnesses and Uncontradicted Testimony</u>

9         The fact that one party called more witnesses or introduced more evidence does not mean that

10   you should necessarily find the facts in favor of the side offering the most witnesses and the most

11   evidence.  After examining all the evidence, you may decide that the party calling the most witnesses

12   has not persuaded you because you do not believe its witnesses, or because you do believe the fewer

13   witnesses called by the other side.

14        Again, you should also keep in mind that the burden of proof is always on the Government.  The

15   defendant is not required to call any witnesses or offer any evidence, since he is presumed to be

16   innocent.  On the other hand, the Government is not required to prove each element of the offense by

17   any particular number of witnesses.  The testimony of a single witness may be enough to convince you

18   beyond a reasonable doubt of the existence of the elements of the charged offenses — if you believe that

19   the witness has truthfully and accurately related what he or she has told you.  The testimony of a single

20   witness may also be enough to convince you that reasonable doubt exists, in which case you must find

21   the defendant not guilty.

22

1    <u>Stipulations</u>

2         Stipulations were entered into relating to various facts in this case.  A stipulation is an agreement

3    between parties as to what certain facts were.  You should consider the weight to be given such evidence

4    just as you would any other evidence.

5

6    <u>Limited Purpose Evidence</u>

7         If certain testimony or evidence was received for a limited purpose, you must follow the limiting

8    instructions I have given.

9

10   <u>Charts and Summaries</u>

11        The parties presented exhibits in the form of charts and summaries.  As I mentioned to you earlier,

12   I admitted these charts and summaries in place of, or in addition to, the underlying testimony or

13   documents that they represent in order to save time and avoid unnecessary inconvenience.  They are no

14   better than the testimony or the documents upon which they are based.  Therefore, you are to give no

15   greater consideration to these charts or summaries than you would give to the evidence upon which they

16   are based.  It is for you to decide whether they correctly present the information contained in the

17   testimony and in the exhibits on which they were based.

18

19   <u>Particular Investigative Techniques</u>

20        You have heard reference to certain investigative techniques that were used or not used by the

21   Government in this case.  There is no legal requirement that the Government prove its case through any

22   particular means.  While you are to carefully consider the evidence and/or lack of evidence adduced by

23   the Government, you are not to speculate as to why the Government used the techniques it did or why it

1   did not use other techniques.  Your concern is to determine whether or not, on the evidence or lack of

2   evidence, the Government has met its burden of proving each element of each charge beyond a

3   reasonable doubt.

4

5   <u>Persons Not on Trial</u>

6         You may not draw any inference, favorable or unfavorable, toward the Government or the

7   defendant from the fact that any person was not named as a defendant in this case, and you may not

8   speculate as to the reasons why other people are not on trial before you now.  Those matters are wholly

9   outside your concern and have no bearing on your function as jurors in deciding the case before you.

10

11   <u>All Available Evidence Need Not Be Introduced</u>

12         The law does not require any party to call as witnesses all persons who may have been present at

13   any time or place involved in the case, or who may appear to have some knowledge of the matter in

14   issue at this trial.  Nor does the law require any party to produce as exhibits all relevant papers and

15   things available to either party during the course of the trial.

16

17   <u>The Defendant's Testimony</u>

18         The defendant did not testify.  Under our Constitution, a defendant is presumed innocent and has

19   no obligation to testify or to present any other evidence because, as I have told you many times, it is the

20   Government's burden to prove the defendant guilty beyond a reasonable doubt.  That burden remains on

21   the Government throughout the entire trial and never shifts to the defendant.  A defendant is never

22   required to prove that he is innocent.

1    You may not attach any significance to the fact that the defendant did not testify.  No positive or

2   negative inference, for or against, the defendant may be drawn by you because the defendant did not

3   take the witness stand.  You may not speculate as to why he did not testify.  You may not consider this

4   in any way in your deliberations in the jury room.

5

6                                        II. SUBSTANTIVE CHARGES

7    That concludes my introductory instructions.  Let me now turn to the charges.

8   The Indictment

9    The defendant is formally charged in an Indictment.  As I instructed you at the outset of this

10   case, the Indictment is simply a charge or accusation.  It is not evidence.

11    The Indictment contains two charges, or "counts," against Nathaniel Chastain.  Each count

12   accuses the defendant of committing a different crime and I will discuss each count in turn.  You must,

13   as a matter of law, consider each count, and you must return a separate verdict for each count in which

14   the defendant is charged.  A verdict of not guilty on Count One, however, requires that you return a

15   verdict of not guilty for Count Two.  If you should, however, find the defendant guilty on Count One,

16   you are not required to find him guilty on Count Two.

17    Count One charges the defendant with wire fraud.  Specifically, it charges that, from at least in or

18   about June 2021 to at least in or about September 2021, the defendant misappropriated OpenSea's

19   confidential business information by purchasing NFTs that he knew were going to be featured on

20   OpenSea's homepage and then reselling them after they had been featured and appreciated in value.

21    Count Two charges the defendant with concealment money laundering.  Specifically, it charges

22   that, from at least in or about June 2021 to at least in or about September 2021, the defendant conducted

13

1    financial transactions involving the proceeds of the wire fraud charged in Count One in a manner that

2    was designed to conceal the nature, location, source, ownership, or control of the proceeds.

3            I remind you that whatever opinions or understandings you may have about terms that you may

4    have heard during trial, including "fraud," "confidential business information," "money laundering," or

5    "insider trading," you should disregard them.  I will explain the elements that the Government must

6    prove beyond a reasonable doubt for you to find the defendant guilty of each crime with which he is

7    charged, namely wire fraud and money laundering, and it is my instructions you should follow.

8

9    <u>Count One: Elements</u>

10           In order to find the defendant guilty of Count One, which charges him with wire fraud, the

11    Government must prove the following three elements beyond a reasonable doubt:

12           *First*, that there was a scheme or artifice to defraud OpenSea of its property — specifically, its

13    confidential business information;

14           *Second*, that the defendant knowingly, willfully, and with the intent to defraud, devised or

15    participated in the scheme or artifice; and

16           *Third*, that an interstate or international wire communication was used in furtherance of the

17    scheme or artifice.

18           I will discuss each element in turn.

19

20    <u>Count One — First Element: Existence of a Scheme or Artifice</u>

21           The first element the Government must prove beyond a reasonable doubt with respect to Count

22    One is that there was a scheme or artifice to defraud OpenSea of its property — specifically, its

23    confidential business information.  Note that Count One charges the defendant with defrauding

1  OpenSea; he is not charged with defrauding any parties other than OpenSea, such as NFT collectors,

2  artists, or members of OpenSea's user base.

3       A "scheme or artifice" is merely a plan for the accomplishment of an object.  A "scheme to

4  defraud" exists when an individual engages in any plan, device, or course of action to accomplish a

5  fraudulent objective.

6       "Fraud" is a general term that includes all efforts and means that an individual may devise to

7  deprive another of money or property by trick, deception, swindle, or overreaching.  In order to establish

8  a scheme to defraud, the Government need not show that the defendant made a misrepresentation.  You

9  may find the existence of a scheme to defraud if you find that the conduct of the defendant was

10  deceptive or if you find that the defendant conducted himself in a manner that departed from traditional

11  notions of fundamental honesty and fair play in the general and business life of society.  As is pertinent

12  here, the alleged "scheme to defraud" is fraudulently embezzling or fraudulently misappropriating

13  property belonging to another.  The word "misappropriate" refers to the fraudulent appropriation of

14  property by a person to whom such property has been entrusted.  A person commits "misappropriation"

15  when he fraudulently converts to his own use property belonging to another where the property initially

16  lawfully came within his possession or control.

17       As is pertinent here, a "scheme to defraud" includes fraudulently misappropriating property

18  belonging to another.  A "scheme to defraud" must have some amount of money or property as its

19  object.  The amount need not be large; any amount suffices.

20       A company's "confidential business information" is a type of property.  Information is

21  "confidential business information" if it was acquired or created by a business for a business purpose,

22  and the business both considered and treated that information in a way that maintained the company's

23  exclusive right to that information.  The company must both consider the information to be confidential

15

1    and take affirmative steps to treat the information as confidential and maintain exclusivity; if an

2    employer "considers" information to be confidential but does not take affirmative steps to treat it as such

3    and maintain exclusivity, it does not qualify as property.  Factors you may consider in determining

4    whether OpenSea treated the information at issue as confidential include, but are not limited to: written

5    company policies and agreements, employee training, measures the employer has taken to guard the

6    information's secrecy, the extent to which the information is known outside the employer's place of

7    business, and the ways in which other employees may access and use the information.  You may also

8    consider whether the information had economic value to the employer, but the Government is not required

9    to prove that the information had such value.

10          Nor is it necessary for the Government to prove that the defendant actually realized any gain

11   from the scheme or that the intended victim actually suffered any loss.  You must concentrate on

12   whether there was a scheme or artifice, not on the consequences of the scheme or artifice.  Of course,

13   proof concerning the accomplishment of the goals of a scheme or artifice may be the most persuasive

14   evidence of the existence of the scheme or artifice itself.

15          A scheme to defraud need not be shown by direct evidence, but may be established by all of the

16   circumstances and facts in the case.

17

18   <u>Count One — Second Element: Knowledge and Intent to Defraud</u>

19          The second element that the Government must establish beyond a reasonable doubt for purposes

20   of Count One is that the defendant devised or participated in the fraudulent scheme knowingly, willfully,

21   and with the specific intent to defraud.  It is not enough for you to find that the defendant violated one or

22   more of his professional duties or an employment policy; an employee can violate his professional

23   duties or an employment policy without having an intent to defraud.

16

1   To "devise" a scheme to defraud is to concoct or plan it.  To "participate" in a scheme to defraud

2   means to associate oneself with it, with the intent to make it succeed.

3   "Knowingly" means to act voluntarily and deliberately, rather than mistakenly or inadvertently.

4   "Willfully" means to act voluntarily and with a wrongful purpose.

5   "Intent to defraud" means to act knowingly and with the specific intent to deceive, for the

6   purpose of causing some financial or property loss to another.  Thus, the defendant acted with intent to

7   defraud in the context of wire fraud if he engaged or participated in the fraudulent scheme with

8   awareness of its fraudulent or deceptive character, with an intention to be involved in the scheme to

9   defraud and to help it succeed, and with a purpose of obtaining money or property from the victim.  That

10  is, the Government must prove beyond a reasonable doubt that the defendant contemplated some actual

11  harm or injury to a victim with respect to the victim's money or property; depriving a property owner of

12  its exclusive right to use property is a form of harm.  But the Government does not need to prove that the

13  intended victim was actually harmed; only that the defendant intended to harm the victim by obtaining

14  money or property.  The Government is also not required to prove that the defendant realized any gain

15  from the scheme, although you may consider any gain the defendant realized in determining whether the

16  defendant participated in the scheme.

17  Since an essential element of wire fraud is intent to defraud, it follows that good faith on the part

18  of the defendant is a complete defense to a charge of wire fraud.  A defendant, however, has no burden

19  to establish a defense of good faith.  The burden is on the Government to prove fraudulent intent and the

20  consequent lack of good faith beyond a reasonable doubt.  If the defendant participated in the scheme to

17

1  defraud, then a belief by the defendant, if such belief existed, that ultimately everything would work out

2  so that no one would lose any money does not mean that the defendant acted in good faith.

3       Direct proof of knowledge and fraudulent intent is almost never available.  It would be a rare

4  case where it could be shown that a person wrote or stated that as of a given time in the past he

5  committed an act with fraudulent intent.  Such direct proof is not required.  Instead, the ultimate facts of

6  knowledge and intent, though subjective, may be established by circumstantial evidence, based upon a

7  person's words, his conduct, his acts, and all the surrounding circumstances disclosed by the evidence

8  and the rational or logical inferences that may be drawn from them.

9

10  <u>Count One — Third Element: Use of Wires</u>

11       The third and final element that the Government must establish beyond a reasonable doubt with

12  respect to Count One is that an interstate wire was used in furtherance of the scheme to defraud, within

13  the period of the scheme charged in Count One.  In this case, the parties have stipulated, or agreed, that

14  this insterstate wire element is met.

15

16  <u>Count Two: Elements</u>

17       With that, I'll turn to Count Two, which charges the defendant with concealment money

18  laundering.  Concealment money laundering occurs when a defendant conducts a financial transaction

19  knowing that the transaction was designed in whole or in part to conceal or disguise the proceeds of

20  specified unlawful activity — here, the wire fraud charged in Count One.

21       In order to find the defendant guilty of Count Two, the Government must prove the following

22  four elements beyond a reasonable doubt:

1        *First*, that the defendant conducted (or attempted to conduct) a "financial transaction," which

2    must in some way or degree have affected interstate commerce;

3        *Second*, that the financial transaction at issue involved the proceeds of specified unlawful

4    activity, namely the wire fraud charged in Count One of the Indictment;

5        *Third*, that the defendant knew that the financial transaction involved the proceeds of some form

6    of unlawful activity; and

7        *Fourth*, that the defendant knew that the transaction was designed to conceal or disguise the

8    nature, location, source, ownership, or control of the proceeds of wire fraud.

9        I will discuss each element in turn.

10

11    <u>Count Two — First Element: Financial Transaction</u>

12        The first element the Government must prove beyond a reasonable doubt with respect to Count

13    Two is that the defendant conducted a financial transaction.

14        The term "conducted" includes initiating, concluding, or participating in initiating or concluding

15    a transaction.

16        The term "financial transaction" includes any transaction that involves the movement of funds by

17    wire or other means and in any way or degree affects interstate commerce.

18        The term "funds" includes any currency, money, or other medium of exchange that can be used

19    to pay for goods and services, including digital or cryptocurrency.

20        Interstate commerce includes any transmission, transfer, or transportation between persons,

21    places, or entities located in one state (including the District of Columbia) and persons, places, or

22    entities located in another state, regardless of whether done for a business purpose or otherwise.  The

23    involvement in interstate commerce can be minimal; any involvement at all will satisfy this element.

1    You do not have to decide whether the effect on interstate commerce was harmful or beneficial

2    to a particular business or to commerce in general.  The Government satisfies its burden of proving an

3    effect on interstate commerce if it proves beyond a reasonable doubt any effect, whether it was harmful

4    or not.

5    In addition, it is not necessary for the Government to show that a defendant actually intended or

6    anticipated an effect on interstate commerce by his actions or that commerce was actually affected.  All

7    that is necessary is that the natural and probable consequences of the acts the defendant agreed to take

8    would affect interstate commerce.

9

10   <u>Count Two — Second Element: Specified Unlawful Activity</u>

11   The second element that the Government must establish beyond a reasonable doubt for purposes

12   of Count Two is that the financial transactions involved the proceeds of "specified" unlawful activity.

13   Here, the "specified" unlawful activity is the wire fraud as charged in Count One.  I instruct you, as a

14   matter of law, that the term "specified unlawful activity" includes wire fraud.

15   The term "proceeds" means any property, or any interest in property, that someone acquires or

16   retains as profits resulting from the commission of the specified unlawful activity.

17

18   <u>Count Two — Third Element: Knowledge</u>

19   The third element that the Government must establish beyond a reasonable doubt for purposes of

20   Count Two is that the defendant knew that the financial transactions at issue involved the proceeds of

21   some form, though not necessarily which form, of unlawful activity.

1    If you find beyond a reasonable doubt that the defendant committed the wire fraud offense I have

2    instructed you on in Count One, and he knew that the proceeds came from that activity, that is sufficient

3    for you to find that the defendant believed that the proceeds came from unlawful activity.

4

5    Count Two — Fourth Element: Purpose

6    The fourth and final element that the Government must establish beyond a reasonable doubt for

7    purposes of Count Two concerns the purpose of the transaction.  Specifically, the Government must

8    prove beyond a reasonable doubt that the defendant conducted financial transactions with knowledge

9    that the transactions were designed in whole or in part to conceal or disguise the nature, location, source,

10   ownership, or control of the proceeds of the specified unlawful activity.

11   As I have previously instructed, to act knowingly means to act purposely and voluntarily and not

12   because of a mistake, accident, or other innocent reason.  That is, the acts must be the product of the

13   defendant's conscious objective.  To prove that an act is done knowingly for the purposes of this

14   element, the Government is not required to prove that the defendant knew that his acts were unlawful.

15   If you find that the evidence establishes beyond a reasonable doubt that the defendant knew of

16   the purpose of the particular transaction in issue and that he knew that the transaction was either

17   designed to conceal or disguise the true origin or ownership of the property in question, then this

18   element is satisfied.  However, if you find that the defendant knew of the transaction, but did not know

19   that it was either designed to conceal or disguise the true origin of the property in question, but instead

20   thought that the transaction was intended to further the innocent transaction, you must find that this

21   element has not been satisfied and find the defendant not guilty.

1       Intent to disguise or conceal the true origin of the property need not be the sole motivating factor,

2 and the Government need not prove with regard to any single transaction that the defendant removed all

3 trace of his involvement with the money or property.

4

5 <u>Defense Theory of the Case</u>

6       With respect to Count One, which charges the defendant with wire fraud, the defense contends

7 the information allegedly used by the defendant in engaging in the NFT trades at issue was not

8 OpenSea's "property" because (1) the information was not valuable confidential business information

9 and (2) was not treated as such by OpenSea.  The defense also contends that the defendant did not intend

10 to defraud or harm OpenSea and did not willfully disobey any law.

11       With respect to Count Two, which charges the defendant with money laundering, the defense

12 contends that the defendant did not believe any proceeds came from unlawful activity and that he acted

13 lawfully in transferring cryptocurrency involved in any NFT transactions between two cryptocurrency

14 wallets, an online "hot" wallet and a "cold" wallet or storage device.  The defense contends that the

15 defendant's movement of cryptocurrency was consistent with that of a typical lawful cryptocurrency

16 user.  The defense additionally contends that the defendant could not have acted to conceal his

17 transactions in light of the fact that all of the transactions at issue were carried out on a publicly

18 viewable blockchain, known as the Ethereum blockchain.

19

20 <u>Venue</u>

21       In addition to all of the elements that I have described for you, in order to convict the defendant

22 of each count in the Indictment, you must separately decide whether venue is proper in the Southern

23 District of New York — that is, whether an act in furtherance of each alleged crime occurred within this

1   District.  In this case, the parties have stipulated, or agreed, that venue is proper in the Southern District

2   of New York with respect to the charges in both Count One and Count Two.

3

4   <u>Variance in Dates</u>

5          It does not matter if the evidence you heard at trial indicates that a particular act occurred on a

6   different date.  The law requires only a substantial similarity between the dates alleged in the Indictment

7   and the dates established by the evidence.

8

9                              III. CONCLUDING INSTRUCTIONS

10  <u>Selection of the Foreperson</u>

11         In a few minutes, you are going to go into the jury room and begin your deliberations.  Your first

12  task will be to select a foreperson.  The foreperson has no greater voice or authority than any other juror

13  but is the person who will communicate with me when questions arise and when you have reached a

14  verdict and who will be asked in open court to pass your completed Verdict Form to me.  Notes should

15  be signed by the foreperson and should include the date and time they were sent.  They should also be as

16  clear and precise as possible.  Any notes from the jury will become part of the record in this case.  So

17  please be as clear and specific as you can be in any notes that you send.  Do not tell me or anyone else

18  how the jury stands on any issue until after a unanimous verdict is reached.

19

20  <u>Right to See Exhibits and Hear Testimony</u>

21         All of the exhibits will be given to you near the start of deliberations.  In addition, you will also

22  be provided with a list of all the exhibits that were received into evidence.

23

1    If you prefer to view any evidence here in the courtroom or if you want any of the testimony

2    submitted to you or read back to you, you may also request that.  Keep in mind that if you ask for

3    testimony, however, the court reporter must search through her notes, the parties must agree on what

4    portions of testimony may be called for, and if they disagree, I must resolve those disagreements.  That

5    can be a time-consuming process.  So please try to be as specific as you possibly can in requesting

6    portions of the testimony, if you do.

7    Again, your requests for testimony — in fact, any communication with the Court — should be

8    made to me in writing, signed by your foreperson with the date and time, and given to one of the Court

9    Security Officers.

10

11   Juror Note-Taking

12   If any one of you took notes during the course of the trial, you should not show your notes to, or

13   discuss your notes with, any other jurors during your deliberations.  Any notes you have taken are to be

14   used solely to assist you.  The fact that a particular juror has taken notes entitles that juror's views to no

15   greater weight than those of any other juror.  Finally, your notes are not to substitute for your

16   recollection of the evidence in the case.  If, during your deliberations, you have any doubt as to any of

17   the testimony, you may — as I just told you — request that the official trial transcript that has been

18   made of these proceedings be submitted or read back to you.

19

20   Bias, Prejudice, and Sympathy

21   All of us, no matter how hard we try, tend to look at others and weigh what they have to say

22   through the lens of our own experience and background.  We each have a tendency to stereotype others

23   and make assumptions about them.  Often, we see life and evaluate evidence through a clouded filter

24

1    that tends to favor those like ourselves.  You must do the best you can to put aside such stereotypes, for

2    all litigants and witnesses are entitled to a level playing field.

3         In particular, it would be improper for you to consider, in reaching your decision as to whether

4    the Government sustained its burden of proof, any personal feelings you may have about the defendant's

5    race, religion, national-origin, gender, sexual orientation, or age.  Similarly, it would be improper for

6    you to consider any personal feelings you may have about the race, religion, national, origin, gender,

7    sexual orientation, or age of any witness or anyone else involved in this case

8         Indeed, under your oath as jurors, you are not to be swayed by bias, prejudice, or sympathy.  You

9    are to be guided solely by the evidence in this case, and as you sift through the evidence, the crucial

10   question that you must ask yourselves for each count is:  Has the Government proved each element of

11   each count beyond a reasonable doubt?

12        It is for you and you alone to decide whether the Government has sustained its burden of proving

13   the defendant's guilt beyond a reasonable doubt, solely on the basis of the evidence or lack of evidence

14   and subject to the law as I have instructed you.

15        It must be clear to you that once you let prejudice, bias, or sympathy interfere with your thinking,

16   there is a risk that you will not arrive at a true and just verdict.

17        If you have a reasonable doubt as to the defendant's guilt with respect to a particular count, then

18   you must render a verdict of not guilty on that particular count.  On the other hand, if you should find

19   that the Government has met its burden of proving the guilt of the defendant beyond a reasonable doubt

20   with respect to a particular count, then you should not hesitate because of sympathy or any other reason

21   to render a verdict of guilty on that count.

22        I also caution you that, under your oath as jurors, you cannot allow to enter into your

23   deliberations any consideration of the punishment that may be imposed upon the defendant if he is

25

1    convicted.  The duty of imposing a sentence in the event of conviction rests exclusively with the Court,

2    and the issue of punishment may not affect your deliberations as to whether the Government has proved

3    the defendant's guilt beyond a reasonable doubt.

4

5    <u>Duty to Deliberate</u>

6              The most important part of this case, members of the jury, is the part that you as jurors are now

7    about to play as you deliberate on the issues of fact.  I know you will try the issues that have been

8    presented to you according to the oath that you have taken as jurors.  In that oath you promised that you

9    would well and truly try the issues joined in this case and a true verdict render.

10             As you deliberate, please listen to the opinions of your fellow jurors, and ask for an opportunity

11   to express your own views.  Every juror should be heard.  No one juror should hold the center stage in

12   the jury room and no one juror should control or monopolize the deliberations.  If, after listening to your

13   fellow jurors and if, after stating your own view, you become convinced that your view is wrong, do not

14   hesitate because of stubbornness or pride to change your view.  On the other hand, do not surrender your

15   honest beliefs solely because of the opinions of your fellow jurors or because you are outnumbered.

16             Your verdict must be unanimous.  If at any time you are not in agreement, you are instructed that

17   you are not to reveal the standing of the jurors, that is, the split of the vote, to anyone, including me, at

18   any time during your deliberations.

19

20   <u>Return of the Verdict</u>

21             We have prepared a Verdict Form for you to use in recording your decisions, a copy of which is

22   attached to these instructions.  Do not write on your individual copies of the Verdict Form.  My staff

1   will give the official Verdict Form to Juror Number One, who should give it to the foreperson after the

2   foreperson has been selected.

3         You should draw no inference from the questions on the Verdict Form as to what your verdict

4   should be.  The questions are not to be taken as any indication that I have any opinion as to how they

5   should be answered.

6         After you have reached a verdict, the foreperson should fill in the Verdict Form and note the date

7   and time, and you should all sign the Verdict Form.  The foreperson should then give a note — **not** the

8   Verdict Form itself — to the Court Security Officer outside your door stating that you have reached a

9   verdict.  Do not specify what the verdict is in your note.  Instead, the foreperson should retain the

10  Verdict Form and hand it to me in open court when I ask for it.

11        I will stress again that each of you must be in agreement with the verdict that is announced in

12  court.  Once your verdict is announced in open court and officially recorded, it cannot ordinarily be

13  revoked.

14

15  Closing Comments

16        Finally, I say this, not because I think it is necessary, but because it is the custom in this

17  courthouse to say it:  You should treat each other with courtesy and respect during your deliberations.

18        All litigants stand equal in this room.  All litigants stand equal before the bar of justice.  All

19  litigants stand equal before you.  Your duty is to decide between these parties fairly and impartially, and

20  to see that justice is done.

21        Under your oath as jurors, you are not to be swayed by sympathy or prejudice.  You should be

22  guided solely by the evidence presented during the trial and the law as I gave it to you, without regard to

23  the consequences of your decision.  You have been chosen to try the issues of fact and to reach a verdict

1    on the basis of the evidence or lack of evidence.  If you let sympathy or prejudice interfere with your

2    clear thinking, there is a risk that you will not arrive at a just verdict.  You must make a fair and

3    impartial decision so that you will arrive at the just verdict.

4           Members of the jury, I ask your patience for a few moments longer.  It is necessary for me to

5    spend a few moments with the lawyers and the court reporter at the side bar.  I will ask you to remain

6    patiently in the jury box, without speaking to each other, and we will return in just a moment to submit

7    the case to you.  Thank you.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                          :

UNITED STATES OF AMERICA,         :

                                            :               22-CR-305 (JMF)

    -v-                                     :

                                            :

NATHANIEL CHASTAIN,            :              <u>VERDICT FORM</u>

                                            :

                       Defendant.       :

                                            :
------------------------------------------------------------------X

### *All Answers Must Be Unanimous*

#### <u>Count One</u> **– Wire Fraud**

Guilty   _____     Not Guilty  _____

*REMINDER: If you find the defendant Not Guilty on Count One,*
*you must find him Not Guilty on Count Two as well.*

#### <u>Count Two</u> **– Money Laundering**

Guilty   _____     Not Guilty  _____

*Please Turn to the Next Page*

***After completing the Verdict Form, please sign your names in the spaces provided below, fill in the date and time, and inform the Court Security Officer that you have reached a verdict.***

_____        _____
Foreperson

_____        _____

_____        _____

_____        _____

_____        _____

_____        _____

Date and Time:      _____

***Once you have signed the Verdict Form, please give a note — NOT the Verdict Form itself — to the Court Security Officer stating that you have reached a verdict.***

2