

David Miller
Tel 212.801.9205
Fax 212.801.6400
david.miller@gtlaw.com

May 2, 2023

**VIA ECF**

Honorable Jesse M. Furman
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

       Re:    *United States v. Nathaniel Chastain,* No. 22-cr-305 (JMF)

Dear Judge Furman:

As requested by the Court, below is our proposed response to the jury based on their note submitted at 4:55 p.m. today. The jury's note reads as follows:

> "Re: Count One, Element One. If the defendant viewed the information as confidential, but Devin Finzer, the other signatory of the Confidentiality Agreement did not, is that enough to consider it confidential?"

As an initial matter, we believe the jury should be instructed that the answer is "no," but as described below, should the Court not so instruct, we have proposed changes to the draft response that we have received from Chambers.

The Defendant's View on the Information at Issue

As the defense articulated after the jury was discharged today, we respectfully submit that the defendant's view of the information is irrelevant under *United States v. Mahaffy*, 693 F.3d 113, 138 n.14 (2d Cir. 2012), to the question of Element One of Count One. The only issue in determining whether information is confidential business information, and thus potentially property, is whether *OpenSea* considered and treated the information as confidential. We understood from the Court's response today, and from the Court's proposed instruction, that the Court agrees. ***But respectfully, the jury should be so instructed to avoid confusion on this legal issue.***

Honorable Jesse M. Furman
May 2, 2023
Page 2

OpenSea's View of the Information at Issue

Under traditional principles of corporate and agency law, Ozone Networks, Inc., d/b/a OpenSea, a Delaware corporation, acts through its authorized officers and directors, including its Chief Executive Officer, Mr. Finzer. *See In Re Lyondell Chem. Co.,* 16-cv-518 (DLC), 2016 WL 5818591, at *3 (S.D.N.Y. Oct. 5, 2016) (applying Delaware law; confirming "the fundamental principle that the knowledge and actions of a corporation's officers and directors, acting within the scope of their authority, is imputed to the corporation."); *E. Shore Nat. Gas Co. v. Glasgow Shopping Ctr. Corp.,* No. 05C-07-229 MMJ, 2007 WL 3112476, at *3 (Del. Super. Oct. 3, 2007) ("A corporation can only act through designated agents."); *Stewart v. Wilmington Tr. SP Servs.*, 112 A.3d 271, 302-03 (Del. Ch. 2015) ("A basic tenet of corporate law, derived from principles of agency law, is that the knowledge and actions of the corporation's officers and directors, acting within the scope of their authority, are imputed to the corporation itself."). Indeed, this is true in California (GX-214 notes California choice of law) and New York. *See Peregrine Funding, Inc. v. Sheppard Mullin Richter & Hampton LLP*, 133 Cal. App. 4th 658, 679 (2005) ("It is settled California law that '[k]nowledge of an officer of a corporation within the scope of his duties is imputed to the corporation.'") (internal citations omitted); *Rex & Roberta Ling Living Tr. v. B Communs., Ltd.*, 346 F. Supp. 3d 389, 408 (S.D.N.Y. 2018) ("Under ordinary agency principles, of course, 'acts of a [company's] controlling shareholder or dominating officer' typically 'are . . . imputed' to the company.").

Mr. Finzer's views and conduct are dispositive of OpenSea's views on the confidentiality of the information at issue. As demonstrated in GX-214, Mr. Finzer **executed** the confidentiality agreement on behalf of OpenSea. *See Hessler, Inc. v. Ferrell*, 226 A.2d 708 (Del. 1967) ("It is the law of this State that when, in the usual course of the business of a corporation, an officer or agent has been allowed to manage certain of its affairs, and when this is known to the other party to the contract, the authority of the officer to act for the corporation is implied from the past conduct never challenged by the corporate officials.") (citations omitted). During this trial, the government attempted to impute Mr. Finzer's views on confidentiality to the company, but they may not have liked the answers they got. Regardless, his views on the confidentiality of the information in GX-214 are *OpenSea's*. (Of course, if Mr. Finzer's views on this matter were unclear, it is unclear how Mr. Chastain should have been aware the information was confidential.) Accordingly, the jury is correct to focus on Mr. Finzer's views as OpenSea's authorized representative on this issue.

Further, we respectfully disagree with the Court's proposal to instruct the jury that the inquiry concerning whether the information was "confidential business information" is "not on any particular officer or employee." Mr. Finzer, as CEO, for all practical purposes, was OpenSea on this issue. We also note that the Court's April 18, 2023 Order on the parties' motions *in limine* permitted the government to call Mr. Finzer and Mr. Atallah to discuss the confidentiality agreement on OpenSea's behalf and prohibited the defense from asking questions of other employees their views on how they interpreted or understood the rules. For this reason, the defense disagrees with the Court's proposal to instruct the jury that a corporation can act through "its

employees"—the defense was not permitted to ask questions of anyone besides Mr. Finzer or Mr. Atallah on this subject.[1]

Additionally, the jury should not be instructed that OpenSea acts through its "employees" given that some employees and officers are not duly authorized. In this case, the evidence is that Mr. Finzer, as the signatory of the document and the CEO of OpenSea, *is* the individual to speak on OpenSea's behalf. To this end, the testimony at trial established that Mr. Finzer downloaded and implemented the confidentiality agreement. (Trial Tr. 430-31, 461-62). The aforementioned legal principles and the evidence elicited at trial demonstrate that Mr. Finzer's views and conduct on what information is confidential is OpenSea's views.

Proposed Instruction

Accordingly, if the Court is not going to answer the jury's question as "no," then we respectfully submit the following modifications to the proposed instruction (deletions in strikethrough and additions in bold):

> As I previously instructed you, the first element of Count One requires the Government to prove beyond a reasonable doubt that there was a scheme or artifice to defraud OpenSea of its property — specifically, its "confidential business information." Information is "confidential business information" if it was acquired or created by a business for a business purpose, and the business both considered and treated that information in a way that maintained the company's exclusive right to that information. That is, the company must both consider the information to be confidential and take affirmative steps to treat the information as confidential and maintain exclusivity; if the company "considers" information to be confidential but does not take affirmative steps to treat it as such and maintain exclusivity, it does not qualify as property.
>
> As these instructions suggest, the focus of the inquiry with respect to whether the information at issue was "confidential business information" is on the *company*, namely OpenSea~~, not on any particular officer or employee~~. **The defendant's views on the information at issue are not relevant for this element (element One) of Count One.** Of course, a company can act only through its **duly-authorized** officers ~~and employees~~. Mr. Finzer is one of those officers ~~and employees~~ and, thus, in deciding whether the Government has proved beyond a reasonable doubt that OpenSea considered and treated the information at issue to be confidential, you may consider the conduct and testimony of Mr. Finzer as well as any other evidence that relates to the issue. What weight, if any, you give any such evidence is, of course, for you to decide.

---

[1] As the defense argued, and the Court appeared to confirm, because the jury has not asked about Mr. Atallah in their note, Mr. Atallah's name should not be in the response.

Honorable Jesse M. Furman
May 2, 2023
Page 4

Thank you for the Court's consideration.

    Respectfully submitted,

    GREENBERG TRAURIG, LLP

    By: /s/ David I. Miller
    David I. Miller
    Daniel P. Filor
    Charles J. Berk
    Nicholas T. Barnes
    One Vanderbilt Avenue
    New York, NY 10017
    Telephone: (212) 801-9200
    Facsimile: (212) 801-6400

    *Attorneys for Nathaniel Chastain*