

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

May 2, 2023

**VIA ECF**

Hon. Jesse M. Furman
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

      **Re:**    *United States v. Nathaniel Chastain*, 22 Cr. 305 (JMF)

Judge Furman:

      The Government writes regarding the third jury note and the Court's proposed response. The Court's proposed response, *see* Dkt. No. 123, is legally correct. The Government, however, writes with three proposed changes and additions. Those three additions are set forth in **bold**, and the bases for the additions are described below.

      Government's proposed response:

      Your question concerns the first element of Count One.

      As I previously instructed you, the first element of Count One requires the Government to prove beyond a reasonable doubt that there was a scheme or artifice to defraud OpenSea of its property — specifically, its "confidential business information." Information is "confidential business information" if it was acquired or created by a business for a business purpose, and the business both considered and treated that information in a way that maintained the company's exclusive right to that information. That is, the company must both consider the information to be confidential and take affirmative steps to treat the information as confidential and maintain exclusivity; if the company "considers" information to be confidential but does not take affirmative steps to treat it as such and maintain exclusivity, it does not qualify as property.

      As these instructions suggest, the focus of the inquiry with respect to whether the information at issue was "confidential business information" is on the *company*, namely OpenSea, not on any particular officer or employee. Of course, a company can act only through its officers, ~~and~~ employees, **and corporate materials, such as policies and agreements**. Mr. Finzer is one of those officers and employees and, thus, in deciding whether the Government has proved beyond a reasonable doubt that OpenSea considered and treated the information at issue to

be confidential, you may consider the conduct and testimony of Mr. Finzer as well as **the conduct and testimony of the company's other officer—Alex Atallah--, the terms of the confidentiality agreement, the extent to which the information was known outside of the company, the extent to which other employees accessed and used the information, and the extent to which the defendant viewed the information as confidential, among other things.** ~~any other evidence that relates to the issue~~. **Who signed the confidentiality agreement in this case is evidence you may consider, but is not necessarily dispositive of whether *the company* considered the information confidential.** What weight, if any, you give any such evidence is, of course, for you to decide.

\* \* \*

First, the Government proposes the addition to the second sentence of the second paragraph to make clear that a company acts not only through employees, but also through company records like agreements and policies. This principle comes from *Carpenter v. United States*, where, in addressing whether the Wall Street Journal intended to keep the information at issue confidential, the Court noted that a "declaration . . . in the employee manual . . . removed any doubts on that score." 484 U.S. 19, 28 (1987). The addition is necessary to ensure that the jurors understand that they can consider not only the testimony of officers and employees, but also the text of agreements and policies that the company issued.

Second, the Government proposes in the second-to-last sentence an instruction that the jury may consider who signed the confidentiality agreement but that is not necessarily dispositive of whether the company considered the information confidential. The proposed response is necessary to address the portion of the jury's note focused on the "signatory to the confidentiality agreement," and to avoid giving the impression that intent of the signatories, as opposed to the intent of the *company*, is the proper issue on which to focus. Indeed, the footnote in *United States v. Mahaffy* makes clear that the jury should be instructed that they may consider several factors, of which the written company policies are only one. 693 F.3d 113, 135 n.14 (2d Cir. 2012). The proposed instruction would clarify the law for the jury.

Third, instead of instructing the jury that they "may consider the conduct and testimony of Mr. Finzer as well as *any other evidence that relates to the issue*," the Government respectfully requests an instruction focusing the jury on what evidence they may consider, as the Second Circuit advised in *Mahaffy*. *Id*. If the Court tells the jury that one of the officers is Mr. Finzer and the jury may consider his testimony, it is appropriate to tell the jury who the other officer of the company is. The Government is also concerned that jurors will not necessarily understand the term "officer," and so may be confused about who OpenSea's officers are without further guidance.

Additionally, to avoid giving the jury the mistaken impression that they may only consider the founders' testimony, the Government proposes repeating the considerations listed in *Mahaffy*. Those factors are appropriate to reiterate because, if the company treated the information as confidential, that is strong circumstantial evidence that it considered it confidential. Without addressing these factors, the jury may have the misimpression that testimony of the founders alone is relevant to whether the company considered the information confidential.

In addition to addressing the *Mahaffy* factors, the Court should instruct the jury that the defendant's understanding of whether the information was confidential can be circumstantial evidence of the fact that the information was confidential and treated by the company as such. Just as the Court instructed the jury, in giving an example of circumstantial evidence, that a wet umbrella can be evidence of rain, so too can a defendant's understanding that information was confidential be evidence that the company considered the information confidential.

Such an instruction would not contradict the Court's prior motion in limine ruling, as defense counsel suggested. The Government previously moved to exclude questioning of OpenSea employees "about their opinions on whether OpenSea had adequate confidentiality protections and/or whether the rules in place were clear." (Dkt. No. 70 at 12.) Those questions would have inappropriately called for lay legal opinion on the quality of OpenSea's protections. The Government, however, left open the possibility of employees testifying about factual issues "regarding the steps taken by OpenSea to safeguard its confidential information" as well as "whether or not OpenSea had policies or specific rules targeting trading in featured NFTs[.]" (*Id.* at 14.) The Court then precluded the defense from "questioning other OpenSea employees [besides the co-founders] … about their opinions on whether OpenSea's confidentiality rules were adequate or clear." (Dkt. No. 90 at 3.) The Court elaborated that the defense was "free to question OpenSea employees … about the existence (or non-existence) of relevant policies and training," and to make arguments about "*his* interpretations and understandings of these matters," but could not question other employees about how they "interpreted or understood the rules." (*Id.* at 4.)

Consistent with that ruling, the parties asked witnesses about how they viewed and treated the information about featured NFTs, and also asked questions about what the defendant said and how he acted. The evidence of how the defendant acted with the information, how he spoke about the information, and what he ultimately did with the information can fairly be considered as factual support for the position that the company treated the information as confidential, which is circumstantial evidence of how the company viewed the information. While the Court can, of course, give appropriate limiting instructions about how to consider the defendant's views and conduct, it would be incorrect to omit from an instruction to the jury that they may consider the defendant's views and conduct as circumstantial evidence, and thereby suggest that the defendant's understanding is not relevant.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

by: __/s_____
Thomas Burnett
Allison Nichols
Nicolas Roos
Assistant United States Attorneys

cc: All counsel (*by ECF*)