UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
:
UNITED STATES OF AMERICA,                                         :
:
:
:
            -v-                                                   :     22-CR-305 (JMF)
:
NATHANIEL CHASTAIN,                                               :     ORDER
:
                        Defendant.                                :
:
------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

Attached to this Order are the following (with jurors' signatures redacted):

- Court Exhibits 1-5: notes received from the jury;

- Court Exhibit 6: a note from the Court relating to Court Exhibit 1;

- Court Exhibit 7: the Court's response to Court Exhibit 4;

- Court Exhibits 8-10: three draft proposals of Court Exhibit 7 simultaneously given to the parties;

- Court Exhibit 11: the Court's response to Court Exhibit 5.

SO ORDERED.

Dated: May 3, 2023
       New York, New York

_____
JESSE M. FURMAN
United States District Judge

Court Exhibit 1

**JURY NOTE**

Please have transcript of Devon Finzer's testimony.

We also need testimony transcript for Alex Attallah.

Date: 5/2/23
Time: 9:12 AM

Foreperson's signature

Court Exhibit 2

**JURY NOTE**

We are unable at this time to reach a unanimous verdict. Do you have any guidance for us in terms of next steps?

Date: 5/2/23
Time: 2:19

Foreperson's signature

Court Exhibit 3

JURY NOTE

Re: Count One, Element One.
If the defendant viewed the information as confidential, but Devin Finzer, the other signatory to the Confidentiality Agreement did not, is that enough to consider it confidential?

Date: 5/2/23
Time: 4:55

Foreperson's signature

JURY NOTE

Court Exhibit 4

May we have the testimony of Ryan Foutty please?

Date: 5/3/2023
Time: 10:04

Foreperson's signature

Court Exhibit 5

**JURY NOTE**

In the court of law, Can you provide a definition of trade secret.

Thank you!

Date: 5/3/23
Time: 10:40AM

Foreperson's signature

# UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
THE THURGOOD MARSHALL UNITED STATES COURTHOUSE
40 CENTRE STREET, ROOM 2202
NEW YORK, N.Y.  10007

Court Exhibit 6

**JESSE M. FURMAN**
United States District Judge

(212) 805-0282
Jesse_furman@nysd.uscourts.gov

May 2, 2023

To the Members of the Jury:

Earlier, we provided you with portions of the transcript in response to your Note of 9:12 a.m.  Page 487 of the transcript was mistakenly redacted in one place.  Enclosed is a copy of that page without the redaction.

Thank you for your patience.

Thank you,

Judge Furman

**RESPONSE TO NOTE DATED MAY 2, 2023, AT 4:55 P.M.**

Your question concerns the first element of Count One.

As I previously instructed you, the first element of Count One requires the Government to prove beyond a reasonable doubt that there was a scheme or artifice to defraud OpenSea of its property — specifically, its "confidential business information." Information is "confidential business information" if it was acquired or created by a business for a business purpose, and the business both considered and treated that information in a way that maintained the company's exclusive right to that information. That is, the company must both consider the information to be confidential and take affirmative steps to treat the information as confidential and maintain exclusivity; if the company "considers" information to be confidential but does not take affirmative steps to treat it as such and maintain exclusivity, it does not qualify as property.

As I previously explained, some of the factors you may consider in determining whether OpenSea treated the information at issue as confidential include, but are not limited to: written company policies and agreements, employee training, measures the employer has taken to guard the information's secrecy, the extent to which the information is known outside the employer's place of business, the ways in which other employees may access and use the information, and whether the information had economic value to the employer.

As these instructions suggest, the focus of the inquiry with respect to whether the information at issue was "confidential business information" is on the *company*, namely OpenSea. Of course, a company can act only through its officers, employees, and corporate materials, such as policies and agreements. Thus, in evaluating how OpenSea considered and treated the information at issue, you may consider the conduct and testimony of Mr. Finzer, as an officer of the company, as well as any other evidence that relates to the issue, including how employees at OpenSea treated the information within the scope of their employment and any other evidence relevant to the factors referenced above. What weight, if any, you give any such evidence is, of course, for you to decide.

Eqwtv'Gzjklkv'

## VERSION 1

Your question concerns the first element of Count One.

As I previously instructed you, the first element of Count One requires the Government to prove beyond a reasonable doubt that there was a scheme or artifice to defraud OpenSea of its property — specifically, its "confidential business information." Information is "confidential business information" if it was acquired or created by a business for a business purpose, and the business both considered and treated that information in a way that maintained the company's exclusive right to that information. That is, the company must both consider the information to be confidential and take affirmative steps to treat the information as confidential and maintain exclusivity; if the company "considers" information to be confidential but does not take affirmative steps to treat it as such and maintain exclusivity, it does not qualify as property.

As I previously explained, some of the factors you may consider in determining whether OpenSea treated the information at issue as confidential include, but are not limited to: written company policies and agreements, employee training, measures the employer has taken to guard the information's secrecy, the extent to which the information is known outside the employer's place of business, the ways in which other employees may access and use the information, and whether the information had economic value to the employer.

As these instructions suggest, the focus of the inquiry with respect to whether the information at issue was "confidential business information" is on the *company*, namely OpenSea. The defendant's opinions are not relevant to the inquiry for purposes of the first element — that is, to whether the information at issue was "confidential business information." In evaluating how OpenSea considered and treated the information at issue, however, you may consider the conduct and testimony of Mr. Finzer, as an officer of the company, as well as any other evidence that relates to the issue, including evidence relevant to the factors referenced above. What weight, if any, you give any evidence on this issue, as on any issue, is, of course, for you to decide.

**VERSION 2**

Your question concerns the first element of Count One.

As I previously instructed you, the first element of Count One requires the Government to prove beyond a reasonable doubt that there was a scheme or artifice to defraud OpenSea of its property — specifically, its "confidential business information." Information is "confidential business information" if it was acquired or created by a business for a business purpose, and the business both considered and treated that information in a way that maintained the company's exclusive right to that information. That is, the company must both consider the information to be confidential and take affirmative steps to treat the information as confidential and maintain exclusivity; if the company "considers" information to be confidential but does not take affirmative steps to treat it as such and maintain exclusivity, it does not qualify as property.

As I previously explained, some of the factors you may consider in determining whether OpenSea treated the information at issue as confidential include, but are not limited to: written company policies and agreements, employee training, measures the employer has taken to guard the information's secrecy, the extent to which the information is known outside the employer's place of business, the ways in which other employees may access and use the information, and whether the information had economic value to the employer.

As these instructions suggest, the focus of the inquiry with respect to whether the information at issue was "confidential business information" is on the *company*, namely OpenSea, not on any single officer or employee. Of course, a company can act only through its officers, employees, and corporate materials, such as policies and agreements. Thus, in evaluating how OpenSea considered and treated the information at issue, you may consider the conduct and testimony of Mr. Finzer, as an officer of the company, as well as any other evidence that relates to the issue, including evidence relevant to the factors referenced above. What weight, if any, you give any such evidence is, of course, for you to decide.

**VERSION 3**

Your question concerns the first element of Count One.

As I previously instructed you, the first element of Count One requires the Government to prove beyond a reasonable doubt that there was a scheme or artifice to defraud OpenSea of its property — specifically, its "confidential business information." Information is "confidential business information" if it was acquired or created by a business for a business purpose, and the business both considered and treated that information in a way that maintained the company's exclusive right to that information. That is, the company must both consider the information to be confidential and take affirmative steps to treat the information as confidential and maintain exclusivity; if the company "considers" information to be confidential but does not take affirmative steps to treat it as such and maintain exclusivity, it does not qualify as property.

As I previously explained, some of the factors you may consider in determining whether OpenSea treated the information at issue as confidential include, but are not limited to: written company policies and agreements, employee training, measures the employer has taken to guard the information's secrecy, the extent to which the information is known outside the employer's place of business, the ways in which other employees may access and use the information, and whether the information had economic value to the employer.

As these instructions suggest, the focus of the inquiry with respect to whether the information at issue was "confidential business information" is on the *company*, namely OpenSea, not on any single officer or employee. Of course, a company can act only through its officers, employees, and corporate materials, such as policies and agreements. Thus, in evaluating how OpenSea considered and treated the information at issue, you may consider the conduct and testimony of Mr. Finzer, as an officer of the company, as well as any other evidence that relates to the issue, including how the defendant and other employees at OpenSea treated the information and any other evidence relevant to the factors referenced above. What weight, if any, you give any such evidence is, of course, for you to decide.

**UNITED STATES DISTRICT COURT**
SOUTHERN DISTRICT OF NEW YORK
THE THURGOOD MARSHALL UNITED STATES COURTHOUSE
40 CENTRE STREET, ROOM 2202
NEW YORK, N.Y.  10007

Court Exhibit 11

**JESSE M. FURMAN**
United States District Judge

(212) 805-0282
Jesse_furman@nysd.uscourts.gov

May 3, 2023

To the Members of the Jury:

In your note from today at 10:40 a.m., you have asked about the definition of "trade secret."  In connection with your deliberations, you must decide whether the information at issue is "confidential business information" as I have defined that phrase for you.  The meaning of "trade secret" and the meaning of "confidential business information" are different.  Information may qualify as "confidential business information" even if it does not constitute a "trade secret."  In evaluating Count One, you should apply the definition of "confidential business information" as I have given it to you.

Thank you for your patience.

Thank you,

*[signature]*

Judge Furman