

David I. Miller
Tel 212.801.9205
Fax 212.801.6400
david.miller@gtlaw.com

August 21, 2023

**VIA ECF**

The Honorable Jesse M. Furman
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

  Re: **United States v. Nathaniel Chastain, 22-cr-305 (JMF)**

Dear Judge Furman:

  As the Court is aware, we represent the defendant, Nathaniel Chastain, in the above-referenced matter. We write in advance of tomorrow's sentencing to address briefly the government's loss/gain calculation in its August 15, 2023 sentencing memorandum.

  As the defense argued in its August 8, 2023 sentencing memorandum, the defense submits—consistent with Probation's finding that OpenSea sustained no monetary loss—that there is no loss in this matter. Accordingly, it is inappropriate to use gain as a proxy in computing an enhancement under U.S.S.G. § 2B1.1(b)(1). *See* U.S.S.G. §2B1.1, comment. (n.3(B)). Nevertheless, as discussed in our sentencing submission (at 9-12), even if the Court were to use gain—which it respectfully should not—then the government's $57,115 figure is incorrect because: (i) that figure includes, as Special Agent Whitehead admitted on cross examination at trial, transactions in which Mr. Chastain purchased and sold certain NFTs ***after*** OpenSea featured the relevant NFT on its homepage; and (ii) that figure uses the value of ETH converted into U.S. Dollars on the date of each transaction when the ETH has never been converted—and thus there has been no "realized gain"—and even if a conversion should occur for gain calculation or forfeiture purposes, it could more appropriately be converted into U.S. Dollars as of today.

  While it is the government's burden to establish the gain and forfeiture amounts at issue—a burden they have not met—the government instead continues to assert that $57,115 is the appropriate figure notwithstanding that it includes purchases made after the NFTs had been featured because the "trades were sufficiently close in time to the feature going live that they still incorporated the defendant's unfair advantage over other market participants." Gov. Sentencing Mem. at 24. This argument should be rejected for several reasons.

  First, the government relied on the fact that Mr. Chastain profited from advance trades because once the NFTs were featured on OpenSea's website, the price increased almost

Greenberg Traurig, LLP | Attorneys at Law
One Vanderbilt Avenue | New York, New York 10017 | T +1 212.801.9200 | F +1 212.801.6400

www.gtlaw.com

immediately. *See* Tr. 392:18-393:1 (profitable sale within five minutes of featuring). If that is the case, then most certainly, by the government's own evidence, the price increase has already been incorporated into the market when Mr. Chastain purchased the featured NFTs several minutes after they had been publicly featured. Second, the government cites to no applicable case law here—this is not a securities market (*see* Gov. Sentencing Mem. at 24)—they are merely asserting their arbitrary time distinction without authority. Third, and perhaps most importantly, the government's own key witness, Alex Atallah, testified that once information is featured on OpenSea's website, it is public and is "no longer considered confidential, because everybody knows about it anyway." *See* Tr. 199:4-14. Thus, the after-featured NFT purchases are not part of any wire fraud offense and should be excluded.

Should the Court appropriately exclude the aforementioned trades, as demonstrated in the attached chart (Exhibit A), the following figures result using the government's evidence that led to its $57,115 figure:

- Approximately $23,500 if ETH is converted as of today's value; and
- Approximately $51,000 if ETH is converted on the date of each transaction.

Even if the above trades were not excluded—and they should be—then in converting the ETH to U.S. Dollars at today's value, the alleged profit would be approximately $27,000. *See* Ex. A hereto.

Accordingly, in sentencing Mr. Chastain, the Court should consider the above factors and figures in computing the sentencing guidelines and the appropriate forfeiture amount.

Thank you for the Court's consideration.

Respectfully submitted,

GREENBERG TRAURIG, LLP

By: /s/ David I. Miller
David I. Miller
Daniel P. Filor
Nicholas T. Barnes
Charles J. Berk
One Vanderbilt Avenue
New York, NY 10017
Telephone: (212) 801-9200
Facsimile: (212) 801-6400

*Attorneys for Nathaniel Chastain*

cc:  AUSA Nicolas Roos
     AUSA Thomas Burnett
     AUSA Allison Nichols