UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

                                                    :

UNITED STATES OF AMERICA

                                                    :        PRELIMINARY ORDER OF

               - v. -                       FORFEITURE AS TO

                                                    :        SPECIFIC PROPERTY

NATHANIEL CHASTAIN,

                                                    :        22 Cr. 305 (JMF)

               Defendant.

                                                      :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

WHEREAS, on or about May, 31 2022   NATHANIEL CHASTAIN (the "Defendant"), was charged in an Indictment, 22 Cr. 305 (JMF) (the "Indictment"), with wire fraud in violation of Title 18, United States Code Section 1343 (Count One); and money laundering in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i) (Count Two);

WHEREAS, the Indictment included a forfeiture allegation as to Count One of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), of any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count One of the Indictment;

WHEREAS, on or about May 3, 2023, following a jury trial, the Defendant was found guilty of Counts One and Two;

WHEREAS, the Government asserts that 15.98 in Ethereum (the "Specific Property") represents property constituting, or derived from proceeds traceable to the commission of the offense charged in Count One of the Indictment that the Defendant personally obtained;

WHEREAS, the Government further seeks the forfeiture of the Defendant of all his right, title and interest in the Specific Property, which constitutes proceeds traceable to the offense charged in Count One of the Indictment, that the Defendant personally obtained;

WHEREAS, the Court finds that the Specific Property constitutes proceeds traceable to the offense charged in Count One of the Indictment that the Defendant personally obtained; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1.      As a result of the offense charged in Count One of the Indictment, to which the Defendant was found guilty, all of the Defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

2.      Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture as to Specific Property is final as to the Defendant, NATHANIEL CHASTAIN and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3.      Upon entry of this Preliminary Order of Forfeiture as to Specific Property, the United States (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

4.      Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov.  This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days.  Any person, other than the defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

5.      The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

6.      Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

7.      Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed.

8.      Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

9.      The Court shall retain jurisdiction to enforce this Preliminary Order of Forfeiture as to Specific Property, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

10.     The Clerk of the Court shall forward three certified copies of this Preliminary Order of Forfeiture as to Specific Property to Assistant United States Attorney Tara LaMorte, Co-Chief of the Money Laundering and Transnational Criminal Enterprises Unit, United States Attorney's Office, One St. Andrew's Plaza, New York, New York 10007.

SO ORDERED:

_____          8/25/23
HONORABLE JESSE M FURMAN                    _____
UNITED STATES DISTRICT JUDGE                DATE